JEFFREY R. ELLIOTT, ESQUIRE
Pa. Supreme Court I.D. #38147
Kozloff Stoudt
2640 Westview Drive, P.O. Box 6286
Wyomissing, PA 19610
(610) 670-2552                    ATTORNEYS FOR PLAINTIFF

---

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, | : Docket No. 02-CV-4034 <br> : <br> : <br> : <br> : JURY TRIAL DEMANDED |
| Plaintiffs | : |
| vs. | : <br> : |
| LANCASTER SCHOOL DISTRICT; CITY OF LANCASTER; LANCASTER RECREATION COMMISSION; VICKI PHILLIPS, Individually and in her capacity as Superintendent of the Lancaster School District; GLORIA CAMPBELL, Individually and in her capacity as building principal of Hamilton Elementary School; ISMAEL ALVAREZ; and DONALD YEAGER, Individually and in his capacity as Director of the Lancaster County Recreation Commission's School Age Care Program, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants | : Assigned to: <br> : Newcomer, J. |

---

ORDER

---

AND NOW, this _____ day of _____, 2002, upon consideration

of the Motion to Dismiss of Defendants, City of Lancaster, Lancaster Recreation

Commission, and Donald Yeager, and Plaintiffs' Reply and Sur-Reply Memorandum in opposition thereto, it is hereby ORDERED that said Motion is DENIED.

BY THE COURT:

_____
Newcomer, J.

JEFFREY R. ELLIOTT, ESQUIRE
Pa. Supreme Court I.D. #38147
Kozloff Stoudt
2640 Westview Drive
P.O. Box 6286
Wyomissing, PA 19610
(610) 670-2552                              ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH | : Docket No. 02-CV-4034 |
| NEIMER, a minor, by and through | : |
| JAMES J. NEIMER and REBECCA | : |
| NEIMER, her parents and natural guardians, | : |
| | : JURY TRIAL DEMANDED |
| Plaintiffs | : |
| vs. | : |
| | : |
| LANCASTER SCHOOL DISTRICT; | : |
| CITY OF LANCASTER; LANCASTER | : |
| RECREATION COMMISSION; | : |
| VICKI PHILLIPS, Individually | : |
| and in her capacity as Superintendent | : |
| of the Lancaster School District; GLORIA | : |
| CAMPBELL, Individually and in her | : |
| capacity as building principal | : |
| of Hamilton Elementary School; ISMAEL | : |
| ALVAREZ; and DONALD YEAGER, | : |
| Individually and in his capacity as Director | : |
| of the Lancaster County Recreation | : |
| Commission's School Age Care Program, | : |
| | : Assigned to: |
| Defendants | : Newcomer, J. |

SUR-REPLY MEMORANDUM OF PLAINTIFFS IN OPPOSITION TO MOTION
TO DISMISS OF DEFENDANTS, CITY OF LANCASTER, LANCASTER
RECREATION COMMISSION, AND DONALD YEAGER

Plaintiffs, Katherine Elizabeth Neimer, a minor, by and through James J. Neimer and Rebecca Neimer, her parents and natural guardians, incorporate by reference the Statement of Facts and Arguments of Law contained in its Brief in Opposition to the Motion to Dismiss of Defendants, City of Lancaster, Lancaster Recreation Commission, and Donald Yeager.  On November 4, 2002, Defendants, without leave of this Honorable Court, submitted a Reply Brief to the Plaintiff's Brief in Opposition to the Motion to Dismiss.  This Sur-Reply Memorandum is submitted in further opposition to the Defendants' Motion to Dismiss.

### A.    Plaintiffs averments are legally sufficient to state a claim under Section 1983

Defendants first allege that Plaintiffs have not set forth a legally sufficient cause of action against the City of Lancaster, the Lancaster Recreation Commission, and Donald Yeager.  Defendants have alleged that Plaintiffs did not allege the necessary elements of a "policy, practice or custom," causation, or deliberate indifference to the rights of minor Plaintiff.   It is respectfully submitted that under federal notice pleading requirements, there have been sufficient averments with respect to the practices of the moving Defendants, from which a reasonable jury could infer caused minor Plaintiff's rights to be violated.

Plaintiffs have alleged in the Complaint that moving Defendants caused the violation of minor Plaintiff's rights, in violation of Section 1983, by failure to either have in place or enforce rules and regulations which would have

4

prevented minor Plaintiff's release to unauthorized individuals. Defendants claim that the violation of a rule (e.g., regulations of the School Age Care Program regarding release of students) cannot form the basis of a 1983 action. This is incorrect. In *Procunier v. Navarette*, 434 U.S. 555 (1978), prison officials' negligent misreading of rules relating to prisoner mail, causing improper interference with such mail, were found to have violated prisoners' civil rights under Section 1983. In this case, Michelle Bair, who was in charge of the School Age Care classroom in which minor Plaintiff was enrolled, twice allowed minor Plaintiff to be taken by Alvarez, alone, to Alvarez's classroom, at which times the assaults occurred, in violation of Plaintiff's constitutional rights. It is undisputed that there is a constitutional right of a student in school to be free from sexual assaults and sexual abuse. *See, Stoneking v. Bradford Area School District*, 882 F.2d 720 (3d Cir. 1989). Bair's act of releasing minor Plaintiff to an adult male teacher, without parental knowledge or consent, to go to a classroom in another part of the building was an act evidencing deliberate indifference to potential consequences, including that of sexual assault.

> B.    **Plaintiffs' negligence claims against Yeager in his individual capacity are proper, and not barred by the Political Subdivision Tort Claims Act**

The Political Subdivision Tort Claims Act permits imposition of liability on a municipality only for its negligent acts or those of an employee, but not for an employee's wilful misconduct. See 42 Pa. Con. Stat. Ann. § 8542(a)(2); *Schieber v. City of Philadelphia*, 1999 U.S. Dist. LEXIS 10368 at *24 (E.D.Pa. 1999).

Accordingly, all negligence claims against Yeager in his individual capacity should be permitted to stand undisturbed.

### C.     Plaintiffs' claims for punitive damages should not be dismissed

Defendants have alleged that the claims for punitive damages are not permissible, and should be dismissed.   Punitive damages are not available against a municipality or against individuals in their official capacities.  *Marchese v. Umstead*, 110 F.Supp.2d 361 at 373 (E.D.Pa. 2000), citing *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).   Punitive damages are, however, available against a municipality and its officials in their individual capacities for state law tort claims, and against municipal officials in their individual capacities under Section 1983.  *Mason v. Abington Township Police Department*, 2002 U.S. Dist. LEXIS 17315 (E.D.Pa. September 13, 2002).   Accordingly, the punitive damage claims not against the City of Lancaster under Section 1983, or against Yeager in his official capacity should be permitted to stand.

CONCLUSION

For the foregoing reasons, it is respectfully requested that the Defendants' Motion to Dismiss be denied by this Honorable Court.

<div style="margin-left: 40%;">

KOZLOFF STOUDT
Professional Corporation

_____
Jeffrey R. Elliott, Esquire
2640 Westview Drive
P.O. Box 6286
Wyomissing, PA 19610
(610) 670-2552

</div>

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH | : Docket No. 02-CV-4034 |
| NEIMER, a minor, by and through | : |
| JAMES J. NEIMER and REBECCA | : |
| NEIMER, her parents and natural guardians, | : |
| Plaintiffs | : |
| vs. | : |
| LANCASTER SCHOOL DISTRICT; | : |
| CITY OF LANCASTER; LANCASTER | : |
| RECREATION COMMISSION; | : |
| VICKI PHILLIPS, Individually | : JURY TRIAL DEMANDED |
| and in her capacity as Superintendent | : |
| of the Lancaster School District; GLORIA | : |
| CAMPBELL, Individually and in her | : |
| capacity as building principal | : |
| of Hamilton Elementary School; ISMAEL | : |
| ALVAREZ; and DONALD YEAGER, | : |
| Individually and in his capacity as Director | : |
| of the Lancaster County Recreation | : |
| Commission's School Age Care Program, | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I, Joan E. London, Esquire certify that I served a true and correct copy of the within Sur-Reply Brief in Opposition to Motion to Dismiss via First Class U.S. Mail, postage prepaid, on the 8th day of November, 2002, upon the foregoing:

Paul F. Lantieri, Esquire          Edward H. Rubenstone, Esquire
313 West Liberty Street, Ste. 371   Four Greenwood Square, Suite 200
Lancaster, PA 17603                Bensalem, PA 19020

Maura E. Fay, Esquire
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103

KOZLOFF STOUDT
Professional Corporation

_____
Joan E. London, Esquire

7