JEFFREY R. ELLIOTT, ESQUIRE
Pa. Supreme Court I.D. #38147
Kozloff Stoudt
2640 Westview Drive, P.O. Box 6286
Wyomissing, PA 19610
(610) 670-2552                    ATTORNEYS FOR PLAINTIFF

---

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, | : Docket No. 02-CV-4034<br>:<br>:<br>: |
| | : JURY TRIAL DEMANDED |
| Plaintiffs | : |
| vs. | :<br>: |
| LANCASTER SCHOOL DISTRICT; CITY OF LANCASTER; LANCASTER RECREATION COMMISSION; VICKI PHILLIPS, Individually and in her capacity as Superintendent of the Lancaster School District; GLORIA CAMPBELL, Individually and in her capacity as building principal of Hamilton Elementary School; ISMAEL ALVAREZ; and DONALD YEAGER, Individually and in his capacity as Director of the Lancaster County Recreation Commission's School Age Care Program, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| | : Assigned to: |
| Defendants | : Newcomer, J. |

---

ORDER

---

AND NOW, this _____ day of _____, 2002, upon consideration

of the Motion to Dismiss of Defendants, Lancaster School District, Vicki Phillips,

and, Gloria Campbell, and Plaintiffs' Reply and Sur-Reply Memorandum in opposition thereto, it is hereby ORDERED that said Motion is DENIED.

BY THE COURT:

_____

Newcomer, J.

JEFFREY R. ELLIOTT, ESQUIRE
Pa. Supreme Court I.D. #38147
Kozloff Stoudt
2640 Westview Drive
P.O. Box 6286
Wyomissing, PA 19610
(610) 670-2552                                  ATTORNEYS FOR PLAINTIFF

---

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br><br>            Plaintiffs<br>      vs.<br><br>LANCASTER SCHOOL DISTRICT; CITY OF LANCASTER; LANCASTER RECREATION COMMISSION; VICKI PHILLIPS, Individually and in her capacity as Superintendent of the Lancaster School District; GLORIA CAMPBELL, Individually and in her capacity as building principal of Hamilton Elementary School; ISMAEL ALVAREZ; and DONALD YEAGER, Individually and in his capacity as Director of the Lancaster County Recreation Commission's School Age Care Program,<br><br>           Defendants | : Docket No. 02-CV-4034<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Assigned to:<br>: Newcomer, J. |

---

SUR-REPLY MEMORANDUM OF PLAINTIFFS IN OPPOSITION TO MOTION
OF DEFENDANTS, LANCASTER SCHOOL DISTRICT, VICKI PHILLIPS, AND
GLORIA CAMPBELL TO DISMISS COUNTS I THROUGH X
OF PLAINTIFFS' COMPLAINT

---

Plaintiffs, Katherine Elizabeth Neimer, a minor, by and through James J. Neimer and Rebecca Neimer, her parents and natural guardians, incorporate by reference the Statement of Facts and Arguments of Law contained in its Brief in Opposition to the Motion to Dismiss of Defendants, Vicki Phillips, Gloria Campbell, and the Lancaster School District.  On October 30, 2002, Defendants, without leave of this Honorable Court, submitted a Reply Brief to the Plaintiff's Brief in Opposition to the Motion to Dismiss.  This Sur-Reply Memorandum is submitted in further opposition to the Defendant's Motion to Dismiss.

A.    **Plaintiffs have pled sufficient facts to proceed under Title IX.**

Defendants first allege that Plaintiffs have failed to plead facts sufficient to proceed on their Title IX claim, and have not pled "actual knowledge" by Defendants, Phillips and Campbell of the discrimination, and cite *Gebser v. Lago Vita Independent School District,* 524 U.S. 274 (1998), in support of that proposition. *Gebser,* however, is factually distinguishable from the matter at hand.  In *Gebser,* the only official alleged to have had information about the teacher's misconduct (a sexual relationship with a student) was the school principal.  The sole notice, however, was a complaint from parents of other students of some "inappropriate comments" in class.  This was found to be "plainly insufficient to alert the principal to the possibility that [the teacher] was involved in a sexual relationship with a student."  *Id.* at 292.  In the instant case, by contrast, it was alleged in the Complaint that Phillips and Campbell both had knowledge, based upon observations, of Alvarez's allowing students to sit on his lap, and allowing

4

students under his desk. Both of these claims are allegations state and imply, and have inherent in them, inappropriate physical contact with students, of which Phillips and Campbell had actual knowledge. When one looks at the contact alleged in the Complaint, of sexually assaultive fondling of a student who was placed by Alvarez on his (Alvarez's) lap, versus the notice that the aforementioned Defendants had (students allowed to sit on Alvarez's lap (a clearly inappropriate practice for a teacher in an upper level elementary school setting), there is a correlation between the conduct of which the Defendants had notice and the claims of discrimination and sexual harassment/assault not present in *Gebser*, *supra*. Accordingly, it is respectfully submitted that the "actual notice" standard of *Gebser* has been met, and the Title IX claim should be permitted to go forward.

Defendants then cite *Davis v. Monroe County Board of Education,* 526 U.S. 629 (1999), which rejected a Title IX claim based upon what the defendant school district "should have known." *Davis,* however, is inapposite to the instant case. *Davis* was a Title IX case based upon claims of student-on-student sexual harassment. The *Davis* Court, however, specifically distinguished between student-on-student sexual harassment, and teacher-on-student sexual harassment. *Id.* The *Davis* Court acknowledged that students in school frequently express themselves and interact with each other in ways that are, in the rest of society, socially unacceptable, and appears to have a higher standard

—

as to school officials' level of knowledge as to peer abuse, as opposed to faculty

on student abuse.

In the instant case, there were factually sufficient allegations to give rise,

under notice pleading, to claims of actual knowledge on the part of Campbell

and Phillips that Alvarez was engaging in contact with students that was

improper for a teacher. In the Complaint (Paragraphs 32-33, 106), such actual

knowledge of Alvarez's conduct is alleged. As in *Warren v. Reading School*

*District,* 82 F.Supp.2d 395 (E.D.Pa. 2000) (*Warren I*), and in *Warren v. Reading*

*School District,* 278 F.3d 163 (3d Cir. 2002) (*Warren II*), the complaints and reports

were not that the teacher was sexually assaulting his students, but, rather, that

the teacher engaged in activities involving excessive and unnecessary physical

contact with students. The reports of this conduct to the school principal were

found in *Warren II* to be sufficient to satisfy the "actual knowledge" requirement.

In the instant case, as pled in the Complaint, there were similar observations of

Alvarez's similar physical contact with students which had no legitimate

educational purpose. Accordingly, the Title IX claim should be permitted to

stand.

**B.    Plaintiffs' Section 1983 claims are not precluded by Sea Clammers**

Defendants then allege that the Plaintiffs' claims under Section 1983

should be dismissed under the doctrine set forth in *Middlesex County Sewerage*

*Authority v. National Sea Clammers Association,* 453 U.S. 1 (1981), as said claims are

"subsumed by the Title IX claim."  This Honorable Court, however, in *Miller v. Kentosh*, 1998 U.S. Dist. LEXIS 9497 (E.D.Pa., June 29, 1998), dismissed due to Plaintiff's failure to contest a summary judgment motion, 1998 U.S. Dist. LEXIS 16368 (E.D.Pa. October 13, 1998), addressed this issue.  The Court held that a plaintiff is not precluded under the *Sea Clammers* doctrine from bringing a Section 1983 action against officials in their individual capacities in a Title IX case.  In that case, as in the instant matter, the officials at issue were the school principal and the superintendent of schools, who were alleged to have known that a music teacher was engaging in a coerced sexual relationship with a high school student, and allowed it to continue.  *Id.* at *8-10.  For the reasons stated by the Plaintiffs in their Brief In Opposition to the Motion to Dismiss, which are incorporated herein by reference as though set forth at length, Plaintiffs believe that they are entitled to proceed against all Defendants under both statutes.  In the event, however, that this Honorable Court determines that the *Sea Clammers* doctrine is relevant to the instant case, it is respectfully submitted that it should only be applied to dismiss "official capacity" claims under Section 1983, and that the "Individual Capacity" claims (Counts II and V) against Phillips and Campbell should be permitted to proceed by this Honorable Court.

  **C.**  **Plaintiffs have adequately pled that Alvarez was a state actor**

  Defendants, in seeking dismissal of the Plaintiffs' action under Section 1983, state that Plaintiffs have failed to plead that Alvarez was a state actor.  This contention, however, is without merit.  The Complaint states repeatedly that

Alvarez was employed as a teacher by Defendant, Lancaster School District, and taught fourth grade at the District's Hamilton Elementary facility. (See, Paragraphs 20, 22, 23 and 24). Under Pennsylvania law and, under federal civil rights statutes, "public school teachers are state employees" *C.M. v. Southeast Delco School District*, 828 F. Supp. 1179 at 1189 (E.D. Pa. 1993). Furthermore, under Pennsylvania law, "school districts are defined to be political subdivisions of the of the Commonwealth." *Id.* at 1189, n.6, citing 73 P.S. §1886. Accordingly, looking at the Complaint, the law, and reasonable inferences which this Honorable Court, in its sound discretion may draw, there should be no question that it was properly pled that Alvarez was a state actor, acting under color of state law, during time periods relevant to this complaint. Accordingly, any alleged technical failure to specifically assert that Alvarez was a "state actor,"is not fatal to the Section 1983 action.

A complaint is required to allege that "defendants acted under color of state law and deprived [the plaintiff] of a right established by the Constitution or laws of the United States." *Pokalsky v. Southeastern Pennsylvania Transportation Authority*, 2002 U.S.Dist. LEXIS 16175 (E.D.Pa., August 29, 2002), citing *Morse v. Lower Merion School District*, 132 F.3d 902 at 907 (3d Cir. 1997). Acts, whether furthering the goals of the state, or constituting an abuse of official power, "are deemed to have occurred under color of state law." *Id.* at *7-8. It is, in the view of the *Pokalsky* Court, "well settled that when an employee abuses his position, he is nonetheless deemed a state actor." *Id.* at *8. In *Pokalsky,* a paratransit bus

driver, under contract to a local transportation authority, was found by this

Honorable Court to have been a state actor when he sexually assaulted a

disabled female passenger on his bus.   The Court found that the rape was

attached to "the execution of [defendant's] official duties," *Id.* at 11, and that the

driver was, under the circumstances, a state actor for purposes of liability under

Section 1983.    In the matter at bar, Plaintiffs have alleged that Alvarez used his

authority as minor Plaintiff's teacher to gain access to her, and, ultimately, to

sexually assault her in his classroom.     Under *Pokalsky*, it is respectfully

submitted that there are sufficient averments in the Complaint to allow this

Honorable Court to find that Alvarez held "state actor" status, and that the same

has been properly pled.

> **D.**    **Plaintiffs have pled a sufficient causal nexus between the policies and/or customs of the Lancaster School District and Phillips and Campbell, and the assault on minor Plaintiff**

Defendants then go on to state that Plaintiffs have not pled a sufficient

causal nexus between the acts of Defendants, and the assault on minor Plaintiff.

Defendants imply that Plaintiffs have simply raised a "negligent hiring" claim.

Although this one of the claims, the gist of Plaintiffs' Complaint is that there

were repeated indications, of which Phillips and Campbell were well aware, of

Alvarez engaging in physical contact with students which had no legitimate

purpose.  The Plaintiffs then allege that the School District, and/or Phillips and

Campbell, had a policy or custom of ignoring such observations, and that this led

to the assault at issue.  The *Pokalsky* Court was faced with a similar claim in a

Motion to Dismiss the plaintiff's Section 1983 action, and found the allegations of

deficient policies or customs relating to failures to investigate to be legally

sufficient under Federal notice pleading requirements.    The Court, in its

Opinion, stated:

> …[A Section 1983 suit] can only be brought if the plaintiff
> establishes a violation of rights caused by either a custom or policy
> of the municipality. [citation omitted].  A policy is made 'when a
> decisionmaker possessing final authority to establish municipal
> policy with respect to the action issues an official proclamation,
> policy, or edict.'  [citation omitted].  A custom consists of 'practices
> of state officials… so permanently and well settled as to virtually
> constitute law.' [citation omitted].  Upon establishing a policy or
> custom, liability can be found by establishing that a policy or
> custom either facially violates a federal law or the municipality
> acted with 'deliberate indifference as to its known or obvious
> consequences;' a showing of negligence is insufficient.  *Berg [v.
> County of Allegheny*, 219 F.3d 261 at 276 (3d Cir. 2000)].  A plaintiff
> must also demonstrate that the policy or custom was the proximate
> cause of the injuries sustained; accordingly, a plaintiff must show a
> 'plausible nexus' or an 'affirmative link' between the policy or
> custom and the deprivation of rights. *Kneipp v. Tedder*, 95 F.3d 1199
> at 1213 (3d Cir. 1996).
>
> Count III in the amended complaint alleges that SEPTA and
> King Paratransit violated Section 1983 because of a constitutionally
> deficient custom, policy, or practice.  The amended complaint
> alleges two such customs, policies, or practices.  First, plaintiffs
> allege that defendants have a custom or policy of failing to take any
> action upon receiving a claims [sic] of sexual misconduct regarding
> a paratransit driver.  While the only detailed account concerns the
> amended complaint lodged against [the driver]… plaintiff does,
> contrary to defendants' contentions, allege that a custom or policy
> exists… .  ***Notice pleading does not require Pokalsky to list each
> incident, she must only allege that a policy or custom exists.
> Discovery will reveal whether or not a policy or custom in fact
> exists… At this stage in the litigation, Pokalsky is not required to
> prove her case; she need only allege a short and plain statement of
> the claim.*** A reasonable jury could conclude that defendants'
> alleges policy or custom  of disregarding complaints of sexual

misconduct amounted to deliberate indifference of the known or obvious consequence of allowing a driver who has been accused of sexual misconduct to continue to drive without investigating the allegation.  See, *Stoneking v. Bradford Area School District,* 882 F.2d 720, 724-25 (3d Cir. 1989).  The jury could likewise find a plausible nexus between that failure and the deprivation of rights of Pokalsky. See *Id.* **In considering this motion to dismiss, the proper inquiry is not whether Pokalsky will ultimately prevail, but rather whether she is permitted to offer (and gather) evidence to support her claim.** I therefore conclude that Pokalsky has sufficiently plead an unconstitutional policy or custom and will deny the motion of defendants on this issue.

*Id.* at *13-15 (emphasis added).

Plaintiffs, in this case, have, similarly pled sufficient facts to support the causal nexus required under notice pleading rules.  Plaintiffs have pled the existence of policies and/or customs of not investigating claims and observations that faculty members, including Alvarez, engaged in inappropriate physical contact with students.  Under *Pokalsky, supra,* the Court should find that a reasonable jury could find that there was a causal nexus between this failure to investigate, and the assault which occurred.

### E.        Punitive damages are available against Defendants in this action

Defendants claim that punitive damages are not available against the Lancaster School District, and against Phillips and Campbell in their official capacities.[1]  This blanket contention, however, is not correct in its entirety.  Punitive damages are not available against a municipality or against individuals

---

[1] Plaintiff, contemporaneously with this Brief, will file a Motion seeking leave of Court to add negligence claims against Phillips and Campbell in their individual capacities.

in their official capacities.  *Marchese v. Umstead*, 110 F.Supp.2d 361 at 373 (E.D.Pa. 2000), citing *Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981).  Punitive damages are, however, available against a municipality and its officials in their individual capacities for state law tort claims, and against municipal officials in their individual capacities under Section 1983.  *Mason v. Abington Township Police Department,* 2002 U.S. Dist. LEXIS 17315 (E.D.Pa. September 13, 2002).

CONCLUSION

   For the foregoing reasons, it is respectfully requested that the Defendants' Motion to Dismiss be denied by this Honorable Court.

           KOZLOFF STOUDT
           Professional Corporation


           _____
           Jeffrey R. Elliott, Esquire
           2640 Westview Drive
           P.O. Box 6286
           Wyomissing, PA 19610
           (610) 670-2552

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE ELIZABETH                     : Docket No. 02-CV-4034
NEIMER, a minor, by and through         :
JAMES J. NEIMER and REBECCA             :
NEIMER, her parents and natural guardians, :
       Plaintiffs                       :
       vs.                              :
LANCASTER SCHOOL DISTRICT;              :
CITY OF LANCASTER; LANCASTER            :
RECREATION COMMISSION;                  :
VICKI PHILLIPS, Individually            : JURY TRIAL DEMANDED
and in her capacity as Superintendent   :
of the Lancaster School District; GLORIA :
CAMPBELL, Individually and in her       :
capacity as building principal          :
of Hamilton Elementary School; ISMAEL   :
ALVAREZ; and DONALD YEAGER,             :
Individually and in his capacity as Director :
of the Lancaster County Recreation      :
Commission's School Age Care Program,   :
       Defendants                       :

---

CERTIFICATE OF SERVICE

---

I, Joan E. London, Esquire certify that I served a true and correct copy of the within Sur-Reply Brief in Opposition to Motion to Dismiss via First Class U.S. Mail, postage prepaid, on the 8th day of November, 2002, upon the foregoing:

Paul F. Lantieri, Esquire                Edward H. Rubenstone, Esquire
313 West Liberty Street, Ste. 371        Four Greenwood Square, Suite 200
Lancaster, PA 17603                      Bensalem, PA 19020

Maura E. Fay, Esquire
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103

                    KOZLOFF STOUDT
                    Professional Corporation

                    _____

                    Joan E. London, Esquire