IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>LANCASTER SCHOOL DISTRICT, et al.,<br><br>　　　　　　Defendants. | Docket Number 02CV4034<br><br><br>JURY TRIAL DEMANDED |

## ORDER

AND NOW, this ____ day of _____, 20__, upon consideration of plaintiffs' Motion to Amend Complaint and defendants Vicki Phillips' and Gloria Campbell's Opposition thereto, it is hereby **ORDERED AND DECREED** that said Motion is **DENIED**.

BY THE COURT:

_____
Newcomer, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br><br>Plaintiffs,<br><br>v.<br><br>LANCASTER SCHOOL DISTRICT, et al.,<br><br>Defendants. | Docket Number 02CV4034<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS VICKI PHILLIPS' AND GLORIA CAMPBELL'S OPPOSITION TO MOTION OF PLAINTIFFS TO AMEND COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO DISMISS COUNTS XXI AND XXII OF PLAINTIFFS' AMENDED COMPLAINT**

Defendants Vicki Phillips and Gloria Campbell hereby respectfully request that this Honorable Court deny the Motion of Plaintiffs to Amend Complaint ("Motion to Amend") or, in the alternative, dismiss Counts XXI and XXII of the plaintiffs' Amended Complaint.[1] Specifically, through their Motion to Amend plaintiffs seek to add claims of negligence against defendants Vicki Phillips ("Phillips") and Gloria Campbell ("Campbell") in their "individual" capacities. Amended Complaint, ¶¶200-215. However, because Phillips enjoys absolute immunity from such a claim, and Campbell and Phillips enjoy immunity for a claim of negligence absent an allegation of conduct

---

[1] Defendants question whether plaintiffs were required pursuant to F.R.C.P. 15(a) to obtain leave of Court to file an amended Complaint since a motion to dismiss is not a responsive pleading. *See Centifanti v. Nix*, 865 F.2d 1422, 1431 n. 9 (3$^d$ Cir. 1989). Accordingly, defendants Vicki Phillips and Gloria Campbell ask, in the alternative, that Counts XXI and XXII of the Amended Complaint be dismissed pursuant to F.R.C.P. 12(b)(6). Because the "futility" standard (*see* II.A. *infra*) for analyzing proposed claims in a motion to amend is the same as that applied to claims under a motion to dismiss, the evaluation of plaintiffs' proposed negligence claims is the same no matter how the Court treats the instant submission.

amounting to a crime, actual fraud, actual malice or willful misconduct, plaintiffs' proposed amendment would be futile. Accordingly, plaintiffs' Motion to Amend must be denied or Counts XXI and XXII must be dismissed.

I. **PROCEDURAL BACKGROUND**

By Complaint dated June 24, 2002, plaintiffs Katherine Elizabeth Neimer ("plaintiff Neimer"), a minor, by and through her parents James Neimer and Rebecca Neimer (collectively referred to as "plaintiffs") instituted an action against, *inter alia*, Lancaster School District, Phillips and Campbell (collectively referred to as "defendants" for purpose of this submission). The plaintiffs complained of various alleged violations of plaintiff Neimer's rights under state and federal law, including that Phillips and Campbell were negligent in their "official" capacities. Complaint, ¶¶70-77, 90-97. On October 7, 2002 defendants moved to dismiss each of plaintiffs' claims against Phillips, Campbell and the Lancaster School District ("Motion to Dismiss").

With respect to plaintiffs' negligence claims (Counts III and VI of the Complaint), defendants demonstrated that Pennsylvania's Political Subdivision Tort Claims Act ("Tort Claims Act"), 42 Pa. C.S.A. §8541 *et. seq.*, bars such claims against Phillips and Campbell. *See* Motion to Dismiss at pp. 37-38. Specifically, the Tort Claims Act provides that an official sued in his or her official capacity has immunity under the Tort Claims Act co-extensive with the local agency. *Id.* Since the School District could not be liable for negligence under the facts alleged in the Complaint,[2] Phillips and Campbell likewise could not be liable and, as a result, Counts III and VI of the Complaint had to be dismissed. *Id.*

---

[2] None of the eight exceptions contained in the Tort Claims Act apply to the claims brought against defendants by plaintiffs. *See* 42 Pa. C.S.A. §8542.

2

Plaintiffs filed a Response to the Motion to Dismiss ("Response") through which they argued that their negligence claims could withstand defendants' Motion to Dismiss if the claims had been filed against Phillips and Campbell in their individual capacities **and** if willful misconduct had been alleged. See Response at pp. 30-32. As defendants highlighted in their Reply Memorandum of Law in Support of their Motion to Dismiss ("Reply"), because the plaintiffs **did not** sue Phillips and Campbell for negligence in their individual capacities, by plaintiffs' own admission these claims could not survive defendants' Motion to Dismiss. *See* Reply at pp. 11-12.

In an attempt to resuscitate their negligence claim against Phillips and Campbell, plaintiffs have now filed the subject Motion to Amend requesting leave to add two additional Counts against Phillips and Campbell, this time alleging negligence against them in their individual capacities.[3] Because Phillips is absolutely immune from a claim for negligence, this motion to amend is clearly futile as to her.

Moreover, as alleged, the proposed claims for negligence are legally insufficient. In particular, the plaintiffs' proposed claims -- Counts XXI and XXII of the Amended Complaint -- contain the following allegations:

---

[3] Curiously, plaintiffs seek permission to amend their Complaint to correct pleading problems fatal to their negligence claims while ignoring several other obvious and fatal defects in their Complaint including: (1) plaintiffs fail to allege that the Lancaster School District receives federal financial assistance, a prerequisite to a claim under Title IX (Motion to Dismiss, p. 6); (2) plaintiffs failed to allege two of the essential elements of a claim for Title IX harassment (*id.*, pp. 6-7); (3) at a minimum, the *Sea Clammers* doctrine bars each of the §1983 claims brought against defendants in their official capacity and the §1983 claim against the School District (*id.*, pp. 12-15) (*see also* Plaintiff's Sur-Reply Memorandum, p. 7); (4) plaintiffs failed to allege one of the two essential elements of a claim under §1983 – that Alvarez was a state actor (Motion to Dismiss, p. 15-17); (5) as a matter of law, Phillips and Campbell did not have final policymaking authority and, therefore, the Lancaster School District cannot be liable under §1983 (*id.*, pp. 35-37) and (6) plaintiffs' request for punitive damages in Counts I, III, IV, VI, VII, VIII, IX and X is inappropriate under well established state and federal precedent. *Id.*, p. 39. Presumably, had plaintiffs been able to correct these deficiencies and still comply with counsel's obligations under F.R.C.P. 11 they would have done so.

- that Phillips and Campbell knew, had reason to know, or should have known that defendant Alvarez was engaging in, or had engaged in, inappropriate physical and sexual conduct with students (Amended Complaint, ¶¶201, 209)[4];

- that Phillips and Campbell knew, had reason to know, or should have known that such conduct would cause severe psychological harm to students (*id.*, ¶¶202, 210);

- that Phillips and Campbell were "negligent, careless and/or reckless" in their purported failures to investigate or otherwise prevent Alvarez's molestation of plaintiff Neimer (*id.*, ¶¶203, 211); and

- that as a result of this conduct, plaintiff Neimer suffered injury. *Id.*, ¶¶204, 212.

Notably absent from the plaintiffs' proposed amendment is any allegation of willful misconduct. Because a sustainable negligence claim against Phillips and Campbell in their individual capacities must include allegations of willful misconduct, the Motion to Amend must be denied and/or Counts XXI and XXII of the Amended Complaint must be dismissed.

## II. ARGUMENT

### A. The Standard For Deciding A Motion To Amend.

Leave to amend a complaint should be denied where such amendment would be futile. "Futility" exists where the amendment would fail to state a claim upon which relief can be granted. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410,

---

[4] A copy of the Amended Complaint was attached to the plaintiffs' Motion to Amend as Exhibit "A."

1434 (3ᵈ Cir. 1997) (citation omitted). In determining whether an amendment would be futile, the same standard of legal sufficiency as applies under 12(b)(6) should be applied to plaintiffs' claims. *Id.* A Rule (12)(b) motion should be granted where it "appears to a certainty that no relief could be granted under any set of facts which could be proved." *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3ᵈ Cir. 1997). It is equally clear that this Court need not credit plaintiffs' "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Id.*

    **B.**    **Plaintiffs' Proposed Amendments Would Be Futile.**

        **1.**    **Superintendent Phillips is Absolutely Immune From Liability for Negligence Under Pennsylvania Law.**

Pennsylvania's Tort Claims Act provides, in pertinent part, that with respect to any action brought against an employee of a local agency for damages, the employee may assert on her own behalf "defenses which are available at common law to the employee." 42 Pa. C.S.A. §8546. Under Pennsylvania common law certain "high public officials" are absolutely immune from civil suits. *Smith v. School District of Philadelphia*, 112 F. Supp. 2d 417, 425 (E.D. Pa. 2000) *citing Lindner v. Mollan*, 677 A.2d 1194, 1195-96 (Pa. 1996). The doctrine of absolute immunity "rests upon the idea that conduct which otherwise would be actionable is to escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm." *Smith*, 112 F. Supp. at 426. In Pennsylvania, school superintendents are among the officials classified as "high public officials" for the purposes of the common law. *Smith*, 112 F. Supp. 2d at 425; *Zugarek v. Southern Tioga School District*, 214 F. Supp. 2d 468, 479 (M.D. Pa. 2002).

Here, it is alleged that as the Superintendent of the Lancaster School District Phillips was obliged to take certain affirmative steps to preclude plaintiff Neimer from being injured by defendant Alvarez.[5] As set forth in the proposed Amended Complaint, plaintiffs seek to hold Phillips liable for actions taken or not taken in the course of her official duties or powers and purportedly within the scope of her authority as Superintendent. Under Pennsylvania law, Phillips is absolutely immune from liability for any such actions or inactions. *Smith*, 112 F. Supp. 2d at 426. Because the claim of negligence against Phillips in her individual capacity cannot be sustained, the Court should reject plaintiffs' attempt to amend their Complaint to add Count XXI.

    2.    **Plaintiffs' Allegations are Insufficient to Defeat Phillips' and Campbell's Immunity Under the Tort Claims Act.**

It is equally well established that under the Tort Claims Act, both Phillips and Campbell are immune from suits in their individual capacity unless the conduct complained of amounts to a crime, actual fraud, actual malice or willful misconduct. *See* 42 Pa. C.S.A. §8550; Plaintiffs' Response, pp. 30-32. *See also Smith*, 112 F. Supp. 2d at 424 n.5 (E.D. Pa. 2000); *Devivo v. Philadelphia Parking Authority*, 1997 U.S. Dist. LEXIS 18031, **8-10, C.A. No. 97-2349 (E.D. Pa., Nov. 5, 1997); *Gines v. Bailey*, 1992 U.S. Dist. LEXIS 20188, **14-15, C.A. No. 92-4170 (E.D. Pa., Dec. 29, 1992). Pennsylvania courts have consistently interpreted willful misconduct as *"**conduct through which the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such a desire can be implied.**"*

---

[5] Some of these alleged failures relate to the Before School Care Program. Amended Complaint, ¶¶203(l)-203(p). As set forth in the Motion to Dismiss, because there is no alleged relationship between the Lancaster School District and the Before School Care Program, neither Phillips nor Campbell had any duty with respect to that Program or its employees and, therefore, cannot be held liable for any alleged failures attributable to the Program or its employees. Motion to Dismiss, pp. 7-8, 30 n.5.

*Patterson v. Armstrong County Children and Youth Services*, 141 F. Supp. 2d 512, 544 (W.D. Pa. 2001) (emphasis added). *See also Edmondson v. Zetusky*, 674 A.2d 760, 767 (Pa. Cmwlth. 1996) (finding that plaintiff failed to present evidence constituting willful misconduct where plaintiff was unable to demonstrate that defendant acted with wrongful intent); *Kuzel v. Krause*, 658 A.2d 856, 860 (Pa. Cmwlth. 1995) (same); *Delate v. Kolle*, 667 A.2d 1218, 1221 (Pa. Cmwlth. 1995), *appeal denied*, 678 A.2d 367 (Pa. 1996) (same).

In assessing willful misconduct, courts view such behavior as synonymous with an "***intentional tort***." *Lancie v. Giles*, 572 A.2d 827, 830 (Pa. Cmwlth. 1990). Stated another way, "***[c]ourts interpreting the phrase have uniformly held that merely negligent acts cannot constitute willful misconduct***." *Patterson*, 141 F. Supp. 2d at 544 (finding that plaintiffs neither alleged nor demonstrated the required level of scienter); *Devivo*, 1997 U.S. Dist. LEXIS 18031 at *9 (dismissing claim of negligence, allowing claims of malicious prosecution, false imprisonment and intentional infliction of emotional distress to go forward); *Lancie*, 572 A.2d at 830 (dismissing claims of negligence and negligent infliction of emotional distress, allowing claim of intentional infliction of emotional distress to go forward); *Weissman v. City of Philadelphia*, 513 A.2d 571, 573 (Pa. Cmwlth. 1986) (finding that allegation against city physician was merely an assertion of negligence and, therefore, could not constitute willful misconduct).

On their face, plaintiffs' proposed claims of negligence against Phillips and Campbell cannot survive a motion to dismiss as plaintiffs have only alleged ***negligence***, rather than an intentional tort. *See Patterson*, 141 F. Supp. 2d at 544; *Devivo*, 1997 U.S. Dist. LEXIS 18031 at *9; *Lancie*, 572 A.2d at 830; *Weissman*, 513 A.2d at 573. Indeed

plaintiffs have alleged nothing more than that Phillips and Campbell's "knew, had reason to know, or should have known" of Alvarez's past conduct and that their actions were "negligent, careless, and/or reckless."[6] Amended Complaint, ¶¶201-203. Courts make clear that such allegations are insufficient to defeat a school official's immunity under the Tort Claims Act. *See, e.g., Smith*, 112 F. Supp. 2d at 424 n. 5 (defendants sued in their individual capacity for intentional infliction of emotional distress, defamation and invasion of privacy are entitled to the same immunity as their employer – the School District of Philadelphia – absent allegations that defendants were guilty of willful misconduct); *Scott v. Willis*, 543 A.2d 165 (Pa. Cmwlth. 1988) (affirming trial court's determination that school officials were immune from liability because allegations of "grossly and culpably negligence" and "wanton and reckless behavior" were not legal equivalents to willful and intentional misconduct). Absent the requisite allegations, the proposed amendment cannot withstand a motion to dismiss and, therefore, allowing plaintiffs to amend their Complaint to add claims against Phillips and Campbell for negligence in their individual capacities would be futile.

---

[6] Of course, even if plaintiffs had pled "willful misconduct," plaintiffs' proposed Complaint is still fatally flawed because there are no factual allegations to support a conclusion of "willful misconduct." Specifically, there are no facts alleged which could conceivably support the conclusion that Phillips and/or Campbell "desired" that Alvarez molest plaintiff Neimer. Nor are there allegations contained in the proposed Complaint from which such a desire could be "implied." *Patterson*, 141 F. Supp. 2d at 544.

### III. CONCLUSION

Since Counts XXI and XXII of the Amended Complaint can not survive a motion to dismiss, allowing plaintiffs to amend their Complaint to add such allegations would be futile. For the foregoing reasons, Vicki Phillips and Gloria Campbell respectfully request that the Motion of Plaintiffs to Amend Complaint be denied. Alternatively, Vicki Phillips and Gloria Campbell pray that Counts XXI and XXII of the Amended Complaint be dismissed with prejudice.

Respectfully submitted,

_____
Maura E. Fay, #50814
Joshua D. Groff, #86191
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
215-575-7000

DATED: November 22, 2002

Counsel for Defendants
Vicki Phillips and Gloria Campbell

## CERTIFICATE OF SERVICE

I, Joshua D. Groff, do hereby certify that I have this 22nd day of November, 2002, served a copy of the foregoing Defendants Vicki Phillips' and Gloria Campbells' Opposition to Motion of Plaintiffs to Amend Complaint or, in the Alternative, to Dismiss Counts XXI and XXII of the Amended Complaint by first class mail, postage prepaid, as follows:

Jeffrey R. Elliott, Esquire
KOZLOFF STOUDT
2640 Westview Drive
P.O. Box 6286
Wyomissing, PA 19610

Paul F. Lantieri, Esquire
BENNETT, BRICKLIN & SALTZBURG, LLP
Liberty Place
313 West Liberty Street
Suite 371
Lancaster, PA 17603

Edward H. Rubenstone, Esquire
GROEN, LAMM, GOLDBERG & RUBENSTONE, LLC
Four Greenwood Square
Suite 200
Bensalem, PA 19020

_____
Joshua D. Groff