IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
KATHERINE ELIZABETH NEIMER     :    CIVIL ACTION
                               :
     Plaintiff                 :
                               :
     v.                        :
                               :
LANCASTER SCHOOL DISTRICT,     :
et al.                         :    NO. 02-4034
                               :
     Defendants                :
                               :
```

### **O R D E R**

AND NOW, this    day of December, 2002, upon consideration of Defendants City of Lancaster, Lancaster Recreation Commission and Donald Yeager's Motion to Dismiss (Document 11), the Plaintiff's Response as well as the parties reply briefs, it is hereby ORDERED as follows:

1) The Defendants' Motion to Dismiss Counts XII, XIV, XVII is GRANTED. As pled, these claims are precluded by Pennsylvania's Political Subdivision Tort Claims Act. While it may be true that willful misconduct may have taken place, the Plaintiff has failed to allege such and therefore, Plaintiff's claims fail.

2) Defendants' Motion to Dismiss Plaintiff's demand for punitive damages in Counts XI, XIII and XV of Plaintiff's Complaint is GRANTED. The parties agree that punitive damages are not available against municipalities and municipal officials sued in their official capacity.

3) The Defendants' Motion to Dismiss Counts XI, XIII, XV and XVI is DENIED. The Plaintiff's Complaint with regard to these Counts appears to sufficiently plead § 1983 claims. In addition, the Defendants' Motion is more appropriately presented to the Court as a motion for summary judgment under Fed.R.Civ.P. 56.

4) The Defendants' Motion to Dismiss Counts XV and XVI is GRANTED. Count XV is redundant. Count XVI improperly asserts a claim against a supervisor for the conduct of a subordinate which allegedly violated the Plaintiff's Constitutional rights. Such a claim is impermissible. <u>Bey v. Pa. Dept. of Corrections</u>, 98 F.Supp.2d 650, 664, No. 98-4212 (E.D.Pa. 2000)(Robreno, J.).

It is further ORDERED that in the event future submissions to this Court are necessary, counsel maintain a strict page limitation of fifteen (15) pages. Permission to exceed this page limitation shall be given upon a showing of good cause.

AND IT IS SO ORDERED.

_____
Clarence C. Newcomer, S.J.