**BENNETT, BRICKLIN & SALTZBURG LLP**
**BY: Paul F. Lantieri, Esquire**
**I.D. No. 22241**
**100 SOUTH QUEEN STREET, THIRD FLOOR**
**LANCASTER, PA 17603-5368**
**(717) 393-4400**

**ATTORNEY FOR DEFENDANTS**
City of Lancaster, Lancaster Recreation
Commission and Donald Yeager

KATHERINE ELIZABETH NEIMER, a minor,    :
by and through JAMES J. NEIMER and        :
REBECCA NEIMER, her parents and natural guardians :
                                          :    EASTERN DISTRICT OF PENNSYLVANIA
                vs.                       :
                                          :
LANCASTER SCHOOL DISTRICT; CITY OF        :    CIVIL ACTION NO. 02-CV-4034
LANCASTER; LANCASTER RECREATION           :    HONORABLE CLARENCE C. NEWCOMER
COMMISSION; VICKI PHILLIPS, Individually  :
and in her capacity as Superintendent of the :
Lancaster School District; GLORIA CAMPBELL, :    JURY TRIAL DEMANDED
Individually and in her capacity as building principal :
of Hamilton Elementary School; ISMAEL ALVAREZ, :
and DONALD YEAGER, Individually and in his :
capacity as Director of the Lancaster County :
Recreation Commission's School Age Care Program: :

### ANSWER OF DEFENDANTS CITY OF LANCASTER AND
### LANCASTER RECREATION COMMISSION
### TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM

1.      It is admitted that the Complaint so alleges; it is denied that the Complaint states a

cause of action against answering defendants.

2, 3.    Admitted with the qualification that answering defendants deny that plaintiffs have

federal or state law claims against them.

4.      It is admitted that the notices described in Exhibit "A" were sent; it is denied that

plaintiffs have complied with all jurisdictional prerequisites.

5.      Denied.

6.      It is admitted that the City of Lancaster and the Lancaster Recreation Commission are local agencies; it is denied that plaintiffs have a cause of action against them pursuant to 42 U.S.C. §1983.

7, 8.    After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs and accordingly, they are denied.

9.      Denied in part.  Donald Yeager has been Director of Child Care Services for the Lancaster Recreation Commission since November 2000.

10-12, inclusive.      After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs and accordingly, they are denied (except for the minority of plaintiff Katherine Elizabeth Neimer).

13-15, inclusive.      These averments are not directed to answering defendants and accordingly, no response is required.

16, 17. Admitted.

18.      Denied in part.  Donald Yeager has been the Director of Child Care Services for the Lancaster Recreation Commission since November 2000.

19.      After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and accordingly, they are denied.

20, 21. Admitted.

2

22, 23. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs and accordingly, they are denied.

24.      Admitted.

25-34, inclusive.      After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs and accordingly, they are denied.

35.      Admitted.

36.      Admitted in part and denied in part.  It is admitted only that Katherine Elizabeth Neimer was enrolled in the LRC School Age Care Program in August 2000.  It further is admitted that the program was conducted at the Hamilton Elementary School.

37.      Denied as stated.  The School Age Program offered both before and after school programs with parents having the option to choose either or both.

38.      Admitted in part and denied in part.  The School Age Care Program offers various benefits to children.

39.      Denied.  Michelle Bair, at the time referenced in this paragraph, was employed by the Lancaster Recreation Commission as a childcare aide at the School Age Care Program conducted at the Hamilton Elementary School.

40.      Admitted in part and denied in part.  The LRC School Age Care Employee Handbook is a document which, being a writing, speaks for itself.  Moreover, the program contemplates that children attending the before school program will be released in order to attend school.

41.    Admitted in part and denied in part.  It is admitted that on December 21, 2000, defendant Alvarez, Katherine Neimer's teacher, came to the gym and asked plaintiff Katherine Elizabeth Neimer if she wanted to go to the classroom with him to prepare for the day's work and Katherine Neimer replied in the affirmative.  It is denied that Michelle Bair knew or should have known of Alvarez's unlawful purposes and intentions.

42.    Denied as stated.  It is admitted that Michelle Bair allowed Katherine to go to her classroom with her teacher, defendant Alvarez, and the School Age Care Program contemplated that children would be released to their classrooms.  The remaining averments are denied.

43, 44.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs and accordingly, they are denied.

45, 46.  The answers to paragraphs 41 and 42 are incorporated by this reference and made part hereof in response to these paragraphs.

47-56, inclusive.    After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs and accordingly, they are denied.

57.    Denied on behalf of answering defendants.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of averments regarding what other defendants knew or should have known.

4

58.    After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and accordingly, they are denied.

### COUNT XI

135.    Answering defendants' corresponding answers to paragraphs 1-58 are incorporated by this reference and made part hereof as though set forth at length.  Paragraphs 59-134 have been stricken by court order and therefore no response is required.

136-139, inclusive.    Denied.  The averments of these paragraphs are specifically denied. By way of further response, plaintiffs' claims for punitive damages have been stricken.

### COUNT XII

140-145, inclusive.  These paragraphs have been dismissed and therefore no response is required.

### COUNT XIII

146.    Answering defendants' corresponding answers to the averments that have not been dismissed or stricken are incorporated by this reference and made part hereof as though set forth at length.

147-150, inclusive.    Denied.  The averments of these paragraphs are specifically denied. By way of further response, plaintiffs' claims for punitive damages have been stricken.

### COUNT XIV

151-156, inclusive.    These paragraphs have been dismissed and therefore no response is required.

5

### COUNT XV

157-161, inclusive.  These paragraphs have been dismissed and therefore no response is required.

### COUNT XVI

162-170, inclusive.  These paragraphs have been dismissed and therefore no response is required.

### COUNT XVII

171-176, inclusive.  These paragraphs have been dismissed and therefore no response is required.

### COUNT XVIII

177.    Answering defendants' corresponding answers to the averments that have not been dismissed or stricken are incorporated by this reference and made part hereof as though set forth at length.

178-185, inclusive.    The averments of these paragraphs are not directed to answering defendants and therefore, no response is required.  To the extent a response is required, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs and accordingly, they are denied.

### COUNT XIX

186.    Answering defendants' corresponding answers to the averments that have not been dismissed or stricken are incorporated by this reference and made part hereof as though set forth at length.

187-194, inclusive.    The averments of these paragraphs are not directed to answering defendants and therefore, no response is required.  To the extent a response is required, answering

defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs and accordingly, they are denied.

## COUNT XX

195.    Answering defendants' corresponding answers to the averments that have not been dismissed or stricken are incorporated by this reference and made part hereof as though set forth at length.

196-199, inclusive.    The averments of these paragraphs are not directed to answering defendants and therefore, no response is required.  To the extent a response is required, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs and accordingly, they are denied.

WHEREFORE, defendants City of Lancaster and Lancaster Recreation Commission respectfully request that judgment be entered in their favor.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against answering defendants or either of them.

## SECOND AFFIRMATIVE DEFENSE

The Court is without jurisdiction over the subject matter of the claims against answering defendants herein.

## THIRD AFFIRMATIVE DEFENSE

If the averments of the Complaint are proven, the injuries alleged solely were caused by person or persons not employed by or otherwise under the control of answering defendants or either of them.

### FOURTH AFFIRMATIVE DEFENSE

Neither answering defendant employed, controlled, or had the right to control the conduct, acts, or inactions of defendant Alvarez.

### FIFTH AFFIRMATIVE DEFENSE

The School Age Care Program was authorized to release Katherine Elizabeth Neimer to her teachers.

### SIXTH AFFIRMATIVE DEFENSE

Answering defendants did not have any knowledge, information, or notice that defendant Alvarez posed a risk of harm to the minor plaintiff or anyone else.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege any specific instances of the deprivation of constitutional rights by answering defendants or either of them.

### EIGHTH AFFIRMATIVE DEFENSE

Answering defendants did not violate any of the plaintiffs' constitutional rights.

### NINTH AFFIRMATIVE DEFENSE

Neither of the answering defendants was indifferent to the rights and interests of plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

If it is judicially established that any actionable act or omission by answering defendants, or either of them, caused or contributed to plaintiffs' harm, it is averred that the criminal conduct of defendant Alvarez was an intervening or superceding cause of such harm.

### ELEVENTH AFFIRMATIVE DEFENSE

The criminal conduct of defendant Alvarez was not foreseeable to answering defendants.

8

### TWELFTH AFFIRMATIVE DEFENSE

No conduct on the part of answering defendants was a proximate cause of the damages alleged in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant Alvarez' conduct as alleged did not result from any act or omission of answering defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

Answering defendants did not create any danger to plaintiff Katherine Elizabeth Neimer.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Court has dismissed Counts XII, XIV, XV, XVI, and XVII of the Complaint and all claims against defendant for punitive damages.

### CROSSCLAIMS

If the averments of Plaintiffs' Complaint are established at trial, all liability on the part of answering defendants being expressly denied, it is averred that defendant Alvarez is liable for contribution or indemnity to answering defendants, or either of them.

WHEREFORE, defendants City of Lancaster and Lancaster Recreation Commission respectfully request that judgment be entered in their favor.

**BENNETT, BRICKLIN & SALTZBURG LLP**


BY:_____
        PAUL F. LANTIERI, ESQUIRE
        Attorney for Defendants,
        City of Lancaster and
        Lancaster Recreation Commission