Jeffrey R. Elliott, Esquire
Attorney I.D. #38147
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA   19610
Telephone: (610) 670–2552                    Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br>　　　　　Plaintiffs<br><br>　　　v.<br><br>CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ,<br>　　　　　Defendants | : Docket No. 02-CV-4034<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Assigned to:<br>: Honorable Clarence C. Newcomer<br>:<br>: Jury Trial Demanded<br>: |

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS
## PURSUANT TO SUBPOENA AND ATTENDANCE AT DEPOSITION

　　　　The Plaintiffs, Katherine Elizabeth Neimer, James J. Neimer, and Rebecca Neimer, by and through their counsel, Jeffrey R. Elliott, Esquire and Kozloff Stoudt, come now and move this Honorable Court for an order compelling production of certain documents and records in the custody of governmental agencies pursuant to subpoenas served upon the said governmental agencies, and as reasons therefor, Plaintiffs state as follows:

　　　　1.　　The above-captioned action is a claim for damages and other relief arising from incidents of sexual abuse perpetrated upon Plaintiff Katherine Elizabeth Neimer by Defendant Ismael Alvarez, a teacher at the Hamilton Elementary School in the Lancaster

School District. Defendant Alvarez was the teacher of Plaintiff Katherine Elizabeth Neimer for a portion of the 2000-201 school year.

2. On or about June 11, 2003, Plaintiffs caused subpoenas duces tecum to be served upon the Lancaster School District, seeking production of certain documents relevant to the issues in the present case. A true and correct copy of the said subpoena is attached hereto, marked Exhibit "A" and incorporated herein by reference.

3. On or about June 11, 2003, Plaintiffs caused subpoenas and notices of deposition to be served upon (i) Gloria Campbell, a present or former employee of the Lancaster School District and present or former principal of the Hamilton Elementary School and (ii) a designee of the Lancaster School District pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure. True and correct copies of the said subpoenas and notice of deposition are attached hereto, marked Exhibit "B" and incorporated herein by reference.

4. The said depositions were scheduled for Monday, June 30, 2003.

5. On June 25, 2003, counsel for the Lancaster School District advised that neither Gloria Campbell nor a designee of the Lancaster School District would appear for depositions on June 30, 2003. A true and correct copy of the said letter is attached hereto, marked Exhibit "C" and incorporated herein by reference.

6. Subsequently, counsel for the Lancaster School District filed Objections to the subpoena duces tecum issued to the Lancaster School District.

7. The testimony of Gloria Campbell and the designee of the school district are reasonably calculated to lead to relevant and discoverable evidence, including the following:

                i.      documents relating to any investigation of the sexual assault of Katherine Neimer are likely to contain names of witnesses and facts regarding the incident;

                ii.      documents regarding the release of children in the School Age Care program are relevant to establishing the policies of the Lancaster Recreation Commission regarding release of children to teachers, adherence to that policy and other violations of such policy;

                iii.      documents relating to any communication regarding of the sexual assault of Katherine Neimer are likely to contain names of witnesses and facts regarding the incident.

      8.      The witnesses scheduled to be deposes are those most likely to have information regarding the sexual assault of Katherine Neimer. Specifically, Gloria Campbell was the principal of Hamilton Elementary School, where the assaults occurred at the time of the assaults. To the extend that Gloria Campbell does not possess complete knowledge regarding the matters contained in the requested documents, the desingee or designees of the School District will have such knowledge.

      9.      The refusal of the School District witnesses to appear for deposition is without proper justification or excuse.

      10.      Likewise, the objections to the subpoena duces tecum are without merit, as follows:

                i.      The objection to the manner of service is obviously in bad faith. The subpoenas wer served upon an employee of the school district who was made aware of the contents of the subpoena and did not object to accepting service. The subpoenas

were forwarded to counsel who has represented both Lancaster School District and Gloria Campbell in this litigation. The objection to the form of service is a dilatory exercise in elevating form over substance as no prejudice has been alleged, nor has any prejudice been suffered as a result of service of the subpoenas upon the School District staff member.

        ii.       Plaintiffs' request for medical, psychological and other records related to Defendant Alvarez is relevant to determine, *inter alia*, the existence of reports of or treatment for prior incidents of sexual assault or sexual molestation and the extent to which such incidents were known to other defendants. Lancaster School District also lacks standing to assert the confidentiality rights of Defendant Alvarez;

        iii.      The objection of the Lancaster School District on the grounds of privilege is improper. To the extent that the requested documents may include information protected by attorney/client or other privileges, the Lancaster School District should identify such documents in a privilege log and permit the court to evaluate the claims of privilege;

        iv.      The objection of the Lancaster School District that the request for documents is burdensome is unsupported by any factual averments as to the volume of documents. Plaintiffs believe that the number of documents relating the to incident between Katherine Neimer and Defendant Alvarez are relatively few and that production would impose not undue burden upon the school district. Plaintiffs believe that the relevant documents are contained in a single file which is readily amenable to production.

11.    The dilatory and improper conduct of the Lancaster School District and its counsel set forth above have made it impossible to complete discovery by June 30, 2003.

WHEREFORE, Plaintiffs request this court enter an order in the proposed form filed herewith directing that:

1. The Lancaster School District to comply with the subpoena duces tecum served on or about June 11, 2003

2. The Lancaster School District designate a designee to appear for deposition pursuant to the subpoena and notice of deposition served on or about June 11, 2003 and that the said deposition be conducted within 30 days of the date of the court's order; and

3. Gloria Campbell appear for deposition to be conducted within 30 days of the date of the court's order.

KOZLOFF STOUDT

_____/s/_____
Jeffrey R. Elliott, Esquire
2640 Westview Drive, P.O. Box 6286
Wyomissing, PA 19610
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, <br>           Plaintiffs <br><br> v. <br><br> CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ, <br>           Defendants | : Docket No. 02-CV-4034 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : Assigned to: <br> : Honorable Clarence C. Newcomer <br> : <br> : Jury Trial Demanded <br> : |

**NOTICE AND CERTIFICATE OF SERVICE**

I, Jeffrey R. Elliott, Esquire, attorney for Plaintiff, certify that on June 27, 2003, that I electronically filed the foregoing *Motion to Compel Production of Documents Pursuant to Subpoena and Order* via the ECF system and it is available for viewing and downloading from the ECF system. I further certify that the foregoing *Entry of Appearance* was served upon the following party by <u>first class mail</u>:

Christopher S. Underhill, Esquire
Hartman, Underhill & Brubaker, LLP
221 East Chestnut Street
Lancaster, PA 17602
*Attorneys for City of Lancaster and Lancaster Recreation Commission*

Edward H. Rubenstone, Esquire
Groen, Lamm, Goldberg & Rubenstone, LLC
Four Greenwood Square, Suite 200
Bensalem, PA 19020
*Attorneys for Ismael Alvarez*

Maura E. Fay
*Dilworth Paxson, LLP*
*3200 Mellon Bank Center*
*1735 Market Street*
*Philadelphia, PA 19103*

                                        KOZLOFF STOUDT

                                        _____/s/_____
                                        Jeffrey R. Elliott, Esquire
                                        *Attorneys for Plaintiffs*