# Exhibit B

Issued by the
## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE ELIZABETH NEIMER,
a minor, by and through JAMES J. NEIMER
and REBECCA NEIMER, her parents and
natural guardians
        V.
CITY OF LANCASTER, LANCASTER
RECREATION COMMISSION, and
ISMAEL ALVAREZ

SUBPOENA IN A CIVIL CASE
CASE NUMBER: 02-CV-4034
HONORABLE CLARENCE C. NEWCOMER

TO:    Gloria Campbell
          Hamilton Elementary School, Lancaster School District
          251 South Prince Street
          Lancaster, PA 17603

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | |
|  | DATE AND TIME |
|  | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | COURTROOM |
| --- | --- |
| *Kozloff Stoudt*<br>*2640 Westview Drive, PO Box 6286*<br>*Wyomissing, PA 19610* | |
|  | DATE AND TIME |
|  | *June 30, 2003, 10:00 a.m.* |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached

| PLACE | DATE AND TIME |
| --- | --- |
|  | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  | |

Any organization not a party to this suit that has been subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on behalf of its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE AND TIME |
| --- | --- |
| [signature] FOR π | 6/10/03  3:35 pm |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeffrey R. Elliott, 2640 Westview Drive, Wyomissing, PA 19610   610 670-2552

(See Rule 45. Federal Rules of Civil Procedure, Parts C & D on Reverse)

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 6-13-03 | 251 S Prince St Lancaster |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Fior Calderon | | Hand to her at Lancaster Sch. Dist 251 S Prince St |
| SERVED BY (PRINT NAME) | | TITLE |
| Russell Huyett | | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Poof of Services is true and correct.

Executed on __6-13-03__
                DATE

_____
SIGNATURE OF SERVER

312 _____
ADDRESS OF SERVER

Sillington, PA

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or any attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena.. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of the premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party service the subpoena, may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that

subject to the provisions of clause (c)(3)(B)(iii) of this rule, any such person may In order to attend trial be commanded to travel from any such place within the
state in which the trial is held, or
(lii) require disclosure of privileged or other protected matter and no exception or waiver applies, or
(lv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship an assures that the person whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specific conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produced documents shall produce them as they are kept in the tubal court of business or shall organize And label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

<u>Case Number 02-CV-4034</u>

       Please provide a copy of the entire personnel file of Ismael Alvarez, including but not limited to disciplinary records, performance evaluations, employee assistance records, incident reports, reprimands, letters of counseling, medical records, psychological reports or evaluations, records of any complaints or grievances, and the contents of the investigative file and all documents in the matter involving Ismael Alvarez and Katherine Elizabeth Neimer, a minor, including any and all interview notes, recorded and/or summarized statements or writings of any kind from Ismael Alvarez and any witnesses, correspondence of any kind, e-mail communications, telephone messages, secretarial notes, phone logs, minutes, any other communications, documents or records of any kind maintained in your possession, custody and control; as well as copies of the academic and/or student records of Katherine Elizabeth Neimer.

Kozloff Stoudt
Jeffrey R. Elliott, Esquire
Attorney I.D. #38147
2640 Westview Drive
Wyomissing, PA 19610
Telephone: (610) 670-2552                    Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br>        Plaintiffs<br>v.<br><br>CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ,<br>        Defendants | : Docket No. 02-CV-4034<br>:<br>:<br>:<br>:<br>:<br>:<br>: Assigned to:<br>: Honorable Clarence C. Newcomer<br>:<br>: Jury Trial Demanded<br>: |

NOTICE OF TAKING TESTIMONY ON ORAL DEPOSITIONS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30

TO:   Gloria Campbell
      Hamilton Elementary School
      Lancaster School District
      251 South Prince Street
      Lancaster, PA 17603

NOTICE IS HEREBY GIVEN that, pursuant to Federal Rule of Civil Procedure 30, the deposition of the person to whom this notice is addressed will be taken on oral examination by Plaintiffs at the office of Kozloff Stoudt, 2640 Westview Drive, Wyomissing, PA 19610, on **Monday, June 30, 2003, at 10:00 a.m.**, and at any and all adjournments thereof; said examination will be conducted before a Court Reporter, a person authorized to administer oaths and take testimony pursuant to the provisions of the Federal Rules of Civil Procedure.

                                KOZLOFF STOUDT

                                _____
                                Jeffrey R. Elliott, Esquire
                                Attorneys for Plaintiffs

cc:   Berks Court Reporting

Kozloff Stoudt
Jeffrey R. Elliott, Esquire
Attorney I.D. #38127
2640 Westview Drive, P. O. Box 6286
Wyomissing, PA   19610
Telephone: (610) 670-2552           Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br><br>         Plaintiffs<br><br>    v.<br><br>CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ,<br><br>         Defendants | : Docket No. 02-CV-4034<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Assigned to:<br>: Honorable Clarence C. Newcomer<br>:<br>: Jury Trial Demanded<br>: |

CERTIFICATE OF SERVICE

I, Jeffrey R. Elliott, Esquire, attorney for Plaintiffs, certify that on June 10, 2003, a copy of Notice of Taking Oral Examination of Gloria Campbell & attached subpoena was served upon the following party by First Class Mail:

Edward H. Rubenstone, Esquire
Groen, Lamm, Goldberg & Rubenstone, LLC
Four Greenwood Square, Suite 200
Bensalem, PA 19020

Christopher S. Underhill, Esquire
Hartman, Underhill & Brubaker
221 E. Chestnut Street
Lancaster, PA   17602-2782

                             KOZLOFF STOUDT

                             _____
                             Jeffrey R. Elliott, Esquire
                             Attorneys for Plaintiffs

Kozloff Stoudt
Jeffrey R. Elliott, Esquire
Attorney I.D. #38147
2640 Westview Drive
Wyomissing, PA  19610
Telephone: (610) 670-2552                   Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br>            Plaintiffs<br><br>v.<br><br>CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ,<br>            Defendants | : Docket No. 02-CV-4034<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Assigned to:<br>: Honorable Clarence C. Newcomer<br>:<br>: Jury Trial Demanded<br>: |

### NOTICE OF TAKING TESTIMONY ON ORAL DEPOSITIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30

TO:   **Designee of Lancaster School District**
      **251 South Prince Street**
      **Lancaster, PA  17603**

NOTICE IS HEREBY GIVEN that, pursuant to Federal Rule of Civil Procedure 30(b)(6), you are requested to designate a person or <u>persons</u> who will testify at this deposition on behalf of the Lancaster School District regarding the following matters:

1. Any investigation, interviews, reporting, and/or statement of collection pertaining to the matter at issue regarding Ismael Alvarez and Katherine Elizabeth Neimer, and any sexual assault by Ismael Alvarez of Neimer during the period of time December 2000;

2. Guidelines, principals, standard operating procedures, instructions, orders, or directives regarding the release of children in the care of any official of the Lancaster Recreation Commission or any agency or entity, such as the School Age Care program of minor children to adults;

3. Any and all communications between Defendant, City of Lancaster and

Defendant, Lancaster Recreation Commission regarding Ismael Alvarez, Katherine Elizabeth Neimer; the criminal prosecution of Ismael Alvarez; the Lancaster School District's suspension and termination of Ismael Alvarez; and the sexual assault of Katherine Elizabeth Neimer or this civil action.

The deposition of this person or persons will be taken on oral examination by the Plaintiffs at the office of Kozloff Stoudt, 2640 Westview Drive, Wyomissing, PA 19610, on **Monday, June 30, 2003, at 11:00 a.m.,** and at any and all adjournments thereof; said examination will be conducted before a Court Reporter, a person authorized to administer oaths and take testimony pursuant to the provisions of the Federal Rules of Civil Procedure.

                                KOZLOFF STOUDT

                                Jeffrey R. Elliott, Esquire
                                Attorneys for Plaintiffs

cc:    Berks Court Reporting

Kozloff Stoudt
Jeffrey R. Elliott, Esquire
Attorney I.D. #38127
2640 Westview Drive, P. O. Box 6286
Wyomissing, PA   19610
Telephone: (610) 670-2552                    Attorneys for Plaintiffs

---

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, <br> Plaintiffs <br> v. <br> CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ, <br> Defendants | : Docket No. 02-CV-4034 <br> : <br> : <br> : <br> : <br> : <br> : <br> : Assigned to: <br> : Honorable Clarence C. Newcomer <br> : <br> : Jury Trial Demanded <br> : |

### CERTIFICATE OF SERVICE

I, Jeffrey R. Elliott, Esquire, attorney for Plaintiffs, certify that on June 10, 2003, a copy of Notice of Taking Oral Examination the Designee of Lancaster School District & attached subpoena was served upon the following party by First Class Mail:

Edward H. Rubenstone, Esquire
Groen, Lamm, Goldberg & Rubenstone, LLC
Four Greenwood Square, Suite 200
Bensalem, PA 19020

Christopher S. Underhill, Esquire
Hartman, Underhill & Brubaker
221 E. Chestnut Street
Lancaster, PA   17602-2782

                              KOZLOFF STOUDT

                              for Jeffrey R. Elliott, Esquire
                              Attorneys for Plaintiffs

Issued by the
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

KATHERINE ELIZABETH NEIMER,
a minor, by and through JAMES J. NEIMER
and REBECCA NEIMER, her parents and
natural guardians
      V.
CITY OF LANCASTER, LANCASTER
RECREATION COMMISSION, and
ISMAEL ALVAREZ

SUBPOENA IN A CIVIL CASE
CASE NUMBER: 02-CV-4034
HONORABLE CLARENCE C. NEWCOMER

TO:   Designee of Lancaster School District
      251 South Prince Street
      Lancaster, PA 17603

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | COURTROOM |
|---|---|
| Kozloff Stoudt<br>2640 Westview Drive, PO Box 6286<br>Wyomissing, PA 19610 | DATE AND TIME<br>June 30, 2003, 11:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that has been subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on behalf of its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE AND TIME |
|---|---|
| [signature] for | 6/10/03  3:35 pm |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeffrey R. Elliott, 2640 Westview Drive, Wyomissing, PA 19610  610 670-2552

(See Rule 45. Federal Rules of Civil Procedure, Parts C & D on Reverse)

PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Poof of Services is true and correct.

Executed on _____
　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or any attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena.. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of the premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party service the subpoena, may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provisions of clause (c)(3)(B)(iii) of this rule, any such person may In order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(Iii) require disclosure of privileged or other protected matter and no exception or waiver applies, or

(Iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship an assures that the person whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specific conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produced documents shall produce them as they are kept in the tubal court of business or shall organize And label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.