Jeffrey R. Elliott, Esquire
Attorney I.D. #38147
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA  19610
Telephone: (610) 670–2552                                    Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br>  Plaintiffs<br><br>  v.<br><br>CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ,<br>  Defendants | : Docket No. 02-CV-4034<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Assigned to:<br>: Honorable Clarence C. Newcomer<br>:<br>: Jury Trial Demanded<br>: |

## AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS
## PURSUANT TO SUBPOENA

The Plaintiffs, Katherine Elizabeth Neimer, James J. Neimer, and Rebecca Neimer, by and through their counsel, Jeffrey R. Elliott, Esquire and Kozloff Stoudt, come now and move this Honorable Court for an order compelling production of certain documents and records in the custody of governmental agencies pursuant to subpoenas served upon the said governmental agencies, and as reasons therefor, Plaintiffs state as follows:

1.      The above-captioned action is a claim for damages and other relief arising from incidents of sexual abuse perpetrated upon Plaintiff Katherine Elizabeth Neimer.

2. Plaintiffs have been advised that several governmental agencies conducted investigations of the incidents of sexual abuse, which investigations produced reports, statements, documents and other materials relevant to the issues in the present action.

3. On or about June 11, 2003, Plaintiffs caused subpoenas duces tecum to be served upon the following governmental agencies (hereinafter referred to collectively as the "Governmental Agencies") requesting records related to the incidents of sexual abuse and the investigations of the sexual abuse:

    a. Lancaster School District

    b. Lancaster County Children and Youth Services

    c. Lancaster City Police Department

    d. Pennsylvania Office of Children, Youth and Families

True and correct copies of the said subpoenas were attached to Plaintiffs' initial motion and are incorporated herein by reference.

4. Some of the Governmental Agencies have advised Plaintiffs' counsel that their ability to comply with the subpoenas is constrained by provisions of various Pennsylvania statutes. Copies of correspondence received by Plaintiffs' counsel were attached to Plaintiffs' initial motion and are incorporated herein by reference.

5. The documents and records requested in the subpoenas are relevant to the issues in the pending litigation and reasonably calculated to lead to relevant and admissible evidence.

WHEREFORE, Plaintiffs request this court enter an order in the proposed form filed herewith directing the Governmental Agencies to comply with the subpoenas, subject to the restrictions contained in the order.

                                                                     KOZLOFF STOUDT

                                                                      /s/
                                              Jeffrey R. Elliott, Esquire
Attorney I.D. No. 38147
2640 Westview Drive, P.O. Box 6286
Wyomissing, PA 19610
*Attorneys for Plaintiffs*

Jeffrey R. Elliott, Esquire  
Attorney I.D. #38147  
Kozloff Stoudt  
2640 Westview Drive  
Wyomissing, PA  19610  
Telephone: (610) 670–2552               Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br>    Plaintiffs<br><br>v.<br><br>CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ,<br>    Defendants | : Docket No. 02-CV-4034<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Assigned to:<br>: Honorable Clarence C. Newcomer<br>:<br>: Jury Trial Demanded<br>: |

### CERTIFICATION PURSUANT TO RULE 26.1(f)

The undersigned certifies, pursuant to Rule 26.1(f), that after reasonable effort, the parties have been unable to resolve the dispute set forth in the foregoing motion.

                                KOZLOFF STOUDT


                                _____/s/_____
                                Jeffrey R. Elliott, Esquire
                                *Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br>           Plaintiffs<br><br>v.<br><br>CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ,<br>           Defendants | : Docket No. 02-CV-4034<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Assigned to:<br>: Honorable Clarence C. Newcomer<br>:<br>: Jury Trial Demanded<br>: |

## NOTICE AND CERTIFICATE OF SERVICE

I, Jeffrey R. Elliott, Esquire, attorney for Plaintiff, certify that on July 8, 2003, that I electronically filed the foregoing *Motion to Compel Production of Documents Pursuant to Subpoena, Brief and Order* via the ECF system and it is available for viewing and downloading from the ECF system. I further certify that the foregoing *Motion to Compel Production of Documents Pursuant to Subpoena, Brief and Order* was served upon the following party by <u>first class mail</u>:

Christopher S. Underhill, Esquire
Hartman, Underhill & Brubaker, LLP
221 East Chestnut Street
Lancaster, PA 17602
*Attorneys for City of Lancaster and Lancaster Recreation Commission*

Edward H. Rubenstone, Esquire
Groen, Lamm, Goldberg & Rubenstone, LLC
Four Greenwood Square, Suite 200
Bensalem, PA 19020
*Attorneys for Ismael Alvarez*

KOZLOFF STOUDT

_____/s/_____
Jeffrey R. Elliott, Esquire
Attorney I.D. No. 38147
*Attorneys for Plaintiffs*

Jeffrey R. Elliott, Esquire
Attorney I.D. #38147
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA  19610
Telephone: (610) 670–2552                Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, <br>    Plaintiffs <br> v. <br> CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ, <br>    Defendants | : Docket No. 02-CV-4034 <br> : <br> : <br> : <br> : <br> : <br> : <br> : Assigned to: <br> : Honorable Clarence C. Newcomer <br> : <br> : Jury Trial Demanded <br> : |

## BRIEF IN SUPPORT OF PLAINTIFF'S AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA

I.   STATEMENT OF FACTS

This case presents a claim for damages and other relief arising from incidents of sexual abuse perpetrated upon Plaintiff Katherine Elizabeth Neimer by Defendant Ismael Alvarez, a teacher at the Hamilton Elementary School in the Lancaster School District. Defendant Alvarez was the teacher of Plaintiff Katherine Elizabeth Neimer for a portion of the 2000-201 school year.  The pleadings are closed and the Plaintiffs are attempting to conduct discovery.

In furtherance of its efforts to conduct discovery, on or about June 11, 2003, Plaintiffs caused subpoenas duces tecum to be served upon the following governmental agencies

(hereinafter referred to collectively as the "Governmental Agencies") requesting records related to the incidents of sexual abuse and the investigations of the sexual abuse:

    A.    Lancaster School District

    B.    Lancaster County Children and Youth Services

    C.    Lancaster City Police Department

    D.    Pennsylvania Office of Children, Youth and Families.

Plaintiffs have been advised that several governmental agencies conducted investigations of the incidents of sexual abuse, which investigations produced reports, statements, documents and other materials relevant to the issues in the present action. Some of the Governmental Agencies have advised Plaintiffs' counsel that their ability to comply with the subpoenas is constrained by provisions of various Pennsylvania statutes. However, the documents and records requested in the subpoenas are relevant to the issues in the pending litigation and reasonably calculated to lead to relevant and admissible evidence. Accordingly, Plaintiffs have filed the attached motion requesting an order which will permit the Governmental Agencies to comply with the subpoena and with applicable law.

    II.    STATEMENT OF QUESTION PRESENTED

Should the Governmental Agencies be required to comply with the discovery subpoenas served upon them on or about June 11, 2003? (Suggested answer in the affirmative)

III.    ARGUMENT

In its efforts to conduct discovery in this action, Plaintiffs served a subpoena for records on the Governmental Agencies. In response to the subpoenas, some of the Governmental Agencies have express a willingness to comply with the subpoenas upon issuance of an order of this court.

Specifically, the Lancaster County Children and Youth Social Service Agency has asserted that it is precluded from producing the requested documents, including its investigation of the sexual assault of Katherine Neimer, by the provisions of 23 Pa. C.S.A. § 6340.  However, the Third Circuit Court of Appeals has held that the confidentiality provisions of this statute are not absolute, Pearson v. Miller, 211 F. 3d 57 (3d Cir. 2000).

Pearson was also a civil action seeking damages for a sexual assault.  As in the present case, the plaintiffs in Pearson sought the investigative reports of social service agencies to determine whether there was any evidence that the defendants had knowledge of any prior misconduct by the perpetrator.  The Court of Appeals held that the investigative reports were relevant and discoverable under Rule 26.  The Court of Appeals further held that the District Court was empowered to imposed restrictions on the material to be produced and the manner it was to be used through an appropriate protective order.

The Plaintiffs in the present case seek the same kind of information as was sought by the plaintiffs in Pearson, and from the same kind of social service agency.  The proposed order attached to Plaintiff's motion provides reasonable protection of confidential information while permitting Plaintiffs access to discoverable information.

Similarly, the Lancaster Police have raised the provisions of the Pennsylvania Criminal Record Information Act, 18 P.S. § 9101, et seq., which the Lancaster Police contend

precludes production of its investigation files. In Curtis v. McHenry, 172 F.R.D. 162 (W.D. Pa. 1997), the United States District Court for the Western District, utilizing a similar analysis to that adopted by the Third Circuit Court of Appeals in Pearson, supra, held that this statute did not create an absolute bar to disclosure of police investigative files. The District Court ordered the law enforcement agency to comply with the discovery request[1].

IV.   CONCLUSION

For the reasons set forth above, the objections of the Governmental Agencies to Plaintiffs' discovery can be addressed by the entry of a protective order in the form attached to Plaintiff's motion.  Accordingly, Plaintiffs request that the Governmental Agencies be ordered to comply with Plaintiffs' discovery, subject to reasonable and appropriate protections of confidentiality, and that the deadline for completion of discovery be reasonably extended .

                              KOZLOFF STOUDT

                              _____/s/_____
                              Jeffrey R. Elliott, Esquire
                              *Attorneys for Plaintiffs*

---

[1] In Brooks-Bey v. Reid, 1992 U.S. Dist. LEXIS 1163, 1992 WL 22234 (E.D.Pa. Feb. 4, 1992); McCrery v. Mark, 1992 U.S. Dist. LEXIS 12562, 1992 WL 208980 (E.D.Pa. Aug. 19, 1992), the United States District Court reached a different conclusion from that of the Western District in Curtis v. McHenry.  However, in light of the reasoning of the Third Circuit Court of Appeals in Pearson, refusing to recognize a blanket confidentiality privilege, adopting a flexible approach and permitting discovery of investigative files of government agencies, it is respectfully submitted that the prior Eastern District decisions are no longer relevant authority on this issue.