Jeffrey R. Elliott, Esquire
Attorney I.D. #38147
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA  19610
Telephone: (610) 670–2552                Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, <br>  Plaintiffs <br><br> v. <br><br> CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ, <br>  Defendants | : Docket No. 02-CV-4034 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : Assigned to: <br> : Honorable Clarence C. Newcomer <br> : <br> : Jury Trial Demanded <br> : |

**PLAINTIFF'S AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA AND ATTENDANCE AT DEPOSITION**

The Plaintiffs, Katherine Elizabeth Neimer, James J. Neimer, and Rebecca Neimer, by and through their counsel, Jeffrey R. Elliott, Esquire and Kozloff Stoudt, come now and move this Honorable Court for an order compelling production of certain documents and records in the custody of governmental agencies pursuant to subpoenas served upon the said governmental agencies, and as reasons therefor, Plaintiffs state as follows:

1.  The above-captioned action is a claim for damages and other relief arising from incidents of sexual abuse perpetrated upon Plaintiff Katherine Elizabeth Neimer by Defendant Ismael Alvarez, a teacher at the Hamilton Elementary School in the Lancaster

School District. Defendant Alvarez was the teacher of Plaintiff Katherine Elizabeth Neimer for a portion of the 2000-201 school year.

2. On or about June 11, 2003, Plaintiffs caused subpoenas duces tecum to be served upon the Lancaster School District, seeking production of certain documents relevant to the issues in the present case. A true and correct copy of the said subpoena was attached to Plaintiff's initial motion and is incorporated herein by reference.

3. On or about June 11, 2003, Plaintiffs caused subpoenas and notices of deposition to be served upon (i) Gloria Campbell, a present or former employee of the Lancaster School District and present or former principal of the Hamilton Elementary School and (ii) a designee of the Lancaster School District pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure. True and correct copies of the said subpoenas and notice of deposition was attached to Plaintiff's initial motion and is incorporated herein by reference.

4. The said depositions were scheduled for Monday, June 30, 2003.

5. On June 25, 2003, counsel for the Lancaster School District advised that neither Gloria Campbell nor a designee of the Lancaster School District would appear for depositions on June 30, 2003. A true and correct copy of the said letter was attached to Plaintiff's initial motion and is incorporated herein by reference.

6. Subsequently, counsel for the Lancaster School District filed Objections to the subpoena duces tecum issued to the Lancaster School District.

7. The testimony of Gloria Campbell and the designee of the school district are reasonably calculated to lead to relevant and discoverable evidence, including the following:

    i. documents relating to any investigation of the sexual assault of Katherine Neimer are likely to contain names of witnesses and facts regarding the incident;

    ii. documents regarding the release of children in the School Age Care program are relevant to establishing the policies of the Lancaster Recreation Commission regarding release of children to teachers, adherence to that policy and other violations of such policy;

    iii. documents relating to any communication regarding of the sexual assault of Katherine Neimer are likely to contain names of witnesses and facts regarding the incident.

  8. The witnesses scheduled to be deposes are those most likely to have information regarding the sexual assault of Katherine Neimer.  Specifically, Gloria Campbell was the principal of Hamilton Elementary School, where the assaults occurred at the time of the assaults.  To the extend that Gloria Campbell does not possess complete knowledge regarding the matters contained in the requested documents, the desingee or designees of the School District will have such knowledge.

  9. The refusal of the School District witnesses to appear for deposition is without proper justification or excuse.

  10. Likewise, the objections to the subpoena duces tecum are without merit, as follows:

    i. The objection to the manner of service is obviously in bad faith. The subpoenas wer served upon an employee of the school district who was made aware of the contents of the subpoena and did not object to accepting service.  The subpoenas

were forwarded to counsel who has represented both Lancaster School District and Gloria Campbell in this litigation. The objection to the form of service is a dilatory exercise in elevating form over substance as no prejudice has been alleged, nor has any prejudice been suffered as a result of service of the subpoenas upon the School District staff member.

        ii.      Plaintiffs' request for medical, psychological and other records related to Defendant Alvarez is relevant to determine, *inter alia*, the existence of reports of or treatment for prior incidents of sexual assault or sexual molestation and the extent to which such incidents were known to other defendants. Lancaster School District also lacks standing to assert the confidentiality rights of Defendant Alvarez;

        iii.      The objection of the Lancaster School District on the grounds of privilege is improper. To the extent that the requested documents may include information protected by attorney/client or other privileges, the Lancaster School District should identify such documents in a privilege log and permit the court to evaluate the claims of privilege;

        iv.      The objection of the Lancaster School District that the request for documents is burdensome is unsupported by any factual averments as to the volume of documents. Plaintiffs believe that the number of documents relating the to incident between Katherine Neimer and Defendant Alvarez are relatively few and that production would impose not undue burden upon the school district. Plaintiffs believe that the relevant documents are contained in a single file which is readily amenable to production.

11.    The dilatory and improper conduct of the Lancaster School District and its counsel set forth above have made it impossible to complete discovery by June 30, 2003.

WHEREFORE, Plaintiffs request this court enter an order in the proposed form filed herewith directing that:

1. The Lancaster School District to comply with the subpoena duces tecum served on or about June 11, 2003;

2. The Lancaster School District designate a designee to appear for deposition pursuant to the subpoena and notice of deposition served on or about June 11, 2003 and that the said deposition be conducted within 30 days of the date of the court's order;

3. Gloria Campbell appear for deposition to be conducted within 30 days of the date of the court's order; and

4. The time for discovery shall be extended until August 31, 2003.

KOZLOFF STOUDT

_____/s/_____
Jeffrey R. Elliott, Esquire
2640 Westview Drive, P.O. Box 6286
Wyomissing, PA 19610
*Attorneys for Plaintiffs*

Jeffrey R. Elliott, Esquire
Attorney I.D. #38147
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA  19610
Telephone: (610) 670–2552                        Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br>    Plaintiffs<br><br>  v.<br><br>CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ,<br>    Defendants | : Docket No. 02-CV-4034<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Assigned to:<br>: Honorable Clarence C. Newcomer<br>:<br>: Jury Trial Demanded<br>: |

### CERTIFICATION PURSUANT TO RULE 26.1(f)

The undersigned certifies, pursuant to Rule 26.1(f), that after reasonable effort, the parties have been unable to resolve the dispute set forth in the foregoing motion.

            KOZLOFF STOUDT

            _____/s/_____
            Jeffrey R. Elliott, Esquire
            *Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, | : Docket No. 02-CV-4034 : : : |
| Plaintiffs | : : |
| v. | : : Assigned to: |
| CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ, | : Honorable Clarence C. Newcomer : : Jury Trial Demanded |
| Defendants | : |

## NOTICE AND CERTIFICATE OF SERVICE

    I, Jeffrey R. Elliott, Esquire, attorney for Plaintiff, certify that on July 8, 2003, that I electronically filed the foregoing *Motion to Compel Production of Documents Pursuant to Subpoena, Brief and Order* via the ECF system and it is available for viewing and downloading from the ECF system. I further certify that the foregoing *Motion to Compel Production of Documents Pursuant to Subpoena, Brief and Order* were served upon the following party by <u>first class mail</u>:

| | |
|---|---|
| Christopher S. Underhill, Esquire<br>Hartman, Underhill & Brubaker, LLP<br>221 East Chestnut Street<br>Lancaster, PA 17602<br>*Attorneys for City of Lancaster and Lancaster Recreation Commission* | Edward H. Rubenstone, Esquire<br>Groen, Lamm, Goldberg & Rubenstone, LLC<br>Four Greenwood Square, Suite 200<br>Bensalem, PA 19020<br>*Attorneys for Ismael Alvarez* |

*Maura E. Fay*
*Dilworth Paxson, LLP*
*3200 Mellon Bank Center*
*1735 Market Street*
*Philadelphia, PA 19103*

                                          KOZLOFF STOUDT

                                          _____/s/_____
                                          Jeffrey R. Elliott, Esquire
                                          *Attorneys for Plaintiffs*

Jeffrey R. Elliott, Esquire
Attorney I.D. #38147
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA   19610
Telephone: (610) 670–2552                           Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br>      Plaintiffs<br><br>      v.<br><br>CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ,<br>      Defendants | : Docket No. 02-CV-4034<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Assigned to:<br>:<br>: Honorable Clarence C. Newcomer<br>:<br>: Jury Trial Demanded<br>: |

### BRIEF IN SUPPORT OF PLAINTIFF'S AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA AND ATTENDANCE AT DEPOSITION

I.   STATEMENT OF FACTS

This case presents a claim for damages and other relief arising from incidents of sexual abuse perpetrated upon Plaintiff Katherine Elizabeth Neimer by Defendant Ismael Alvarez, a teacher at the Hamilton Elementary School in the Lancaster School District. Defendant Alvarez was the teacher of Plaintiff Katherine Elizabeth Neimer for a portion of the 2000-201 school year. The pleadings are closed and the Plaintiffs are attempting to conduct discovery.

In furtherance of its efforts to conduct discovery, on or about June 11, 2003, Plaintiffs caused subpoenas duces tecum to be served upon the Lancaster School District, seeking

production of certain documents relevant to the issues in the present case. Also on or about June 11, 2003, Plaintiffs caused subpoenas and notices of deposition to be served upon (i) Gloria Campbell, a present or former employee of the Lancaster School District and present or former principal of the Hamilton Elementary School and (ii) a designee of the Lancaster School District pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure. The depositions of Gloria Campbell and the School District designee were scheduled for Monday, June 30, 2003.

On June 25, 2003, counsel for the Lancaster School District advised that neither Gloria Campbell nor a designee of the Lancaster School District would appear for depositions on June 30, 2003. Subsequently, counsel for the Lancaster School District filed Objections to the subpoena duces tecum issued to the Lancaster School District.

For the reasons set forth below, the objections to Plaintiffs' discovery requests are without merit. Moreover, because of the refusal of the School District to comply with Plaintiffs' discovery requests, Plaintiffs have been frustrated in their efforts to complete discovery. Accordingly, Plaintiff have filed the present motion requesting an order requiring the Lancaster School District to comply with the subpoenas served upon it and its employee or former employee. Plaintiffs' motion further requests an extension of time to complete discovery because of the improper objections of the School District.

II.   STATEMENT OF QUESTION PRESENTED

Should the Lancaster School District and Gloria Campbell be required to comply with the discovery subpoenas served upon them on or about June 11, 2003? (Suggested answer in the affirmative)

III.   ARGUMENT

In its efforts to conduct discovery in this action, Plaintiffs served a subpoena for records on the Lancaster School District. Plaintiffs also served subpoenas to testify and produce records on Gloria Campbell, the principal or former principal of the elementary school where Plaintiff Katherine Neimer was sexually assaulted, and a designee of the Lancaster School District. The subpoenas were served in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

In response to the subpoenas, the Lancaster School District has refused to produce any records and as refused to produce witnesses for deposition. The objections raised by the Lancaster School District are without merit.

Rule 26(a)(5) permits discovery, *inter alia*, by oral deposition. Rule 34(c) permits discovery from non-parties, including production of documents, by subpoena. Discovery is permitted if it is relevant to the claims at issue in the lawsuit, is calculated to lead to the discovery of records, documents and other tangible things relevant to the lawsuit, or is calculated to lead to the discovery of the identity and location of persons having information regarding the issues in the lawsuit, F.R.C.P., Rule 26(b)(1).

The discovery directed to the School District and Gloria Campbell is intended to discovery facts relevant to this lawsuit and the identity of persons having additional knowledge. Specifically, Gloria Campbell was the principal of the elementary school at which the sexual assaults occurred. Defendant Alvarez, the perpetrator of the assaults, was a teacher at the same elementary school. It is reasonable believe that Ms. Campbell would have information regarding Mr. Alvarez, his prior conduct at the school, any investigation of the assault on Katherine Neimer (including identification of other persons having

knowledge), and any communication between the School District and the Lancaster Recreation Commission's School Aged Care Program regarding Defendant Alvarez.

Similarly, the document request and designee subpoenas are directed at the same kind of information. This information is clearly discoverable under Rule 26. The testimony of Gloria Campbell and the designee of the school district are reasonably calculated to lead to relevant and discoverable evidence. Documents relating to any investigation of the sexual assault of Katherine Neimer are likely to contain names of witnesses and facts regarding the incident. Documents regarding the release of children in the School Age Care program are relevant to establishing the policies of the Lancaster Recreation Commission regarding release of children to teachers, adherence to that policy and other violations of such policy by the Recreation Commission and the School District. Documents relating to any communication regarding of the sexual assault of Katherine Neimer are likely to contain names of witnesses and facts regarding the incident.

The witnesses scheduled to be deposes are those most likely to have information regarding the sexual assault of Katherine Neimer. Specifically, Gloria Campbell was the principal of Hamilton Elementary School, where the assaults occurred at the time of the assaults. To the extend that Gloria Campbell does not possess complete knowledge regarding the matters contained in the requested documents, the designee or designees of the School District will have such knowledge.

The refusal of the School District witnesses to appear for deposition is without proper justification or excuse. The objections to the subpoena duces tecum, raised by the School District are without merit. The School District objects, first, to the manner in which the subpoenas were served. The objection to the manner of service is obviously in bad

faith. The subpoenas were served upon an employee of the school district who was made aware of the contents of the subpoena and did not object to accepting service. The subpoenas were forwarded to counsel who has represented both Lancaster School District and Gloria Campbell in this litigation. The objection to the form of service is a dilatory exercise in elevating form over substance as no prejudice has been alleged, nor has any prejudice been suffered as a result of service of the subpoenas upon the School District staff member.

The School District next objects that the information requested is not relevant. Plaintiffs' request for medical, psychological and other records related to Defendant Alvarez is relevant to determine, *inter alia*, the existence of reports of or treatment for prior incidents of sexual assault or sexual molestation and the extent to which such incidents were known to other defendants. Lancaster School District also lacks standing to assert the confidentiality rights of Defendant Alvarez.

The School District further objects that the information requested is privileged or confidential. The objection of the Lancaster School District on the grounds of privilege is improper. To the extent that the requested documents may include information protected by attorney/client or other privileges, the Lancaster School District should identify such documents in a privilege log and permit the court to evaluate the claims of privilege. A blanket refusal to respond to the discovery requests leaves the Plaintiffs with no opportunity to have the court review the propriety of the privilege claim.

Finally, the School District Objects that the request for documents is unduly brudensonme. This objection is unsupported by any factual averments as to the volume of documents. Plaintiffs believe that the number of documents relating the to incident

between Katherine Neimer and Defendant Alvarez are relatively few and that production would impose not undue burden upon the school district.  Plaintiffs believe that the relevant documents are contained in a single file which is readily amenable to production.

IV.    CONCLUSION

For the reasons set forth above, the objections of the Lancaster School District to Plaintiffs' discovery requests are without merit and contrary to law.  In addition, the dilatory and improper conduct of the Lancaster School District and its counsel set forth above have made it impossible to complete discovery by June 30, 2003.  Accordingly, Plaintiffs request that the Lancaster School District be ordered to comply fully and promptly with Plaintiffs' discovery and that the deadline for completion of discovery be reasonably extended .

KOZLOFF STOUDT

_____/s/_____
Jeffrey R. Elliott, Esquire
*Attorneys for Plaintiffs*