HARTMAN UNDERHILL & BRUBAKER LLP
By:  Christopher S. Underhill
     Attorney I.D. No. 07013
     221 East Chestnut Street
     Lancaster, PA  17602                    Solicitor for the City of Lancaster
     (717) 299-7254/FAX (717) 299-3160       Bureau of Police

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER : <br> a minor, by and through JAMES J. NEIMER : <br> and REBECCA NEIMER, her parents and : <br> natural guardians, : <br>           Plaintiffs, : <br>        v. : <br>  : <br>  : CI-02-CV-4034 <br>  : <br> CITY OF LANCASTER; LANCASTER : JURY TRIAL DEMANDED <br> RECREATION COMMISSION; and : <br> ISMAEL ALVAREZ, : <br>           Defendants. : | |

**MEMORANDUM OF THE BUREAU OF POLICE OF THE CITY OF LANCASTER IN SUPPORT OF ITS ANSWER TO THE AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

The Bureau of Police did not provide its investigative information in response to the subpoena from the Plaintiffs because of the provisions of the Criminal History Record Information Act (Act) which provides as follows:

> "Criminal History Record Information."  Information collected from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrest, inditements, information or other formal criminal charges and any dispositions arising therefrom.  The term does not include intelligence information, investigative information or treatment information, including medical and psychological information, or information and records specified in section 9104 (relating to scope).  (Emphasis added).

00300316.1

18 PS § 9102.  Definitions.

> Section 9106(c)(4) provides as follows:
>
>> Investigative and treatment information shall not be disseminated to any department, agency or individual unless a department, agency or individual requesting the information is a criminal justice agency, which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voiceprint or other identifying characteristic.

18 PS §9106(c)(4).

The Act also provides sanctions against anyone who violates the provisions, including civil penalties (§9181(2)) and disciplinary action (§9181(3)).  Plaintiffs cite Curtis v. McHenry, 172 F.R.D. 162 (W.D. Pa. 1997) in support of its position that the information protected by the Act is discoverable.  That court concluded that because the privilege claimed was not uniform across the United States, the protection of the Act was, "Not entitled to recognition in a federal question case under Fed. R. Evid. 501." 172 F.R.D. at 164.

There are two cases from the Eastern District in which the privilege was recognized.  In Brooks-Bey v. Reid, 192 WL 22234 Magistrate Judge Naythons refused to direct the production of a transfer memorandum of a prisoner stating, "Defendants cite the PCHIA, 18 Pa. S.C.A. §9101 et. seq., in claiming that the documents are privileged under Pennsylvania state law.  Section 9106 of that statute states that '...treatment information shall not be collected in the central repository nor in any automated or electronic criminal justice information system.'"  Judge Naythons concluded, "The

transfer memorandum is non-discoverable." In <u>McCrery v. Mark</u>, 1992 WL 208980 Judge Pollak denied a prisoner access to psychological evaluations. Judge Pollak stated the following:

> Defendant also argues that the documents are privileged under state law, citing 18 Pa. C.S.A. §§9101 et seq., the Criminal History Record Information Act. Plaintiff responds that the papers he seeks are relevant and are not privileged, since whatever privilege may have attached has either been waived by defendant or not properly asserted.
>
> I agree with defendant's argument that the Criminal History Record Information Act specifically protects the documents plaintiff hopes to discover. It is, therefore, unnecessary for me to discuss the applicability of any common law privileges asserted by defendant.

The Bureau of Police of the City of Lancaster, therefore, continue to assert the Act as a basis for not providing the investigative information. Non-investigative information has already been provided to Plaintiff's counsel. In the event the Court decides to grant the Amended Motion, then the Bureau of Police requests that the protections set forth in the draft order submitted by Plaintiffs be incorporated in any order directing disclosure.

Dated: _____, 2003     HARTMAN UNDERHILL & BRUBAKER LLP


By:_____
   Christopher S. Underhill
   Attorney I.D. #07013
   Solicitor for the City of Lancaster
   Bureau of Police

221 East Chestnut Street
Lancaster, PA 17602-2782
(717) 299-7254

## PROOF OF SERVICE

I HEREBY CERTIFY that I am this day serving the foregoing Memorandum of the Bureau of Police of the City of Lancaster in Support of its Answer to the Amended Motion to Compel Production of Documents on the persons and in the manner indicated below.

Service by First Class Mail, addressed as follows:

Jeffrey R. Elliott, Esquire
Kozloff Stoudt
2640 Westview Drive
P.O. Box 6286
Wyomissing, PA 19610

Edward H. Rubenstone, Esquire
Groen, Lamm, Goldberg & Rubenstone, LLC
Four Greenwood Square, Suite 200
Bensalem, PA 19020

Maura E. Fay, Esquire
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103-7595

Dated: _____, 2003        HARTMAN UNDERHILL & BRUBAKER LLP

By:_____
Christopher S. Underhill
Attorney I.D. #07013
Solicitor for the City of Lancaster
Bureau of Police

221 East Chestnut Street
Lancaster, PA  17602
(717) 299-7254

00300316.1