## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, | : : : : Docket Number 02-CV-4034 |
| Plaintiffs, | : : |
| v. | : : |
| LANCASTER SCHOOL DISTRICT, et al., | : : : |
| Defendants. | : : |

### ORDER

**AND NOW** this    day of             , 2003, upon consideration of Plaintiffs'

Amended Motion to Compel Production of Documents Pursuant to Subpoena and Attendance at

Deposition, and the Opposition thereto of the School District of Lancaster and Gloria Campbell,

**IT IS HEREBY ORDERED AND DECREED** that:

1.    Plaintiffs' Amended Motion is **DENIED;**

2.    Within ten (10) days of the entry of this Order, counsel for the School District of

      Lancaster and Gloria Campbell shall submit an itemization of the fees and expenses

      associated with both their Oppositions to Plaintiffs' Motion to Compel Production and

      Amended Motion to Compel Production; and

3.    Plaintiffs' counsel shall pay all such fees within five (5) days after this itemization has

      been approved by the Court.

                                        BY THE COURT:

                                        _____
                                        Newcomer, S.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, | : Docket Number 02-CV-4034 |
| Plaintiffs, | : |
| v. | : |
| LANCASTER SCHOOL DISTRICT, et al., | : |
| Defendants. | : |

### OPPOSITION OF THE SCHOOL DISTRICT OF LANCASTER AND GLORIA CAMPBELL TO PLAINTIFFS' AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA AND ATTENDANCE AT DEPOSITION

The School District of Lancaster ("School District") and Gloria Campbell ("Ms. Campbell"), by and through their undersigned counsel, oppose Plaintiffs' Amended Motion to Compel Production of Documents Pursuant to Subpoena and Attendance at Deposition ("Plaintiffs' Amended Motion") as follows:

1.      Admitted in part, denied in part.  The School District and Ms. Campbell admit that "Defendant Alvarez was the teacher of Plaintiff Katherine Elizabeth Neimer for a portion of the 2000-201 (sic) school year."  The School District and Ms. Campbell are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of Plaintiffs' Amended Motion and therefore the same are deemed denied.

2.      Denied.  It is denied that "[o]n or about June 11, 2003, Plaintiffs caused subpoenas duces tecum to be served upon the [School District of Lancaster], seeking production of certain documents relevant to the issues in the present case."  To the contrary, on or about

June 9, 2003, a subpoena directed to the School District was apparently left with a Class II

Enrollment Clerk at the School District's Child Accounting Office located within the Carter

Macrae Elementary School at 251 South Prince Street.  *See* Curry Affidavit attached to the

accompanying Memorandum of Law as Exhibit 2, ¶¶4, 5; Exhibit A to Plaintiffs' Motion to

Compel Production of Documents Pursuant to Subpoena and Attendance at Deposition

("Plaintiffs' Motion"), a copy of which is attached to the accompanying Memorandum of Law as

Exhibit 1.  The Child Accounting Office is an ancillary office of the School District, not its main

office, and the individual with whom the subpoena was left is neither authorized to accept

service for the School District, nor in charge of the Child Accounting Office or the Carter

Macrae School.  *See* Exhibit 2, ¶¶3-5, 7 and 8.

       3.      Denied.  It is denied that on or about June 11, 2003, "Plaintiffs caused subpoenas

and notices of deposition to be served upon (i) Gloria Campbell, a present or former employee of

the [School District]" … "and (ii) a designee of the [School District] pursuant to Rule 30(b)(6)."

To the contrary, on or about June 13, 2003, a subpoena directed to Ms. Campbell was apparently

left with a Class II Clerk at the School District's Child Accounting Office.  *Id.*, ¶6; Exhibit B to

Exhibit 1.  Because Ms. Campbell has not worked for the School District since June 29, 2001

(Exhibit 2, ¶9), and because Federal Rule of Civil Procedure 45 requires that service of a

subpoena be made "by delivering a copy thereof to such person," service was clearly improper as

to Ms. Campbell.

       In addition, although plaintiffs claim that they caused a notice of deposition under Rule

30(b)(6) and subpoena to be served on the School District, the documentation attached in Exhibit

B to Plaintiffs' Motion does not indicate to whom this subpoena was delivered, much less that it

was served on an authorized representative of the School District.  *See* Exhibit B to Exhibit 1.

Absent any evidence that service was effected on an individual (i) in control of the Child Accounting Office, or (ii) authorized to accept service on behalf of the School District, service as to the School District was also ineffective.

4.    Denied as stated.  While it is admitted that the subpoenas listed June 30, 2003 as the deposition date, on June 25, 2003, a person identifying herself as "Debbie from Jeff Elliott's office" advised counsel for the School District and Ms. Campbell that the depositions had been cancelled. *See* Exhibit 4 to the accompanying Memorandum of Law. *See also* Fay affidavit attached to the accompanying Memorandum of Law at Exhibit 8, ¶7.

5.    Admitted.

6.    Denied.  It is denied that subsequent to June 25, 2003, counsel for the School District filed Objections to the subpoena duces tecum issued by the plaintiffs.  To the contrary, the School District's Objections to Subpoena were served on all counsel of record on June 24, 2003.  Exhibit 8, ¶5.  A copy of these objections is attached to the accompanying Memorandum of Law as Exhibit 3.

7.    The School District and Ms. Campbell are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiffs' Amended Motion and therefore the same are deemed denied.  By way of further response, the School District and Ms. Campbell note that plaintiffs waited until less than three weeks before the discovery cut-off to attempt to subpoena them.

8.    Denied.  It is denied that "[t]he witnesses scheduled to be deposes (sic) are those most likely to have information regarding the sexual assault of Katherine Neimer" and that "[t]o the extend (sic) that Gloria Campbell does not possess complete knowledge regarding the matters contained in the requested documents, the desingee (sic) or designees of the School

3

District will have such knowledge." Indeed, if this were true, plaintiffs would not have waited until less than three weeks before the discovery cut-off to seek the information at issue. Moreover, if these witnesses were so vital to the presentation of plaintiffs' case, plaintiffs' counsel would not have had his assistant, Debbie, call the School District's counsel and inform her that the depositions were cancelled. *See* Exhibit 4; Exhibit 8, ¶7.

      9.     Denied. It is denied that "[t]he refusal of the School District witnesses to appear for deposition is without proper justification or excuse." To the contrary, the School District witnesses have not been properly subpoenaed for deposition. Indeed, plaintiffs' counsel has effectively acknowledged the deficiencies in the service on Ms. Campbell through a letter he sent to her well before the instant Motion was filed in which he requested her current address "so that we can efficiently serve you with your deposition subpoena." *See* Exhibit A to Exhibit 7 to the accompanying Memorandum of Law. When the School District's Solicitor complained to plaintiffs' counsel that his contact with Ms. Campbell violated Rule 4.2 of the Rules of Professional Conduct, Plaintiffs' counsel confirmed that Ms. Campbell would have to be subpoenaed directly for service to be effective. *See* Exhibits B and C to Exhibit 7.

     In any event, counsel for the School District and Ms. Campbell was advised on June 25 that the depositions had been cancelled. *See* Exhibit 4; Exhibit 8, ¶7.

      10.    Denied. By way of further response, the School District responds that, notwithstanding plaintiffs' counsel's representation to this Court to the contrary, plaintiffs' counsel made no attempt to resolve any of these objections before filing Plaintiffs' Amended Motion, as required by Local Rule of Civil Procedure 26.1(f). *See* Exhibit 7, ¶¶11-12 and Exhibit 8, ¶¶13-14.

      11.    Denied. It is denied that "[t]he dilatory and improper conduct of the [School

District] and its counsel ... have made it impossible to complete discovery by June 30, 2003." Indeed, the conduct of the School District and its counsel has been entirely proper. To the extent plaintiffs' counsel has been unable to complete discovery it is because he waited until 13 business days before the close of discovery to attempt to subpoena third-party witnesses he has known about since at least June 2002 when he instituted this action.

By way of further response, the School District and Ms. Campbell aver that on June 25, 2003 plaintiffs' counsel cancelled the depositions. *See* Exhibit 4; Exhibit 8, ¶7. It is fair to assume that had plaintiffs' counsel viewed these depositions as necessary to his discovery, he would not have cancelled them.

**WHEREFORE**, the School District of Lancaster and Gloria Campbell request that the Court deny Plaintiffs' Amended Motion to Compel Production of Documents Pursuant to Subpoena and Attendance at Deposition. The School District of Lancaster and Gloria Campbell also request that plaintiffs' counsel reimburse them for the legal fees and expenses incurred in the preparation of their Oppositions to Plaintiffs' Motion to Compel Production and Amended Motion to Compel Production.

Respectfully submitted,

Maura E. Fay
Identification No. 50814
Joshua D. Groff
Identification No. 86191
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
215-575-7000

DATED: July 16, 2003

Counsel for
the School District of Lancaster
and Gloria Campbell

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, | : | Docket Number 02-CV-4034 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| LANCASTER SCHOOL DISTRICT, et al., | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OF LAW IN SUPPORT OF THE
OPPOSITION OF THE SCHOOL DISTRICT OF LANCASTER
AND GLORIA CAMPBELL TO PLAINTIFFS' AMENDED
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PURSUANT TO SUBPOENA AND ATTENDANCE AT DEPOSITION

The School District of Lancaster ("School District") and Gloria Campbell ("Ms.

Campbell"), by and through their undersigned counsel, submit the following Memorandum of

Law in Support of their Opposition to Plaintiffs' Amended Motion to Compel Production of

Documents Pursuant to Subpoena and Attendance at Deposition.

**FACTUAL BACKGROUND**

The instant action was commenced by Complaint dated June 24, 2002 against, among

others, the School District and Ms. Campbell.  Included in the Complaint are allegations that

plaintiff Katherine Neimer ("Neimer") was assaulted by defendant Ismael Alvarez in a School

District building where Ms. Campbell was principal.  Plaintiffs' Complaint, ¶¶8, 14.  By Opinion

and Order dated December 13, 2002, all of plaintiffs' claims against the School District and Ms.

Campbell were dismissed.

On February 28, 2003, this Court issued a scheduling order which provided, in pertinent part, that discovery in this action would close on July 1, 2003. Although plaintiffs had months after the issuance of this Scheduling Order to seek third party discovery, they waited until three weeks before the close of discovery to seek documents from, and depositions of, the School District and Ms. Campbell. *See* Exhibits A and B to Plaintiffs' Motion to Compel Production of Documents Pursuant to Subpoena and Attendance at Deposition ("Plaintiffs' Motion"), a copy of which is attached hereto as Exhibit 1.

Specifically, on June 9, 2003 plaintiffs reportedly "served" the School District with a subpoena duces tecum for the inspection and copying of various documents. Exhibit A to Exhibit 1. According to the return of service, this subpoena was handed to Sophia Jones at the School District's Child Accounting Office at 251 South Prince Street. *Id.* "Service" was allegedly effected upon Ms. Jones -- a Class II Enrollment Clerk -- even though she is neither authorized to accept service on behalf of the School District, nor in control of the Child Accounting Office. *See* Curry Affidavit attached hereto as Exhibit 2, ¶¶5, 7-8.

Four days later, a different individual at that office -- Fior Calderon -- was purportedly handed a subpoena for Ms. Campbell. *See* Exhibit B to Exhibit 1. Ms. Calderon is a Class II Clerk in the Child Accounting Office and, as such, is not in control of that office or authorized to accept service on behalf of the School District or any of its employees. Exhibit 2, ¶¶6-8. On some unidentified occasion, a subpoena for the deposition of a designee of the School District was also allegedly left at the Child Accounting Office. Exhibit B to Exhibit 1. The return of service for this subpoena is blank and, therefore, there is no way to tell who received this subpoena, much less when it was delivered. *Id.* The subpoena duces tecum to the School District called for the production of documents on June 20, 2003, while the testimonial

2

subpoenas called for the witnesses to be produced for deposition on June 30, 2003. Exhibits A and B to Exhibit 1.

Because the subpoenas were not served at the School District's main offices, and were not delivered to an individual authorized to accept service on behalf of the School District, it took a week for the materials to be forwarded to the School District's counsel. Within a day of receiving the subpoena duces tecum, counsel for the School District served all counsel of record with the School District's Objections to plaintiffs' document subpoena. A copy of these Objections is attached hereto as Exhibit 3.

The next day, counsel for the School District and Ms. Campbell advised plaintiffs' counsel that the witnesses had also not been properly served with their respective subpoenas and, therefore, the witnesses would not be produced for deposition. *See* Exhibit C to Exhibit 1. The infirmities in the subpoena included that Ms. Campbell's subpoena had been left at a remote School District office even though she hadn't worked for the School District for over two years. *Id.*; *see also* Exhibit 2, ¶¶4, 9.

Shortly after plaintiffs' counsel received the letter from counsel for the School District and Ms. Campbell, Debbie in his office called the witnesses' counsel to advise her that the depositions scheduled for June 30 had been cancelled.[1] *See* Exhibit 4 attached hereto. Consistent with this representation, by letter dated June 25, 2003, the School District's/Ms. Campbell's counsel returned the witness checks to plaintiffs' counsel. *Id.*

Notwithstanding the conversation with Debbie, later that day, plaintiffs' counsel wrote to counsel for the School District and Ms. Campbell and threatened to file a motion for sanctions

---

[1] Importantly, Debbie informed counsel that the depositions had been cancelled rather than postponed or adjourned.

3

and to compel document production.[2]  *See* Exhibit 5 attached hereto.  By way of response, plaintiffs' counsel was encouraged to speak with Debbie in his office **before** filing any such motion.  *See* Exhibit 6 attached hereto.  Despite this caution, two days later, plaintiffs' counsel apparently filed Plaintiff's Motion.[3]  On July 3, 2003, the School District and Ms. Campbell opposed Plaintiffs' Motion on several grounds including, but not limited to, that service had been improper as to both of them.  Plaintiffs' Motion was also fatally defective insofar as (1) it failed to include a certification that plaintiffs' counsel had attempted to resolve the third-party witnesses' objections, and (2) the Motion did not include a supporting memorandum of law in violation of Local Rule of Civil Procedure 7.1.  By Order dated July 8, 2003, this Honorable Court denied Plaintiffs' Motion.

Also on July 8, 2003, plaintiffs filed an "Amended Motion to Compel Production of Documents Pursuant to Subpoena and Attendance at Deposition."  Although plaintiffs' latest submission includes a certification of counsel pursuant to Local Rule of Civil Procedure 26.1(f), in fact plaintiffs' counsel **never contacted** counsel for the School District, or Ms. Campbell, about resolving their discovery objections.  *See* Frankhouser affidavit attached hereto as Exhibit 7, ¶¶10-12; Fay affidavit attached hereto as Exhibit 8, ¶¶13-14.  Plaintiffs' Amended Motion must also be rejected since proper service on the School District and Ms. Campbell was not effected.

---

[2] Unbeknownst to the School District's counsel, this threat came after plaintiffs had already moved to compel the School District to produce these documents.  *See* Plaintiffs' Motion to Compel Production of Documents Pursuant to Subpoena dated June 19, 2003.

[3] While Plaintiffs' Motion appeared on the Court docket, and was available through the District Court's ECF system, counsel for the School District and Ms. Campbell never received a copy of Plaintiffs' Motion.  Counsel was also never served with a copy of Plaintiffs' June 19, 2003 Motion to Compel the School District to produce documents pursuant to subpoena.

## ARGUMENT

### A.    SERVICE WAS IMPROPER

#### 1.    Ms. Campbell Was Not Served in Accordance with Rule 45

Federal Rule of Civil Procedure 45(b)(1) provides, in pertinent part, that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person ...." Fed. R. Civ. P. 45 (emphasis added).  Despite the unambiguous terms of Rule 45, plaintiffs purported to serve Ms. Campbell with a notice of deposition and document subpoena by leaving a copy of those documents with a clerk at the School District's Child Accounting Office. *See* Exhibit B to Exhibit 1; Exhibit 2, ¶6.  Although plaintiffs were subsequently advised that this "service" was improper because, among other things, Ms. Campbell no longer worked for the School District (exhibit C to exhibit 1), plaintiffs have now moved to compel Ms. Campbell's appearance, arguing that service was proper as to Ms. Campbell because the notice of deposition and subpoena were left with an employee of the School District "who was made aware of the contents of the subpoena and did not object to accepting service."[4] *See* Plaintiffs' Amended Motion, ¶10(i).  Notably, the claims that Ms. Calderon (1) was made aware of the contents of the subpoena and (2) failed to object to taking custody of the subpoena, are not supported by any notation on the return of service or by a separate affidavit.

The notion that service on Ms. Campbell may be effected by leaving a subpoena

- with a clerk,

---

[4] Although plaintiffs argue that service was proper as to Ms. Campbell, the day before moving to compel the first time, plaintiffs' counsel wrote to Ms. Campbell seeking information on her whereabouts so that "we can efficiently serve you with your deposition subpoena." *See* Exhibit A to Exhibit 7 attached hereto.  Not only is this contact a violation of Rule 4.2 of the Rules of Professional Conduct insofar as Ms. Campbell is clearly a party represented by counsel as to the matter in question (discovery), but it is also an admission that Ms. Campbell was not properly served in the first instance.  Before the filing of the instant motion, plaintiffs' counsel made additional admissions regarding the service deficiencies involving Ms. Campbell, all of which support the conclusion that this motion was also filed in violation of Federal Rule of Civil Procedure 11.  *See* Exhibit C to Exhibit 7.

5

- at a remote office,

- of her former employer

is also without any legal support.  Indeed, at least one court has refused to enforce subpoenas "served" on the registered agent for a current employer of three witnesses.  *See Application of Johnson & Johnson*, 59 F.R.D. 174, 177 (D. Del. 1973).  Notably, plaintiffs cite no authority for the proposition that service on a non-agent of a former employer is any more valid.[5]  Because plaintiffs' actions fail to comport with the requirements of Rule 45, plaintiffs' motion to compel must be denied.[6]

### 2.  The School District Was Not Served In Accordance With the Applicable Rules

It is also evident that the subpoenas directing the School District to produce documents, and a witness pursuant to Rule 30(b)(6), were not served in accordance with the applicable rules.  Specifically, Rule 45 of the Federal Rules of Civil Procedure is silent with respect to what constitutes proper service on a school district.  When faced with the question of how to interpret the requirements of Rule 45 in the absence of precise direction, courts have looked to the provisions of Federal Rule 4 for guidance.  *See In re Electric & Musical Indus., Ltd., Middlesex, England*, 155 F.Supp. 892, 893 (S.D.N.Y. 1957).  Federal Rule 4(j) addresses service upon a state, municipal corporation or other governmental organization and provides that service shall be effected on these types of entities

---

[5] This same issue was raised in the Opposition to Plaintiffs' first Motion to Compel.  Presumably, if plaintiffs had any authority for any of their arguments they would have cited these cases in their Amended Motion to Compel.  Notably, Plaintiffs' Amended Motion includes no case citations.

[6] Alternatively, plaintiffs argue, again without any legal support, that Ms. Campbell should be compelled to appear and testify because she has not been prejudiced by plaintiffs' failure to comply with Rule 45.  Plaintiffs' Amended Motion, ¶10(i).  Not only is the view that prejudice is a relevant consideration unsupported, it ignores that, in this context, courts focus on whether the subpoena was properly issued and served and ignore whether or not the witness ultimately learned of the subpoena.  *See, e.g., Smith v. Midland Brake, Inc.* 162 F.R.D. 683, 686 (D. Kan. 1995).

by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant. Fed. R. Civ. P. 4(j).

In Pennsylvania, original process may be effected upon a political subdivision of the Commonwealth by handing a copy of such process to:

> (1) an agent duly authorized by the political subdivision to receive service of process; or
>
> (2) the person in charge at the office of the defendant, or
>
> (3) the mayor, or the president, chairman, secretary or clerk of the tax levying body thereof, and in counties where there is no tax levying body, the chairman or clerk of the board of county commissioners. Pa. R. Civ. P. 422(b).

Here, plaintiffs purported to serve the document subpoena on the School District by leaving a copy of the subpoena with a Class II Enrollment Clerk, Sophia Jones. Exhibit B to Exhibit 1; Exhibit 2, ¶5. Because Ms. Jones is neither authorized to accept service on behalf of the School District, nor in charge of the Child Accounting Office (exhibit 2, ¶¶7-8), this "service" is invalid under the applicable federal and state service provisions.

The claim that the notice of 30(b)(6) deposition and deposition subpoena were properly served on the School District is equally frivolous. First, there is no indication on the return of service who was served with this subpoena. *See* Exhibit B to Exhibit 1. Second, assuming either Ms. Calderon or Ms. Jones was given the School District deposition subpoena, neither had the authority to accept service on behalf of the School District. Exhibit 2, ¶¶7, 8. As such, there is no information from which this Court can conclude that service of the Rule 30(b)(6) subpoena and notice of deposition was proper.

7

### B.    PLAINTIFFS' COUNSEL CANCELLED THE DEPOSITIONS

Of course, even if service was proper, there is still no basis for the plaintiffs' request that

this Court compel the School District and Ms. Campbell to appear for depositions. Indeed, on

June 25, 2003, an assistant to plaintiffs' counsel -- Debbie -- called counsel for the School

District and Ms. Campbell to advise her that the depositions originally scheduled for June 30,

2003 **had been cancelled**.[7]  *See* Exhibit 4; Exhibit 8, ¶7.  Consistent with this conversation, the

witness checks for the School District and Ms. Campbell were immediately returned to plaintiffs'

counsel.  *See* Exhibit 4.  Presumably, had plaintiffs actually deemed the designee of the School

District and Ms. Campbell integral to their case, they would not have cancelled these

depositions.[8]  Indeed, had plaintiffs viewed the School District representative and Ms. Campbell

as necessary to their suit they would have sought discovery of them more than three weeks

before the close of discovery.

### C.    PLAINTIFFS' MOTION IS FATALLY DEFECTIVE

It is equally clear that plaintiffs' motion must be denied because of a fatal defect in their

submission.  Specifically, although plaintiffs' counsel claims to have conferred with the

witnesses' counsel prior to filing the instant Motion as required under Local Rule of Civil

Procedure 26.1, no such conference ever occurred.  *See* Exhibits 7, ¶¶10-12 and Exhibit 8, ¶¶13-

14.  Because this is the second time plaintiffs have submitted an improper and unsupported

---

[7] Notably, plaintiffs did not include this correspondence in either of their Motions to Compel, presumably because it undercuts their position that the School District and Ms. Campbell are being obstreperous.

[8] The attempt to blame the School District and Ms. Campbell for these cancellations does not support a different conclusion.  *See* Exhibit 5 attached hereto.  First, although plaintiffs' counsel now tries to characterize the cancellation as unilateral by the School District and Ms. Campbell, he **has never denied** that Debbie called and cancelled the depositions.  *See* Exhibits 4-6 attached hereto.  Second, although plaintiffs' counsel now claims that the witnesses' counsel cancelled the depositions, he has not acted consistently with this version of the events.  For example, had plaintiffs' counsel really contested the cancellation, he would have returned the witness checks to the witnesses' counsel.

8

motion to compel, the School District of Lancaster and Gloria Campbell ask that plaintiffs'

Amended Motion not only be denied but, also, that plaintiffs' counsel be assessed the costs and

fees incurred by them in submitting their Oppositions.

Respectfully submitted,

Maura E. Fay
Identification No. 50814
Joshua D. Groff
Identification No. 86191
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
215-575-7000

DATED: July 16, 2003

Counsel for
the School District of Lancaster
and Gloria Campbell

9

**EXHIBIT 1**

4/27

Jeffrey R. Elliott, Esquire
Attorney I.D. #38147
Barry W. Sawtelle
Attorney I.D. #42936
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA  19610
Telephone: (610) 670–2552                    Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER,<br>a minor, by and through JAMES J. NEIMER<br>and REBECCA NEIMER, her parents and<br>natural guardians,<br>     Plaintiffs<br><br>     v.<br><br>CITY OF LANCASTER, LANCASTER<br>RECREATION COMMISSION, and<br>ISMAEL ALVAREZ,<br>     Defendants | : Docket No. 02-CV-4034<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Assigned to:<br>: Honorable Clarence C. Newcomer<br>:<br>: Jury Trial Demanded<br>: |

## ORDER

AND NOW, this _____ day of June, 2003, upon consideration of Plaintiffs' Motion

to Compel Production of Documents Pursuant to Subpoena and Attendance at Deposition,

it is hereby ORDERED that the Lancaster School District and Gloria Campbell shall comply

fully with the subpoenas duces tecum and subpoena to attend depositions (the

"Subpoenas") served upon them, as follows:

1.     The Lancaster School District shall provide full and complete responses to

         the subpoena duces tecum served on or about June 11, 2003 within ten (10)

days of the date of this order.

2.    The Lancaster School District shall designate a designee to appear for deposition pursuant to the subpoena and notice of deposition served on or about June 11, 2003. Said designee shall appear to be deposed within 30 days of the date of this order.

3.    Gloria Campbell shall appear for deposition to be conducted within 30 days of the date of this order.

4.    The time for discovery shall be extended until August 31, 2003.

BY THE COURT:

_____    J.

Jeffrey R. Elliott, Esquire
Attorney I.D. #38147
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA  19610
Telephone: (610) 670–2552                    Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, | : Docket No. 02-CV-4034 |
| a minor, by and through JAMES J. NEIMER | : |
| and REBECCA NEIMER, her parents and | : |
| natural guardians, | : |
|         Plaintiffs | : |
| | : |
| | : |
|     v. | : |
| | : Assigned to: |
| CITY OF LANCASTER, LANCASTER | : Honorable Clarence C. Newcomer |
| RECREATION COMMISSION, and | : |
| ISMAEL ALVAREZ, | : Jury Trial Demanded |
|         Defendants | : |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**PURSUANT TO SUBPOENA AND ATTENDANCE AT DEPOSITION**

The Plaintiffs, Katherine Elizabeth Neimer, James J. Neimer, and Rebecca Neimer, by and through their counsel, Jeffrey R. Elliott, Esquire and Kozloff Stoudt, come now and move this Honorable Court for an order compelling production of certain documents and records in the custody of governmental agencies pursuant to subpoenas served upon the said governmental agencies, and as reasons therefor, Plaintiffs state as follows:

1.      The above-captioned action is a claim for damages and other relief arising from incidents of sexual abuse perpetrated upon Plaintiff Katherine Elizabeth Neimer by Defendant Ismael Alvarez, a teacher at the Hamilton Elementary School in the Lancaster

School District. Defendant Alvarez was the teacher of Plaintiff Katherine Elizabeth Neimer for a portion of the 2000-201 school year.

2.　　　On or about June 11, 2003, Plaintiffs caused subpoenas duces tecum to be served upon the Lancaster School District, seeking production of certain documents relevant to the issues in the present case. A true and correct copy of the said subpoena is attached hereto, marked Exhibit "A" and incorporated herein by reference.

3.　　　On or about June 11, 2003, Plaintiffs caused subpoenas and notices of deposition to be served upon (i) Gloria Campbell, a present or former employee of the Lancaster School District and present or former principal of the Hamilton Elementary School and (ii) a designee of the Lancaster School District pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure. True and correct copies of the said subpoenas and notice of deposition are attached hereto, marked Exhibit "B" and incorporated herein by reference.

4.　　　The said depositions were scheduled for Monday, June 30, 2003.

5.　　　On June 25, 2003, counsel for the Lancaster School District advised that neither Gloria Campbell nor a designee of the Lancaster School District would appear for depositions on June 30, 2003. A true and correct copy of the said letter is attached hereto, marked Exhibit "C" and incorporated herein by reference.

6.　　　Subsequently, counsel for the Lancaster School District filed Objections to the subpoena duces tecum issued to the Lancaster School District.

7.　　　The testimony of Gloria Campbell and the designee of the school district are reasonably calculated to lead to relevant and discoverable evidence, including the following:

i.    documents relating to any investigation of the sexual assault of Katherine Neimer are likely to contain names of witnesses and facts regarding the incident;

ii.    documents regarding the release of children in the School Age Care program are relevant to establishing the policies of the Lancaster Recreation Commission regarding release of children to teachers, adherence to that policy and other violations of such policy;

iii.    documents relating to any communication regarding of the sexual assault of Katherine Neimer are likely to contain names of witnesses and facts regarding the incident.

8.    The witnesses scheduled to be deposes are those most likely to have information regarding the sexual assault of Katherine Neimer.  Specifically, Gloria Campbell was the principal of Hamilton Elementary School, where the assaults occurred at the time of the assaults.  To the extend that Gloria Campbell does not possess complete knowledge regarding the matters contained in the requested documents, the desingee or designees of the School District will have such knowledge.

9.    The refusal of the School District witnesses to appear for deposition is without proper justification or excuse.

10.    Likewise, the objections to the subpoena duces tecum are without merit, as follows:

i.    The objection to the manner of service is obviously in bad faith. The subpoenas wer served upon an employee of the school district who was made aware of the contents of the subpoena and did not object to accepting service.  The subpoenas

were forwarded to counsel who has represented both Lancaster School District and Gloria Campbell in this litigation. The objection to the form of service is a dilatory exercise in elevating form over substance as no prejudice has been alleged, nor has any prejudice been suffered as a result of service of the subpoenas upon the School District staff member.

   ii. Plaintiffs' request for medical, psychological and other records related to Defendant Alvarez is relevant to determine, *inter alia,* the existence of reports of or treatment for prior incidents of sexual assault or sexual molestation and the extent to which such incidents were known to other defendants. Lancaster School District also lacks standing to assert the confidentiality rights of Defendant Alvarez;

   iii. The objection of the Lancaster School District on the grounds of privilege is improper. To the extent that the requested documents may include information protected by attorney/client or other privileges, the Lancaster School District should identify such documents in a privilege log and permit the court to evaluate the claims of privilege;

   iv. The objection of the Lancaster School District that the request for documents is burdensome is unsupported by any factual averments as to the volume of documents. Plaintiffs believe that the number of documents relating the to incident between Katherine Neimer and Defendant Alvarez are relatively few and that production would impose not undue burden upon the school district. Plaintiffs believe that the relevant documents are contained in a single file which is readily amenable to production.

   11. The dilatory and improper conduct of the Lancaster School District and its counsel set forth above have made it impossible to complete discovery by June 30, 2003.

WHEREFORE, Plaintiffs request this court enter an order in the proposed form filed herewith directing that:

1.    The Lancaster School District to comply with the subpoena duces tecum served on or about June 11, 2003

2.    The Lancaster School District designate a designee to appear for deposition pursuant to the subpoena and notice of deposition served on or about June 11, 2003 and that the said deposition be conducted within 30 days of the date of the court's order; and

3.    Gloria Campbell appear for deposition to be conducted within 30 days of the date of the court's order.

KOZLOFF STOUDT

_____/s/_____
Jeffrey R. Elliott, Esquire
2640 Westview Drive, P.O. Box 6286
Wyomissing, PA 19610
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE ELIZABETH NEIMER,  : Docket No. 02-CV-4034
a minor, by and through JAMES J. NEIMER :
and REBECCA NEIMER, her parents and :
natural guardians, :
     Plaintiffs :
          :
  v.       :
          : Assigned to:
CITY OF LANCASTER, LANCASTER : Honorable Clarence C. Newcomer
RECREATION COMMISSION, and :
ISMAEL ALVAREZ,    : Jury Trial Demanded
     Defendants :

## NOTICE AND CERTIFICATE OF SERVICE

   I, Jeffrey R. Elliott, Esquire, attorney for Plaintiff, certify that on June 27, 2003, that

I electronically filed the foregoing *Motion to Compel Production of Documents Pursuant to*

*Subpoena and Order* via the ECF system and it is available for viewing and downloading

from the ECF system.  I further certify that the  foregoing *Entry of Appearance* was served

upon the following party by <u>first class mail</u>:

Christopher S. Underhill, Esquire   Edward H. Rubenstone, Esquire
Hartman, Underhill & Brubaker, LLP  Groen, Lamm, Goldberg & Rubenstone, LLC
221 East Chestnut Street     Four Greenwood Square, Suite 200
Lancaster, PA 17602      Bensalem, PA 19020
*Attorneys for City of Lancaster and Lancaster* *Attorneys for Ismael Alvarez*
*Recreation Commission*

Maura E. Fay
*Dilworth Paxson, LLP*
*3200 Mellon Bank Center*
*1735 Market Street*
*Philadelphia, PA 19103*

       KOZLOFF STOUDT


       _____/s/_____
       Jeffrey R. Elliott, Esquire
       *Attorneys for Plaintiffs*