**EXHIBIT 2**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,** : | **Docket Number 02-CV-4034** |
| : | |
| **Plaintiffs,** : | |
| : | |
| **v.** : | |
| : | |
| **LANCASTER SCHOOL DISTRICT, et al.,** : | |
| : | |
| **Defendants.** : | |

## AFFIDAVIT OF RICARDO CURRY

**COMMONWEALTH OF PENNSYLVANIA** )
                                          )   ss.
**COUNTY OF LANCASTER** )

Ricardo Curry being duly sworn according to law, hereby deposes and says as follows:

1.     I am Superintendent of the School District of Lancaster ("School District");

2.     In my capacity as Superintendent, I am familiar with the operations of the School District and with its various offices.

3.     The main office of the School District is the Scheffey Administrative Service Center located at 1020 Lehigh Avenue, Lancaster, Pennsylvania 17602.

4.     The School District maintains 20 school buildings; some of those school buildings contain ancillary offices for the School District. One such building is the Carter Macrae Elementary School which is located at 251 South Prince Street, Lancaster,

{A01039–O.1}

Pennsylvania 17601. The Child Accounting Office for the School District is located at that school.

5.      Sophia Jones is employed by the School District and is assigned to the Child Accounting Office as a Class II Enrollment Clerk.

6.      Fior Calderon is employed by the School District and is assigned to the Child Accounting Office as a Class II Clerk.

7.      Neither Sophia Jones nor Fior Calderon is authorized to accept service on behalf of the School District.

8.      Neither Sophia Jones nor Fior Calderon is in charge of the Child Accounting Office or of the Carter Macrae Elementary School within which the office is located.

9.      Gloria Campbell has not been employed by the School District since June 29, 2001.

_____
Ricardo Curry

Subscribed and sworn to before
me this 2 day of ___July___, 2003.

_____
Notary Public, Commonwealth of Pennsylvania

My Commission Expires: _____

Notarial Seal
Pamela J. Kolb, Notary Public
City of Lancaster, Lancaster County
My Commission Expires May 5, 2007
Member, Pennsylvania Association of Notaries

2

{A01039~0.1}

**EXHIBIT 3**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, | : | Docket Number 02CV4034 |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| LANCASTER SCHOOL DISTRICT, et al., | : | |
| | : | |
| **Defendants.** | : | |

### OBJECTIONS OF THE SCHOOL DISTRICT OF LANCASTER
### TO THE SUBPOENA ISSUED BY THE PLAINTIFFS

Pursuant to Fed. R. Civ. P. 45, the School District of Lancaster ("School District"), by and through its undersigned counsel, hereby submits the following Objections to the Subpoena Issued by the Plaintiffs. All responses set forth herein are made without in any way waiving or intending to waive, but to the contrary, intending to preserve and preserving:

(1) All questions as to competency, materiality, relevancy, privilege and admissibility as evidence for any purpose in any subsequent proceeding or the trial of this or any other action;

(2) The right to object on any ground to the use of any of these responses, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

(3)    The right to object on any ground at any time to a demand for further response to these or any other requests for production of documents referring or relating to the subject matter of the requests herein responded to; and

(4)    The right to supplement and/or amend these responses based upon the recollection of persons presently unavailable or the discovery of additional documents and the adducement of deposition and documentary information during discovery.

## I.    GENERAL OBJECTIONS

The School District objects to the Subpoena, and each Request set forth therein, to the extent that:

(1)    It requests information which is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence;

(2)    It is overly broad and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive;

(3)    It seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court;

(4)    It seeks confidential medical information, the disclosure of which would be improper and inappropriate; and

(5)    It seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the School District.

2

## II.  SPECIFIC OBJECTIONS TO SUBPOENA

### Objection #1:

1.    Service of the document subpoena on the School District of Lancaster was improper because the subpoena was left with a clerical staff person who was neither in charge of the office at which the subpoena was delivered, nor an officer, managing agent, supervisor or registered agent for the School District of Lancaster.  Additionally, the individual with whom the subpoena was left has never been authorized to accept service on behalf of the School District of Lancaster.  Finally, the subpoena was not served at the School District of Lancaster's main offices and a copy was never served on the School District of Lancaster's counsel.

### Objection #2:

2.    Plaintiffs' request for the medical and psychological records of Ismael Alvarez is objectionable to the extent it seeks confidential medical information, the disclosure of which would be improper and inappropriate.  Objection is also made to this request to the extent the information sought is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

### Objection #3:

3.    Plaintiffs' request for "the contents of the investigative file" is objectionable to the extent it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, and to the extent that it seeks information

3

protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the School District of Lancaster.

**Objection #4:**

4.    Plaintiffs' request for "all documents in the matter involving Ismael Alvarez and Katherine Elizabeth Neimer, a minor, ..." is overly broad and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive. This request is also objectionable to the extent it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court; and to the extent that it seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the School District of Lancaster.

Respectfully submitted,

Maura E. Fay
Identification No. 50814
Joshua D. Groff
Identification No. 86191
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
215-575-7000

DATED: June 24, 2003

Counsel for
the School District of Lancaster

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Objections of the School District of Lancaster to the Subpoena Issued by the Plaintiffs was served by telecopy and first class mail, postage pre-paid, on June 24, 2003 on the following counsel of record:

Jeffrey R. Elliot, Esquire
KOZLOFF STOUDT
2640 Westview Drive
P.O. Box 6286
Wyomissing, PA 19610

Christopher S. Underhill, Esquire
HARTMAN, UNDERHILL & BRUBAKER, LLP
221 East Chestnut Street
Lancaster, PA 17602-2782

Edward H. Rubenstone, Esquire
GROEN, LAMM, GOLDBERG & RUBENSTONE, LLC
Four Greenwood Square
Suite 200
Bensalem, PA 19020

Maura E. Fay

DATED: June 24, 2003

5

**EXHIBIT 4**

# DILWORTH PAXSON LLP

### LAW OFFICES

DIRECT DIAL NUMBER:                                                      Maura E. Fay
215-575-7252                                                       mfay@dilworthlaw.com

June 25, 2003

## VIA TELECOPY AND REGULAR MAIL

Jeffrey R. Elliott, Esquire
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA 19610

> RE:   Neimer v. School District of Lancaster, et al.
>       02-CV-9224

Dear Mr. Elliott:

This will confirm that your assistant, Debbie, called me this morning to advise me that the depositions of a representative of the School District of Lancaster and Gloria Campbell have been cancelled.

Consistent with this representation, I am enclosing herewith the witness checks which accompanied the subpoenas issued by your office.

Very truly yours,

Maura E. Fay

MEF/abs

Enclosures

c without enclosures:  Christopher S. Underhill, Esquire (via telecopy)
                       Edward H. Rubenstone, Esquire (via telecopy)

3200 MELLON BANK CENTER • 1735 MARKET STREET • PHILADELPHIA PA 19103-7595
(215) 575-7000 • FAX (215) 575-7200 • www.dilworthlaw.com

CHERRY HILL NJ    HARRISBURG PA    NEPTUNE NJ    NEWTOWN SQUARE PA    WASHINGTON DC    WILMINGTON DE
AFFILIATED OFFICE

**EXHIBIT 5**

JUN-25-2003  16:07     KOZLOFF STOUDT                                    P.02/02



**Kozloff Stoudt**

ATTORNEYS AT LAW   PROFESSIONAL CORPORATION  Email:
jelliott@kozloffstoudt.com

June 25, 2003

_**Via Facsimile: 215-575-7200**_
Maura E. Fay, Esquire
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103

Re:   Neimer v. Lancaster Recreation Commission, et al.
       Our File No. 200530-1

Dear Ms. Fay:

I have your objections to the records subpoena served on the School District, and our discovery depositions scheduled for June 30th of School District officials. Your unilateral action in canceling and obstructing this discovery is improper. We will be proceeding to the Court with a Motion for Sanction and to Compel the School District to comply with the subpoenas which were properly served. Since you have already advised me by your faxed letter this date that Gloria Campbell nor any School District designee will be appearing for deposition on June 30th, it is you who have cancelled my depositions.

Very truly yours,

KOZLOFF STOUDT
Professional Corporation

Jeffrey R. Elliott

JRE:kmk
cc:   Christopher S. Underhill, Esq.
       Edward H. Rubenstone, Esq.

TOTAL P.02

**EXHIBIT 6**

# DILWORTH PAXSON LLP

## LAW OFFICES

DIRECT DIAL NUMBER:
215-575-7252

Maura E. Fay
mfay@dilworthlaw.com

June 25, 2003

**VIA TELECOPY AND REGULAR MAIL**

Jeffrey R. Elliott, Esquire
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA 19610

RE: **Neimer v. School District of Lancaster, et al.**
**02-CV-9224**

Dear Mr. Elliott:

I am in receipt of your letter of this afternoon in which you threaten to approach the Court with a Motion to Compel and for Sanctions. Before you make such a motion, I suggest you confer with Debbie in your office about her call to me of this morning in which she advised me that the depositions were cancelled.

Very truly yours,

Maura E. Fay

MEF/abs

c: Christopher S. Underhill, Esquire (via telecopy)
Edward H. Rubenstone, Esquire (via telecopy)

3200 MELLON BANK CENTER • 1735 MARKET STREET • PHILADELPHIA PA 19103-7595
(215) 575-7000 • FAX (215) 575-7200 • www.dilworthlaw.com

AFFILIATED OFFICE
CHERRY HILL NJ    HARRISBURG PA    NEPTUNE NJ    NEWTOWN SQUARE PA    WASHINGTON DC    WILMINGTON DE

**EXHIBIT 7**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, | : : : : : | Docket Number 02-CV-4034 |
| Plaintiffs, | : : | |
| v. | : : | |
| LANCASTER SCHOOL DISTRICT, et al., | : : : | |
| Defendants. | : | |

## AFFIDAVIT OF ROBERT M. FRANKHOUSER, JR.

COMMONWEALTH OF PENNSYLVANIA    )
                                )    ss.
COUNTY OF LANCASTER             )

Robert M. Frankhouser, Jr. being duly sworn according to law, hereby deposes and says as follows:

1.    I am a partner in the law firm of Hartman Underhill & Brubaker LLP.  The law firm serves as the Solicitor for the School District of Lancaster ("School District").  I am one of several partners who provide legal advice to the School District and its employees.

2.    In my capacity as Solicitor, I supervise counsel for the School District, Gloria Campbell and Dr. Vicki Phillips, all of whom were dismissed as defendants in this case in December 2002.  Both Ms. Campbell and Dr. Phillips (presently Dr.

{FSQOLX~L.1}

Phillips is the Secretary of Education for the Commonwealth of Pennsylvania) are former employees of the School District.

3.    On July 2, 2003, the School District Superintendent, Ricardo Curry, provided me with a copy of a letter which was directed to Ms. Campbell, in his care, by plaintiffs' counsel, Jeffrey R. Elliott.

4.    In this letter, plaintiffs' counsel asks Gloria Campbell to provide his office with her current address "so that we can efficiently serve you with your deposition subpoena." A true and correct copy of Mr. Elliott's letter to Ms. Campbell is attached hereto as Exhibit A.

5.    Upon learning that Mr. Elliott was attempting to contact Ms. Campbell directly, rather than through counsel, I wrote to Mr. Elliott in my role as the School District's Solicitor to inform him that I viewed his attempt to contact Ms. Campbell to be a violation of Rule 4.2 of the Rules of Professional Conduct. A true and correct copy of my July 3, 2003 letter to Mr. Elliott is attached hereto as Exhibit B.

6.    Later in the day on July 3, 2003, Mr. Elliott left a voicemail message for me at my office in which he conceded that if Ms. Campbell was no longer employed by the School District, he would have to subpoena her directly rather than through the School District. A true and correct copy of a transcription of Mr. Elliott's voicemail message to me is attached hereto as Exhibit C.

7.    On July 7, 2003, Mr. Elliott and I exchanged additional correspondence regarding our respective views on the propriety of Mr. Elliott's attempts to contact Ms. Campbell directly.

{FSQOLX~L.1}

8.    This morning, counsel for the School District and Ms. Campbell received a copy of (a) Plaintiffs' Amended Motion to Compel Production of Documents Pursuant to Subpoena and Attendance at Deposition and (b) Amended Motion to Compel Production of Documents Pursuant to Subpoena.

9.    Both of these motions seek to compel the School District to produce documents. The first motion also seeks to compel the deposition testimony of a School District representative and Gloria Campbell.

10.   Each motion contains a certification pursuant to Rule 26.1(f) which recites that "after reasonable effort, the parties have been unable to resolve this dispute."

11.   In all of my communications with Mr. Elliott, he never once broached the subject of the School District's objections to the document or deposition subpoenas.

12.   Mr. Elliott made no effort to resolve with me the plaintiffs' discovery dispute with the School District.

_____
Robert M. Frankhouser, Jr.


Subscribed and sworn to before
me this 10ᵗʰ day of ____July____, 2003.

_____
Notary Public, Commonwealth of Pennsylvania

My Commission Expires: _____

> Notarial Seal
> Pamela J. Kolb, Notary Public
> City of Lancaster, Lancaster County
> My Commission Expires May 5, 2007
> Member, Pennsylvania Association of Notaries

{FSQOLX~L.1}

**EXHIBIT A**



JUL 0 2 2003

ATTORNEYS AT LAW    PROFESSIONAL CORPORATION

Email:
jelliott@kozloffstoudt.com

June 26, 2003

Ms. Gloria Campbell
c/o Ric Curry, Superintendent
1020 Lehigh Avenue
Lancaster, PA 17602-2452

Re:    Neimer v. Lancaster Recreation Commission, et al.
       Our File No. 200530-1

Dear Ms. Campbell:

We understand that you are no longer employed by the School District. It would be helpful if you would contact my secretary Kristi Kindig and advise of your current address so that we can efficiently serve you with your deposition subpoena; alternatively, we will have to employ a process server to find and serve you. Thank you for your cooperation.

Very truly yours,

KOZLOFF STOUDT
Professional Corporation

Jeffrey R. Elliott

JRE:kmk

2640 Westview Drive • P.O. Box 6286 • Wyomissing, PA 19610 • Phone: (610) 670-2552 • Fax: (610) 670-2591
www.kozloffstoudt.com

**EXHIBIT B**

JUL-03-2003 THU 11:19 AM HARTMAN UNDERHILL BRUBAK    FAX NO. 717 299 3160    P. 02

# HARTMAN UNDERHILL & BRUBAKER LLP

## ATTORNEYS AT LAW

221 EAST CHESTNUT STREET

LANCASTER, PENNSYLVANIA 17602-2782

(717) 299-7254

FAX (717) 299-3160

Web Site: www.hublaw.com

Direct e-mail: bobf@hublaw.com

CHRISTOPHER S. UNDERHILL
GEORGE T. BRUBAKER
ANDREW F. LUCARELLI
HARRY ST. C. GARMAN
WILLIAM C. McCARTY
ALEXANDER HENDERSON, III
ROBERT M. FRANKHOUSER, JR.
THOMAS W. FIERGEN
MICHAEL W. GABIC
MARK STANLEY
MARK E. LOVETT
KEVIN M. FRENCH
STEPHEN R. LAZUN
KIM R. SMITH
JOSHUA D. COHEN
STACEY L. MORGAN
RORY O. CONNAUGHTON
JEFFREY C. GOSS
JOHN A. MATEYAK
THEODORE L. BRUBAKER
JOHN S. LAWLER
BRETT D. JACKSON
ANJANETTE R. WARREN

COUNSEL
MARK L. JAMES

JOHN I. HARTMAN, JR.
(1910-2000)

THEODORE L. BRUBAKER
(1911-2002)

July 3, 2003

**VIA FACSIMILE: (610) 670-2591**
**AND FIRST CLASS MAIL**

Jeffrey R. Elliott, Esquire
RHODA KOZLOFF STOUDT
2640 Westview Drive
P.O. Box 6286
Wyomissing, PA 19610

Re:  James J. Neimer and Rebecca F. Neimer, parents and
natural guardians of Katherine E. Neimer/Ismael Alvarez

Dear Jeff:

As you know, this firm serves as the solicitor for the School District of
Lancaster. As you also know, Maura Fay, of Dilworth Paxson LLP, represents the
School District of Lancaster, Vicki Phillips and Gloria Campbell in the Neimer
litigation.

I was shocked to discover that, by letter dated June 26, 2003, you
communicated with Ms. Campbell and the Superintendent of the School District of
Lancaster. Neither Ms. Fay nor I were provided with a copy of this letter by you.

As you should know, Rule No. 4.2 of the Rules of Professional Conduct
provide as follows:

JUL-03-2003 THU 11:19 AM HARTMAN UNDERHILL BRUBAK    FAX NO. 717 299 3160    P. 03

Jeffrey R. Elliott, Esquire
July 3, 2003
Page 2

"In representing a client, a lawyer shall not communicate
about the subject of the representation with a party the
lawyer knows to be represented by another lawyer in the
matter, unless the lawyer has the consent of the other
lawyer or is authorized by law to do so."

Since it is clear that neither Ms. Fay nor I have consented to your communication
with Ms. Campbell or Mr. Curry, I am providing you with an opportunity to provide
a written explanation for your conduct. I look forward to hearing from you.

Yours truly,

Robert M. Frankhouser, Jr.

RMF:vjb\00299243
Enclosure
cc:  Maura E. Fay, Esquire (w/enclosure via facsimile)
     Mr. Ricardo Curry, Superintendent
     Mr. Leon B. Glover
     Ms. Marjorie Heilig
     Mrs. Eleanor D. Bosserman
     Mrs. Patricia A. Sweigart
     Mr. Michael E. Winterstein, Board President
     George T. Brubaker, Esquire
     Harry St.C. Garman, Esquire
     Kim R. Smith, Esquire
     Anjanette R. Warren, Esquire

**EXHIBIT C**

# HARTMAN UNDERHILL & BRUBAKER LLP

## MEMORANDUM

TO:       File

FROM:    Jeff Elliott, Esquire voice mail message

DATE:    July 3, 2003 (v.m.m. transferred to VJB at 8:06 p.m.)

RE:       School District of Lancaster - Neimer/Alvarez
            File No.: 4181

---

     The following is a transcript of a voice mail message. The message was received on July 3, 2003 at 2:38 p.m.

RMF

**Bob Frankhouser, Jeff Elliott:**

**I am calling to respond to your nasty gram of July 3, 2003 regarding Miss Gloria Campbell. The only communication I've had with Miss Campbell followed Ms. Fay's representations to me that I could not subpoena Miss Campbell through the School District because she's no longer employed by the School District. So, if you get copied, or haven't been copied with Ms. Fay's correspondence, you ought to get all those because many of her rather chastising letters to me have emphasized that Miss Campbell isn't even an employee of the School District, and therefore, I can't subpoena her for a witness, for a discovery deposition the way I did in any event. I find your**

Jeff Elliott, Esquire v.m.m. of 7/3/03
Re: SDL/Katherine Neimer
Page 2

letter completely inconsistent with what Ms. Fay has said, and would recommend that the two of you get your collective position together correctly. If Campbell is an employee of the School District, I'll subpoena her for oral deposition that way.  If she is in fact not, any longer employed there as Ms. Fay has asserted in her writings to me, then she's not a party or associated with a party and I'm going to have to subpoena her directly.  My communication is completely proper.  I'll look forward to hearing from you on this point or chatting with you about it: (610) 670-2552.

**EXHIBIT 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, | : Docket Number 02-CV-4034 |

KATHERINE ELIZABETH NEIMER, a
minor, by and through JAMES J.
NEIMER  and REBECCA NEIMER, her
parents and natural guardians,                 :    Docket Number 02-CV-4034

              Plaintiffs,                 :

              v.                 :

LANCASTER SCHOOL DISTRICT,
et al.,                 :

            Defendants.                 :

## AFFIDAVIT OF MAURA E. FAY

COMMONWEALTH OF PENNSYLVANIA    )
                                    )    ss.
COUNTY OF PHILADELPHIA              )

Maura E. Fay being duly sworn according to law, hereby deposes and says as follows:

1.    I am a partner in the law firm of Dilworth Paxson LLP ("Dilworth").

2.    Dilworth was retained in August 2002 to represent the School District of Lancaster ("School District"), Ms. Gloria Campbell and Dr. Vicki Phillips in the above-referenced matter.

3.    The School District, Ms. Campbell and Dr. Phillips were each dismissed from this case in December 2002.

4.    On June 23, 2003, I learned that plaintiffs' counsel had attempted to serve a subpoena duces tecum on the School District and subpoenas for depositions on the School District and Ms. Campbell.

5.    On June 24, 2003, I served on all counsel of record the Objections of the School District of Lancaster to the Subpoena Issued by the Plaintiffs.

6.    On June 25, 2003, I wrote to plaintiffs' counsel to advise him that service was improper as to both the School District and Ms. Campbell and, therefore, neither would be appearing on June 30, 2003 for their depositions.

7.    An hour or so after transmitting that letter, I received a call from "Debbie in Jeff Elliott's office" advising me that the depositions noticed for June 30, 2003 "had been cancelled."

8.    Later that day, I received a letter from Mr. Elliott in which he accused me of unilaterally canceling the depositions.  In that letter, Mr. Elliott also threatened to file a motion for sanctions and to compel.

9.    Unbeknownst to me, and without any consultation with me, six days earlier Mr. Elliott had filed a motion to compel production of documents directed to, among others, the School District.

10.    In response to Mr. Elliott's letter, by letter dated June 25 I urged Mr. Elliott to consult with Debbie before approaching this Court with a Motion to Compel.

11.    On June 27, 2003, Mr. Elliott apparently filed a Motion for Compel Production and Appearance at Deposition through which plaintiffs sought a Court Order requiring the School District and Ms. Campbell to produce documents and testify at a deposition.  I never received a copy of this Motion from Mr. Elliott's office.

2

Mr. Elliott filed this motion to compel without consulting with me on any of my clients' objections. Plaintiffs' motion was denied by Order dated July 8, 2003.

12. On July 8, 2003, Mr. Elliott filed an Amended Motion to Compel Production of Documents and Appearance at Deposition ("Amended Motion") directed at the School District and Ms. Campbell.

13. Although the Amended Motion includes a certification of counsel that "after reasonable effort, the parties have been unable to resolve the dispute set forth in the foregoing motion," plaintiffs' counsel never contacted me in an effort to resolve our discovery disputes.

14. Indeed, the last communication I had with Mr. Elliott, apart from serving or being served with filings in this matter, or receiving copies of communications he had with the School District's Solicitor, Mr. Frankhouser, was my June 25, 2003 letter to Mr. Elliott in which I suggested he check with his assistant before moving to compel and for sanctions.

_____
Maura H. Fay

Subscribed and sworn to before
me this _16_ day of _July_____, 2003.

_Rose Marie Walsh_____
Notary Public, Commonwealth of Pennsylvania

My Commission Expires: _____

Rose Marie Walsh
Comm... Deeds
Comm... ...nsylvania
My Commission Expires Jan. 3, 2006

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Opposition was served by first class mail, postage pre-paid, on July 16, 2003 on the following counsel of record:

Jeffrey R. Elliot, Esquire
KOZLOFF STOUDT
2640 Westview Drive
P.O. Box 6286
Wyomissing, PA 19610

Christopher S. Underhill, Esquire
HARTMAN, UNDERHILL & BRUBAKER, LLP
221 East Chestnut Street
Lancaster, PA 17602-2782

Edward H. Rubenstone, Esquire
GROEN, LAMM, GOLDBERG & RUBENSTONE, LLC
Four Greenwood Square
Suite 200
Bensalem, PA 19020

_____
Maura E. Fay

DATED: July 16, 2003