Jeffrey R. Elliott, Esquire
Attorney I.D. #38147
**Kozloff Stoudt**
2640 Westview Drive
Wyomissing, PA  19610
Telephone: (610) 670–2552                 *Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, <br>           Plaintiffs <br><br> v. <br><br> CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ, <br>           Defendants | : Docket No. 02-CV-4034 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : Assigned to: <br> : Honorable Clarence C. Newcomer <br> : <br> : Jury Trial Demanded <br> : |

### RESPONSE OF PLAINTIFFS' COUNSEL TO THE COURT'S ORDER TO SHOW CAUSE OF JULY 18, 2003

In response to the enumerated paragraphs of the Court's Order, Plaintiffs' counsel sets forth the following in response:

1. Respectfully denied.  Plaintiffs' Counsel's records reflect electronic filing of the original Motion to Compel on June 27, 2003. See USDC Notice of electronic filing at Tab "A."

2. It is admitted that the Court denied the Motion on June 30, 2003; however, as of the filing of the original Motion, the Local Rule 26.1(f) Certification was lacking from the Motion as at the time the only  "dispute" that existed as to full and complete

compliance with the discovery at issue was from *non-party* recipients of Plaintiffs' Subpoenas Duces Tecum.[1]

3. Admitted.

4. Admitted. In further answer and response, and for purposes of chronological significance, prior to the filing of the Motion several telephonic and written communications took place between Plaintiffs' Counsel's office and all four of the entities subject to the Subpoenas Duces Tecum (including School District officials in receipt of its subpoena) or their attorneys, concerning the scope of the subpoenas, existence of and manner of producing responsive documents, and in the case of the Lancaster Police Department and the State and County youth services agencies, the extent of statutory constraints on the production of requested materials, and the necessity of a "Court Order" prior to such production.

Furthermore the following occurred:

a. On **June 24, 2003**, untimely Objections were filed of record by the law offices of Dilworth Paxton and Attorney Maura E. Fay (no longer counsel of record in this matter) to the Subpoena Duces Tecum served on the School District (no longer a party to the action), and on **June 25, 2003**, Plaintiffs' counsel was advised by faxed letter(faxed at 9:27 a.m.) from Attorney Fay that service of the records subpoena and oral deposition subpoenas were purportedly defective, implying that records would not be produced

---

[1]The School District and <u>all</u> school district officials were dismissed from this action by the Court's Order of December 17, 2002.

pursuant to the records subpoena, and that "neither deponent will appear as noticed." [2] (See the June 24, 2003 and June 25, 2003 letters of Attorney Fay, attached hereto at Tab "B;" it should be noted that the June 25th letter was not attached to any prior filing in this matter on behalf of the School District or its officials).

    b. In that discovery depositions were noticed to counsel of record (Attorneys Rubenstone and Underhill) scheduled for **June 30, 2003**, and in light of Attorney Fay's indication that deponents would not be produced and records would not be produced, the undersigned instructed his paralegal to contact Attorney Fay's office, review the contents of her June 25th letter with and notify Attorney Fay that the depositions would need to be cancelled and rescheduled after receipt of subpoenaed documents.

    c. During the telephone conversation which occurred that day between Attorney Fay and Plaintiffs' counsel's Paralegal Debbie Tamny, Attorney Fay confirmed again that deponents would not be produced, and further indicated that deponents would not be appearing for deposition under any circumstances, and even if no documents were produced by the School District, and Plaintiffs attempted to proceed with the depositions notwithstanding not having received any documents with which to examine them. (See the contemporaneous notes and email of Plaintiffs' counsel's Paralegal Tamny attached at Tab C.)

    d. Subsequent to this telephone conversation, Attorney Fay sent another faxed letter dated June 25, 2003 to Attorney Elliott asserting only the undersigned's cancellation of the

---

[2] Plaintiffs subpoenaed for oral deposition the School District "designee" and Ms. Gloria Campbell, the principal of the minor Plaintiff's elementary school.

depositions, <u>and nothing more</u>. (See Attorney Fay's June 25,2003 (faxed at 11:56 a.m.) and Counsel for Plaintiffs' response letter, and accompanying fax cover sheet, attached hereto at Tab "D.")

5. It is admitted that the undersigned signed the indicated Certification; however, it was signed for the undersigned by another attorney of his firm, Attorney Barry W. Sawtelle, Esquire, due to Attorney Elliott's unavailability to sign the Certification. Further, given the foregoing, under the circumstances and from Plaintiffs' counsel perspective "reasonable" efforts to communicate about the actions of Attorney Fay had been taken, it evident by that time that no records would be produced, and no deponents were appearing[3] for deposition.

6. Respectfully denied. It is denied that the Court correctly characterizes Attorney Fay's status in this matter. Attorney Fay does not represent a party to this action, and the School District, nor any of its officials, are parties to this action (acknowledged by Attorney Fay in her Affidavit (Exhibit 8) at Paragraph 3 thereto).[4] Furthermore, the Affidavit of Attorney Fay speaks for itself, though inaccurately. The described exchanges reasonably indicated to Plaintiffs' counsel that Attorney Fay had no intention of producing documents pursuant to the Subpoena Duces Tecum served on the School District, and had

---

[3] Attorney Fay's indication in her Affidavit (Exhibit 8) that the undersigned "never" contacted her to resolve the dispute in question, fails to fairly and accurately contemplate the above chronology.

[4] Attorneys Fay and Frankhouser both assert that they were not served or contacted prior to service of discovery depositions (Subpoena Duces Tecum or Oral Deposition); in that the action was completed and dismissed as to these entities, there was no duty or requirement to so serve these counsel.

no intention of permitting or directing the appearance of the indicated discovery deposition deponents, i.e. the "designee" and Ms. Campbell.

7. Respectfully denied. In response to Paragraph 7 of the Court's Order, Plaintiff again points out that the Court incorrectly characterizes the response filed to Plaintiffs' Motion to Compel as "Defendant's Response," as the School District nor any other School District officials originally sued in this matter are parties to this lawsuit and have been dismissed as aforesaid pursuant to the Court's Order of December 17, 2002. Furthermore, though Attorney Fay states in her June 25, 2003 letter, regarding cancellation, that the depositions of June 30th were cancelled by the undersigned, given the foregoing, that description mischaracterizes the "cancellation" of the depositions in question. Plaintiffs' Counsel also sent a letter to defense counsel of record in this action, Attorneys Rubenstone and Underhill, explaining the circumstances of June 24th and June 25th, and the need to postpone the depositions of June 30th. (See Plaintiffs' Counsel's letter of June 25, 2003 to defense counsel of record, attached at Tab "E.")

8. Admitted in part and respectfully denied in part. It is admitted that Plaintiffs' Motion does not specifically mention the phone call. It is denied that the Motion in question is devoid of reference to effort to resolve discovery disputes, as the Certification that a dispute exists and was not reasonably resolvable is implicitly contemplated in the Certification itself.

WHEREFORE, it is respectfully submitted that Plaintiffs' counsel's "conduct" and "behavior" was not at any time improper, and further that under the circumstances was reasonable, and does not warrant sanction by the Court ,and the undersigned respectfully

requests the Court to address the discovery Motion before it and direct the production of documents with the appropriate protections contemplated by Plaintiffs' proposed Order, and direct the appearance of the witnesses who have refused and/or who have been improperly directed not to attend discovery depositions in this matter.

    Respectfully submitted,

    KOZLOFF STOUDT
    Professional Corporation


    _____/s/_____
    Jeffrey R. Elliott, Esquire
    *Attorneys for Plaintiffs*

Jeffrey R. Elliott, Esquire
Attorney I.D. #38147
**Kozloff Stoudt**
2640 Westview Drive
Wyomissing, PA  19610
Telephone: (610) 670–2552                    *Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br>            Plaintiffs<br><br>            v.<br><br>CITY OF LANCASTER, LANCASTER RECREATION COMMISSION, and ISMAEL ALVAREZ,<br>            Defendants | : Docket No. 02-CV-4034<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Assigned to:<br>: Honorable Clarence C. Newcomer<br>:<br>: Jury Trial Demanded<br>: |

### CERTIFICATE OF SERVICE

     I, Jeffrey R. Elliott, Esquire, attorney for Plaintiffs, certify that on July 21, 2003, that I electronically filed the foregoing *Response of Plaintiffs' Counsel to the Court's Order to Show Cause of July 18, 2003,* via the ECF system and it is available for viewing and downloading from the ECF system.  I further certify that the  foregoing *Response of Plaintiffs' Counsel to the Court's Order to Show Cause of July 18, 2003* , was served upon the following party by <u>facsimile</u> to:

Christopher S. Underhill, Esquire
Hartman, Underhill & Brubaker, LLP
221 East Chestnut Street
Lancaster, PA 17602
*Attorneys for City of Lancaster and Lancaster Recreation Commission*

Edward H. Rubenstone, Esquire
Groen, Lamm, Goldberg & Rubenstone, LLC
Four Greenwood Square, Suite 200
Bensalem, PA 19020
*Attorneys for Ismael Alvarez*

Maura E. Fay, Esquire
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA   19103-7595

KOZLOFF STOUDT

_____/s/_____
Jeffrey R. Elliott, Esquire
*Attorneys for Plaintiffs*