```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| KATHERINE ELIZABETH NEIMER | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| LANCASTER SCHOOL DISTRICT, et al. | : | NO. 02-4034 |
| Defendants | : | |

**O R D E R**

AND NOW, this     day of July, 2003, pursuant to Federal Rule of Civil Procedure 11(c)(1)(B) it is hereby ORDERED that Attorney Jeffrey R. Elliot, Esquire, appear before this Court in Courtroom 13A, the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania on Monday, July 21, 2003, at 2:00 PM, for a hearing at which time he shall SHOW CAUSE why he should not be sanctioned for violating Fed.R.Civ.P. 11(b).  The conduct giving rise to this Court's initiative is as follows:

1.     On June 16, 2003, Attorney Elliot filed a motion to compel before this Court.

2.     This Court denied said Motion on June 30, 2003, for, among other reasons, failure to comply with Local Rule 26.1(f) by including a certification that "that the parties, after reasonable effort, are unable to resolve the dispute."

3.     On July 8, 2003, Attorney Elliot filed "Plaintiff's

1

Amended Motion to Compel Production of Documents Pursuant to Subpoena and Attendance at Deposition."

4.      Attorney Elliot's Amended Motion contains a document marked "Certification Pursuant to Rule 26.1(f)" which indicates "[t]he undersigned certifies, pursuant to Rule 26.1(f), that after reasonable effort, the parties have been unable to resolve the dispute set forth in the foregoing motion."

5.      Said Certification is signed by Attorney Elliot.

6.      In response to Plaintiffs' Motion, Defense Attorney Maura Fay filed a sworn affidavit indicating that "plaintiffs' counsel never contacted me in an effort to resolve our discovery disputes."  Defendants' Brief in Opposition, Exhibit 8.

7.      In the Defendant's response to Plaintiff's Motion to Compel, Attorney Fay indicated that she received a call from Attorney Elliot's assistant, "Debbie," prior to the filing of Plaintiffs' Motion to Compel, notifying her that the depositions at issue in Plaintiffs' Motion were cancelled.

8.      Attorney Elliot's Motion is void of any mention of such a call.

        The behavior as described above has prompted this Court, by its own initiative, pursuant to Federal Rule of Civil Procedure 11, to hold a hearing in order to determine whether sanctions are appropriate.  All counsel of record in this matter

wishing to be heard are instructed to be present during said hearing and prepared to offer any relevant information pertaining to the above mentioned conduct.

    AND IT IS SO ORDERED.

_____
Clarence C. Newcomer, S.J.