```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE ELIZABETH NEIMER      :      CIVIL ACTION
                                :
      Plaintiff                 :
                                :
      v.                        :
                                :
LANCASTER SCHOOL DISTRICT,      :
et al.                          :      NO.  02-4034
                                :
      Defendants                :
                                :
```

**O R D E R**

       AND NOW, this     day of August, 2003, after careful consideration of the testimony elicited at this Court's July 21, 2003, hearing and pursuant to Federal Rule of Civil Procedure 11(c)(1)(B) it is hereby ORDERED that Attorney Jeffrey R. Elliot, Esquire, is sanctioned as follows:

       1) Attorney Elliot is ORDERED to reimburse Defendants Gloria Campbell and the School District of Lancaster for any and all reasonable costs associated with responding to Plaintiffs' previous motions to compel.

       2) The above-cited Defendants' counsel, Maura Fay, Esquire, shall provide this Court and Attorney Elliot with a bill itemizing any and all reasonable costs attributable to responding to Plaintiff's previous motions to compel.  Upon receipt of said bill, Attorney Elliot shall have fifteen (15) days to reimburse Defendants or file an appropriate motion with this Court. Failure to do so may result in further sanctions and/or a finding

1

of civil contempt.

    3) Attorney Elliot is also ORDERED to pay a $500.00 penalty to this Court forthwith.  The arrangements for payment of said penalty shall be made through the Clerk's Office.

    These sanctions come as a result of Attorney Elliot's unacceptable conduct.  While the Court is troubled with a number of the tactics employed by Attorney Elliot in the course of this case, his blatant misrepresentation to the Court concerning his efforts to work out a discovery dispute with opposing counsel will not be tolerated.

    On July 8, 2003, Attorney Elliot filed a signed certification before this Court indicating that "[t]he undersigned certifies, pursuant to Rule 26.1(f), that after reasonable effort, the parties have been unable to resolve the dispute set forth in the foregoing motion."  During a July 21, 2003, hearing before this Court, Attorney Elliot admitted that the only efforts taken on his behalf to resolve the discovery dispute included a letter to opposing counsel threatening a motion to compel and a telephone call placed by his paralegal in order to cancel the deposition at issue between the parties.  Nonetheless, in his certification filed before this Court, Attorney Elliot represented that "reasonable effort[s]" had been taken to resolve the dispute.  This Court finds that these efforts were far from reasonable.  Other Courts have found

likewise.  <u>Crown Cork & Seal Co, Inc. v. Chemed Corp.</u>, 101 F.R.D. 105 (E.D.Pa. 1984)(Pollak, J.).  It is evident to this Court that Attorney Elliot did little, if anything, to resolve this dispute and attached the Rule 26.1(f) certification after this Court denied his first motion to compel for lack of said certification.  By failing to even attempt to work things out with opposing counsel, Attorney Elliot violated the intent and spirit of Local Rule 26.1(f) and, in the process, lied to this Court.  Such actions cannot and will not be tolerated.

    AND IT IS SO ORDERED.

                              _____
                              Clarence C. Newcomer, S.J.