RAYMOND M. BILY, ESQUIRE
REIFF AND BILY
Identification No. 44677
1429 Walnut Street
12th Floor
Philadelphia, Pa. 19102
215) 246-9000

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians | : <br> : <br> : <br> : EASTERN DISTRICT OF PENNSYLVANIA <br> : |
| vs. | : <br> : |
| LANCASTER SCHOOL DISTRICT; CITY OF LANCASTER; LANCASTER RECREATION COMMISSION; VICKI PHILLIPS, Individually and in her capacity os Superintendent of the Lancaster School District; GLORIA CAMPBELL, Individually and in her capacity as building principal of Hamilton elementary School; ISMAEL ALVAREZ and DONALD YEAGER, Individually and in his capacity as Director of the Lancaster County recreation Commission's School Age Care Program | : CIVIL ACTION NO. 02-CV-4034 <br> : HONORABLE CLARENCE C. NEWCOMER <br> : <br> : <br> : <br> : JURY TRIAL DEMANDED <br> : <br> : <br> : <br> : |

## **O R D E R**

**AND NOW**, this          day of                    , 2003, upon consideration of the plaintiff's Motion for Reconsideration pursuant to F.R.C.P., 60(b)(6) and Leave to Amend Complaint Pursuant to F.R.C.P. 15(a) and Leave to Rejoin Parties Pursuant to F.R.C.P. 19(a)(1), and any response thereto, it is hereby ORDERED and DECREED that said motion if GRANTED.

BY THE COURT:

_____
              NEWCOMER, J.

| | |
|---|---|
| RAYMOND M. BILY, ESQUIRE | |
| REIFF AND BILY | |
| Identification No. 44677 | ATTORNEY FOR PLAINTIFF |
| 1429 Walnut Street | |
| 12th Floor | |
| Philadelphia, Pa. 19102 | |
| 215) 246-9000 | |

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor : | |
| by and through JAMES J. NEIMER and : | |
| REBECCA NEIMER, her parents and natural guardians : | |
| : | EASTERN DISTRICT OF PENNSYLVANIA |
| : | |
| vs. : | |
| : | |
| LANCASTER SCHOOL DISTRICT; CITY OF : | CIVIL ACTION NO. 02-CV-4034 |
| LANCASTER; LANCASTER RECREATION : | HONORABLE CLARENCE C. NEWCOMER |
| COMMISSION; VICKI PHILLIPS, Individually : | |
| and in her capacity os Superintendent of the : | |
| Lancaster School District; GLORIA CAMPBELL, : | |
| Individually and in her capacity as building principal : | JURY TRIAL DEMANDED |
| of Hamilton elementary School; ISMAEL ALVAREZ : | |
| and DONALD YEAGER, Individually and in his : | |
| capacity as Director of the Lancaster County : | |
| recreation Commission's School Age Care Program : | |

### *MOTION FOR RECONSIDERATION PURSUANT TO F.R.C.P. 60(b)(6) AND LEAVE TO AMEND COMPLAINT PURSUANT TO F.R.C.P. 15(a) AND LEAVE TO REJOIN PARTIES PURSUANT TO F.R.C.P. 19(a)(1)*

The Plaintiff, Katherine Elizabeth Neimer, a minor, by and through James J. Neimer and Rebecca Neimer, her parents and natural guardians, by and through her counsel, Raymond M. Bily, Esquire, comes now and moves this Honorable Court to: (1) reconsider its December 13, 2002 ruling dismissing Counts I, II, III, IV, V, VI, VII, IX and X of plaintiffs' complaint [this motion does not seek reconsideration of the Court's dismissal of Plaintiff's Title IX Claim], (2) grant Plaintiff leave to amend her pleadings, and (3) to grant Plaintiff leave to rejoin the City of Lancaster School District, Gloria Campbell and other persons needed for a just adjudication of the matter, and as reasons therefor, states as follows:

1. The action is a claim for damages and other relief arising from incidents of sexual abuse perpetrated upon the minor plaintiff Katherine Elizabeth Neimer ("Katie") by her fourth grade teacher, defendant Alvarez.

2. The initial action Docketed as No. 02CV9224 was filed on December 20, 2002 and withdrawn on February 28, 2003.

3. The second action Docketed as No. 02CV4034 was filed on June 24, 2002.

4. On December 13, 2002 the Court dismissed Counts I, II, III, IV, V, VI, VII, IX and X of plaintiffs' complaint.

5. On September 11, 2003, Jeffrey Elliot, Esquire withdrew and Raymond M. Bily, Esquire, entered his appearance as counsel for plaintiff.

6. As immediately thereafter as possible, Counsel Bily discovered new abundant and significant evidence to support plaintiff's claims which were dismissed by the Court pursuant to Federal Rule of Procedure 12(b)(6).

Counsel Bily discovered that for a significant period of time prior to the events which are the subject of this lawsuit, Hamilton Elementary School Teachers and Teacher's Aids regularly observed Defendant Alvarez engaged in inappropriate physical and sexual contact with students and failed to report such conduct.

7. Counsel Bily discovered that:

a. ***Peg Aliceo, a teacher employed by the City of Lancaster School District and directly supervised by Gloria Campbell*** , ***regularly observed for one and one-half years before the incidents which are the subject of this lawsuit***, (i) female students on Defendant Alvarez' lap; (ii) female students under and within the cavity of Alvarez' desk while Alvarez was seated at the desk.  Ms. Aliceo spoke with other teachers about her concerns.  Ms. Aliceo failed to report Defendant Alvarez' inappropriate physical and sexual contact with students ***as required by 23 Pa.C.S.A.§6311.***

b. ***SUE WISE, a teacher's aid employed by the City of Lancaster School District and directly supervised by Gloria Campbell*** , on several occasions observed (i) children under and within

    the cavity of Alvarez' desk while Alvarez was seated at the desk; (ii) female students leaning against Alvarez' thigh while Alvarez was reading to the class; and (iii) Alvarez standing behind and over female students. Ms. Wise failed to report Defendant Alvarez' inappropriate physical and sexual contact with students *as required by 23 Pa.C.S.A.§6311.*

  c.  ***FLOYD HITCHCOCK, a teacher employed by the City of Lancaster School District and directly supervised by Gloria Campbell*** talked to Sue Wise about Wise's concerns and observations of Alvarez' inappropriate physical and sexual contact with students. Hitchcock advised her to "keep an eye on things." Hitchcock failed to advise Wise to report Defendant Alvarez' inappropriate physical and sexual contact with students *as required by 23 Pa.C.S.A.§6311.*

  d.  ***DIANNA KING, a teacher's aid employed by the City of Lancaster School District and directly supervised by Gloria Campbel,*** (i) stated that she "could have predicted that Defendant Alvarez would sexually assault a female student in his classroom"; (ii) observed that Defendant Alvarez kept his room blinds drawn shut; and (iii) Defendant Alvarez' room door window was covered. King failed to report Defendant Alvarez' inappropriate physical and sexual contact with students *as required by 23 Pa.C.S.A.§6311.*

  e.  ***WILLIAM WAY, a teacher employed by the City of Lancaster School District and directly supervised by Gloria Campbel,*** saw female students on Alvarez' lap on several occasions. Way failed to report Defendant Alvarez' inappropriate physical and sexual contact with students *as required by 23 Pa.C.S.A.§6311.*

  f.  ***SUE STEPHOPOLUS, a teacher employed by the City of Lancaster School District and directly supervised by Gloria Campbel,*** observed two female students, each of whom was seated on Defendant Alvarez' knees at the same time. Stephopolus failed to report Defendant Alvarez' inappropriate physical and sexual contact with students *as required by 23*

    *Pa.C.S.A.§6311.*

 g. ***KAREN WARD, a teacher employed by the City of Lancaster School District and directly supervised by Gloria Campbel,*** observed two girls seated on Alvarez' lap at the same time. Ward failed to report Defendant Alvarez' inappropriate physical and sexual contact with students *as required by 23 Pa.C.S.A.§6311.*

9. The aforementioned newly discovered evidence in the interest of justice requires the Court, pursuant to F.R.C.P. 60(b)(6), to reconsider it's December 13, 2002 Order.

10. The aforementioned newly discovered evidence requires the Court, pursuant to F.R.C.P. 15(a), to grant plaintiff leave to amend her pleadings.

11. The aforementioned newly discovered evidence requires the Court, pursuant to F.R.C.P. 19(a)(1) to, grant plaintiff leave to rejoin Vicki Phillips, Superintendent of the Lancaster School District, Carol Phillips, Principal of the Hamilton Elementary School, and the Lancaster School District as parties necessary to a just adjudication of the matter.

 WHEREFORE, Plaintiff requests this Court to: (1) Reconsider its December 13, 2002 Order dismissing Counts I, II, III, IV, V, VI, VII, IX and X of plaintiffs' complaint; (2) grant Plaintiff leave to Amend the pleadings consistent with the newly discovered evidence; and (3) grant plaintiff leave to Rejoin the City of Lancaster, The School District of Lancaster, Vicki Phillips in her capacity as Superintendent of the Lancaster School District, Vicki Phillips individually, Gloria Campbell in her capacity as Principal of Hamilton Elementary School, and Gloria Campbell individually as parties necessary to a just adjudication of the matter.

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION PURSUANT TO F.R.C.P. 60(b)(6)
AND LEAVE TO AMEND COMPLAINT PURSUANT TO F.R.C.P. 15(a)
AND LEAVE TO REJOIN PARTIES PURSUANT TO F.R.C.P. 19(a)(1)**</u>

<u>**I.PLAINTIFF IS ENTITLED TO RELIEF PURSUANT TO F.R.C.P. 60(b)(6)**</u>

<u>**RULE 60**</u> provides in pertinent part-

> *(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.* On motion and upon such terms as are just, the court may relieve a party . . . from a[n] order . . . for the following reasons: *(6)* any other reason justifying relief from the operation of the judgment.

In *Peacock vThe Board of School Commissioners of the City of Indianapolis,* 721 F.2d 210 (7th Cir. 1983) the court interpreted the Rule as follows: "Relief under this residual clause is available when reasons (1) through (5) are inapplicable, and *<u>equitable action is appropriate to accomplish justice.</u>*"

Thus far, Counsel Bily has discovered *<u>seven (7) teachers and/or teacher's aids</u>* employed by the School District of the City of Lancaster and supervised by Gloria Campbell, Principal of the Hamilton Elementary School *<u>who observed Defendant Alvarez  regularly engaged in inappropriate physical and sexual contact  with students</u>*.  Counsel Bily discovered seven (7) teachers and/or teacher's aids *<u>who for a period of up to one and one-half years prior to the incidents which are the subject of this lawsuit</u>* observed Defendant Alvarez **regularly** engaged with minor students as aforestated.   Astonishingly*<u>, each and every,</u>* of  the aforementioned seven (7) teachers and/or teacher's aids *failed* to report the innumerable instances of child sexual abuse or suspected child sexual abuse perpetrated by Defendant Alvarez upon the minor students *as required by 23 Pa.C.S.A.§6311.*[1]

---

[1]Indeed at the sentencing hearing the Honorable Michael A. Georgelis stated  "In fact, as I commented earlier, had individuals that saw some of this conduct, which in my judgment, as I said earlier, was inappropriate under any guidelines, under any rationalization, had some individual in the school system taken some action, you (meaning Alvarez) would not be standing here before me today.  If somebody had brought to the attention of somebody in the authority chain that perhaps there's a problem here and you should have been as willing then as you are today to address it,

*23 Pa.C.S.A.§6311* provides in pertinent part-

*§6311. Persons required to report suspected child abuse*
*(a) General rule*.–Persons who, in the course of their employment . . . come into contact with children shall report or cause a report to be made . . . when they have reasonable cause to suspect on the basis of their . . . professional or other training . . that a child coming before them . . . is an abused child.
*(b) Enumeration of persons required to report*.–Persons required to report under subsection (a) include, but are not limited to any . . .school administrator, school teacher, school nurse, . . . or any other child-care worker. . .    *(c) Staff members of institutions, etc*.–Whenever a person is required to report under subsection (b) in the capacity as a member of the staff of a . . . school, that person shall immediately notify the person in charge of the . . . school, . . . Upon notification, the person in charge . . . shall assume the responsibility and have the legal obligation to report or cause a report to be made. . .

Each of these seven (7) teachers and/or teacher's aids had reasonable cause to suspect children were being sexually abused by Defendant Alvarez. ***In fact, Dianna King stated that, "she could have predicted that Defendant Alvarez would sexually assault a female student in his classroom."*** On August 6, 2001, *Defendant Alvarez pled guilty* to having perpetrated *exactly that heinous crime upon the minor plaintiff Katie Neimer*. Justice for Katie Neimer, therefore, demands the equitable action of reconsideration of the Court's December 13, 2002 Order dismissing Counts I, II, III, IV, V, VI, VII, IX and X of her complaint.

## *II. PLAINTIFF IS ENTITLED TO RELIEF PURSUANT TO F.R.C.P. 15(a)*

---

you would not be here today. So I'm disappointed in the city school system. I have a lot of respect for the city school system and what it's done to educate the children of this city, but I am disappointed that this conduct was observed and went unattended, and I chastise the city school system for that. It should never have been permitted to continue." Notes of Testimony, Oct. 5, 2001, P. 34, lines 24-25, P. 35, lines 1-14

> *RULE 15(a)* provides in pertinent part-
>
> *Rule 15. Amended and Supplemental Pleadings*
> *(a) Amendments.* A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, . . . the action has not been placed upon the trial calendar, . . . Otherwise a party may amend the party's pleading only by leave of court . . . *and leave shall be freely given when justice so requires.* (Emphasis added)

In *Manning v Utilities Mutual Insurance Company*, 254 F.3d 387 (2d Cir. 2001), the court interpreted the rule to require granting leave to amend where the complaint was broad enough to encompass the bad faith claim, and it appeared from the facts that such had been plaintiff's intent. The *Manning* court stated, "[W]e note that the Amended Complaint contains allegations that could support a cause of action for bad faith refusal to pay. . . Although plaintiff failed properly to identify and allege a claim for bad faith refusal to pay benefits in the Amended Complaint, rule 15(a) requires that such leave to re-plead shall be freely given when justice so requires. . . . *The interests of justice* (emphasis added) noted by Rule 15(a) strongly favor allowing plaintiff an opportunity to re-plead his complaint to attempt to specifically and sufficiently allege a claim against defendants for their bad faith refusal to pay benefits." *ID.* at 399.

The instant plaintiff requests leave to conform her pleadings to satisfy the Court's criticisms articulated in its December 13, 2002 order and, further, to re-plead her §1983 claims with the requisite specificity afforded by the evidence newly discovered by Counsel Bily. The allegations of her complaint meet the *Manning* standard for Rule 15 relief. The averments, as pled, are broad enough to encompass claims against the City of Lancaster, The School District of Lancaster, Vicki Phillips in her capacity as Superintendent of the Lancaster School District, Vicki Phillips individually, Gloria Campbell in her capacity as Principal of Hamilton Elementary School, and Gloria Campbell individually for §1983 deprivations while acting under color of state law and further, for negligence.

**The following paragraphs recounted from Plaintiff's complaint docketed as No. 02CV4034**

**are illustrative:**

    *1.*    *Count I*, *[entitled, vs. Vicki Phillips in her capacity as Superintendent of the Lancaster School District; 42 U.S.C. §1983] paragraph 60*, alleged Defendant Phillips, "acting under color of state law, "deprived [plaintiff] of her rights, privileges, and immunities secured by the Constitution and laws of the United States of America and of the Commonwealth of Pennsylvania: specifically, her liberty interest in bodily integrity and in freedom from fear, intimidation, sexual assault and sexual abuse such as that perpetrated by defendant Alvarez."

    2.    *Count I, paragraph 61,* alleged, The acts and omissions of Defendant Phillips represent conduct which was intentional, willful, outrageous, reckless, and deliberately indifferent to the health, safety, and welfare of . . . Plaintiff, Katherine Elizabeth Neimer, in particular.

    3.    *Count I, paragraph 62*, averred, "said acts and omissions include: "*a.* Failing to adopt and/or effect policies to facilitate the discovery of sexual abuse of students and the prompt reporting thereof to appropriate authorities; . . .*f.* Failing to develop policies against teachers and/or staff being alone with students and/or taking students to isolated areas of school buildings without legitimate educational and/or disciplinary reasons; *g.* Failing to provide adequate security in the school building to prevent assaults on students and others in school buildings; . . .*j.* Failing to properly train school personnel regarding identification of and response to acts which constitute sexual harassment, sexual assault, and inappropriate sexual conduct and behavior with students, or the potential therefore; *k.* Failing to have in place a legally sufficient sexual harassment policy; *l.* Failing to properly supervise school personnel; . . . *n.* Failing to utilize screening procedures to prevent the hiring and/or retention of employees who have engaged in inappropriate sexual contact with students;"

    4.    *Count IV, [entitled, vs. Gloria Campbell, in her capacity as Building Principal of Hamilton Elementary School; 42 U.S.C. §1983], paragraph 79,* alleged Defendant Campbell, acting under color of state law, "deprived [plaintiff] of her rights, privileges, and immunities secured by the

Constitution and laws of the United States of America and of the Commonwealth of Pennsylvania: specifically, her liberty interest in bodily integrity and in freedom from fear, intimidation, sexual assault and sexual abuse such as that perpetrated by defendant Alvarez."

5. *<u>Count IV, paragraph 80</u>*, alleged, "The acts and omissions of Defendant Campbell represent conduct which was intentional, willful, outrageous, reckless, and deliberately indifferent to the health, safety, and welfare of . . minor plaintiff."

6. *<u>Count IV, paragraph 81</u>*, averred, "Said acts and omissions include:  *<u>a.</u>* Failing to adopt and/or effect policies to facilitate the discovery of sexual abuse of students and the prompt reporting thereof to appropriate authorities; . . . *<u>f.</u>* Failing to develop policies against teachers and/or staff being alone with students and/or taking students to isolated areas of school buildings without legitimate educational and/or disciplinary reasons; *<u>g.</u>* Failing to provide adequate security in the school building to prevent assaults on students and others in school buildings; . . . *<u>j.</u>* Failing to properly train school personnel regarding identification of and response to acts which constitute sexual harassment, sexual assault, and inappropriate sexual conduct and behavior with students, or the potential therefore; *<u>k.</u>* Failing to have in place a legally sufficient sexual harassment policy; *<u>l.</u>* Failing to properly supervise school personnel; . . . *<u>n.</u>* Failing to utilize screening procedures to prevent the hiring and/or retention of employees who have engaged in inappropriate sexual contact with students;"

7. *<u>Count VII, [entitled, vs. Lancaster School District; 42 U.S.C. §1983], paragraph 99,</u>* alleged Defendant Lancaster School District, acting under color of state law, "deprived [plaintiff] of her rights, privileges, and immunities secured by the Constitution and laws of the United States of America and of the Commonwealth of Pennsylvania: specifically, her liberty interest in bodily integrity and in freedom from fear, intimidation, sexual assault and sexual abuse such as that perpetrated by defendant Alvarez."

8. *<u>Count VII, paragraph 100</u>*, alleged, "The acts and omissions of Defendant Lancaster

School District represent conduct which was intentional, willful, outrageous, reckless, and deliberately indifferent to the health, safety, and welfare of . . . Plaintiff Katherine Elizabeth Neimer."

    9.    *Count VII, paragraph 101*, averred, "Said acts and omissions include: **a.** Failing to adopt and/or effect policies to facilitate the discovery of sexual abuse of students and the prompt reporting thereof to appropriate authorities; . . . **f.** Failing to develop policies against teachers and/or staff being alone with students and/or taking students to isolated areas of school buildings without legitimate educational and/or disciplinary reasons; **g.** Failing to provide adequate security in the school building to prevent assaults on students and others in school buildings; . . . **j.** Failing to adopt and/or effect policies to facilitate the discovery of sexual abuse of students and the prompt reporting thereof to appropriate authorities **k.** Failing to have in place a legally sufficient sexual harassment policy; **l.** Failing to properly supervise school personnel; . . . **n.** Failing to utilize screening procedures to prevent the hiring and/or retention of employees who have engaged in inappropriate sexual contact with students;"

    10.    *Count III*, *[entitled, vs. Vicki Phillips in her capacity as Superintendent of the Lancaster School District; Negligence] paragraphs 71-73* averred, **71**. Defendant, Phillips/ knew, had reason to know, or should have known that Defendant, Alvarez, was engaging in and/or had engaged in inappropriate physical and sexual contact with students. **72**. Defendant, Phillips/ knew, had reason to know, or should have known that the conduct in question would cause severe physical and psychological harm to students enrolled in Hamilton Elementary School, including Plaintiff, Katherine Elizabeth Neimer. **73**. Defendant, Phillips, was negligent, careless, and/or reckless in: **b.** failing to take affirmative steps to stop Defendant, Alvarez, from engaging in sexually offensive behavior and/or inappropriate physical contact with respect to students, including Plaintiff; **c.** failing to take affirmative steps to remove Defendant, Alvarez, from contact with students, including Plaintiff; **d.** failing to remove Defendant, Alvarez from authority and his position of trust and confidence with students, including Plaintiff; **e.** failing to properly and adequately implement, establish, and enforce laws, policies/ rules,

and/or regulations prohibiting sexual harassment, sexual abuse/ and sexual assault by District employees upon students; *f.* failing to properly supervise and train personnel in direct contact with students/ including Defendant, Alvarez, in local, state and federal laws, and District policies, rules and/ or regulations against sexual assault, sexual harassment, and sexual abuse of student;    *g.* failing to establish, promote, and provide a sexual harassment free school environment;   *h.* failing to conduct sufficient background checks on school employees/ including Defendant/ Alvarez/ who would be in direct contact with students; *i.* failing to properly supervise and train school employees direct contact with students/ including Defendant/ Alvarez; *j.* failing to set and/or enforce policies preventing school employees from being alone and/or in isolated areas of District buildings with students absent legitimate educational or disciplinary purposes; *k.* failing to set and/or enforce policies preventing school employees from having contact with students outside of school hours absent legitimate educational or disciplinary purposes.

   11.    <u>Count VI, *[entitled, vs. Gloria Campbell, in her capacity as Building Principal of Hamilton Elementary School*; *Negligence]* paragraphs 91-93</u> allege:   *91.*   Defendant, Campbell, knew, had reason to know, or should have known that Defendant, Alvarez, was engaging in and/or had engaged in inappropriate physical and sexual contact with students.  **92**.   Defendant, Campbell, knew, had reason to know, or should have known that the conduct in question would cause severe physical and psychological harm to students enrolled in Hamilton Elementary School, including Plaintiff, Katherine Elizabeth Neimer.  **93**.   Defendant, Campbell, was negligent, careless, and/or reckless in:  *b.* failing to take affirmative steps to stop Defendant, Alvarez/ from engaging in sexually offensive behavior and/or inappropriate physical contact with respect to students, including minor Plaintiff; *c.* failing to take affirmative steps to remove Defendant,Alvarez/ from contact with students, including minor Plaintiff;    *d.* failing to remove Defendant, Alvarez from authority and his position of trust and confidence with students, including minor Plaintiff; *e.* failing to properly and adequately implement, establish, and enforce laws, policies, rules, and/or regulations prohibiting sexual harassment, sexual abuse, and sexual assault by District employees

upon students; ***f.*** failing to properly supervise and train personnel in direct contact -with students, including Defendant, Alvarez, in local, state and federal laws, and District policies, rules and/or regulations against sexual assault, sexual harassment, and sexual abuse of students; ***g.*** failing to establish, promote, and provide a sexual harassment free school environment; ***h.*** failing to conduct sufficient background checks on school employees, including Defendant, Alvarez, who would be in direct contact with students; ***i.*** failing to properly supervise and train school employees in direct contact with students, including Defendant, Alvarez; ***j.*** failing to set and/or enforce policies preventing school employees from being alone and/or in isolated areas of District buildings; ***k.*** with students absent legitimate educational or disciplinary purposes;   ***l.*** failing to set and/or enforce policies preventing school employees from having contact with students outside of school hours absent legitimate educational or disciplinary purposes;

12.     ***Count VII, [entitled, vs. Lancaster School District; Intentional Infliction of Emotional Distress], paragraphs 115-118*** averred:  ***115***. These acts by Alvarez were made in the regular course and scope of his employment. ***116***. Defendant, Lancaster School District is liable for the acts of Defendant Alvarez, within the scope of employment of Defendant Alverez. ***117***. The acts in question were terrifying, extreme, outrageous, humiliating, and highly offensive to minor Plaintiff as a nine (9) year old female student of normal sensibilities and sensitivities. ***118***. Directors, officers, and/or other officials of Defendant, Lancaster School District knew, had reason to know, or should have known that the conduct in question would cause severe physical and psychological harm to Plaintiff, Katherine Elizabeth Neimer.

13.     ***Paragraph 20 states***, "During all time periods relevant to this action, Defendant Ismael Alvarez, was an employee of Defendant Lancaster School District, employed as a techer at Hamilton Elementary School . . ."

14.     ***Count XVIII, paragraph 179 states*** "These acts by Alvarez [of perpetrating sexual abuse upon the minor plaintiff Katie Neimer] were made in the regular course and scope of his employment as a teacher, and in a position of trust and confidence to plaintiff, who was a fourth grade student.

Plaintiff's complaint must be read to allege, among other things, that each of the defendants, while <u>*acting under color of state law*</u>, either: (1) perpetrated the heinous acts of sexual abuse upon the minor plaintiff; (2) failed to adopt and/or effect policies to facilitate the discovery of sexual abuse of students and the prompt reporting thereof to appropriate authorities; and/or (3) failed to properly supervise and train personnel in direct contact -with students, including Defendant, Alvarez, in local, state and federal laws, and District policies, rules and/or regulations against sexual assault, sexual harassment, and sexual abuse of students. A fair reading of the complaint, together with the aforementioned evidence newly discovered by Counsel Bily, require the Court to grant the minor plaintiff leave to amend her pleadings to sufficiently allege her claims.

### <u>III.PLAINTIFF IS ENTITLED TO RELIEF PURSUANT TO F.R.C.P. 19(a)(1)</u>

<u>RULE 19(a)(1)</u> provides in pertinent part-

> *Rule 19. Joinder of Persons Needed for Just Adjudication*
> *(a) Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if *(1)* in the person's absence complete relief cannot be accorded among those already parties, . . .

The decision to grant the instant minor plaintiff leave to rejoin the previously dismissed parties is within the sound discretion of this Court. ***Rodolico v Unisys Corp.*** (E.D. NY 1999). Courts have previously determined there is no prescribed formula for determining whether a person is an indispensable party. ***Turner v CF&I Steel Corp.*** 510 F.Supp 537 (E.D. Pa. 1981); and further, the determination of when a party is necessary to the action must be made on a case-by-case-analysis. ***Shoop v Paramount Productions, Inc***. 84 FRD 90 (M.D. Pa. 1979).

This lawsuit begs for rejoinder of the previously dismissed parties pursuant to Rule 19. The

litigation presents the *exact context* anticipated by the Rule, *wherein the plaintiff cannot be accorded complete relief unless the dismissed parties are rejoined*.  The minor plaintiff, Katie Neimer, *cannot possibly attain just redress of her §1983 claims, substantiated by the newly discovered evidence,* in the absence of the City of Lancaster, The School District of Lancaster, Vicki Phillips in her capacity as Superintendent of the Lancaster School District, Vicki Phillips individually, Gloria Campbell in her capacity as Principal of Hamilton Elementary School, and Gloria Campbell individually and school employees .

### *IV. CONCLUSION*

Justice for the minor plaintiff, Katie Neimer, demands the Rule 60(b)(6) equitable action of reconsideration of the Court's December 13, 2002 Order dismissing Counts I, II, III, IV, V, VI, VII, IX and X of her complaint.  Moreover, a fair reading of the complaint considered conjointly with the newly discovered evidence, requires the Court to grant the minor plaintiff leave to amend her pleadings to satisfy the criticisms articulated in the December 13, 2002 Order; and further, to re-plead her §1983 claims with the specificity afforded by the newly discovered evidence.  Finally, this litigation presents the exact context contemplated by Rule 19(a)(1) wherein complete relief cannot possibly be afforded plaintiff absent rejoinder of the previously dismissed parties and school employees.

        Respectfully submitted,

        _____
        RAYMOND M. BILY,
        Attorney for Plaintiff

RAYMOND M. BILY, ESQUIRE
REIFF AND BILY
Identification No. 44677                          ATTORNEY FOR PLAINTIFF
1429 Walnut Street
12th Floor
Philadelphia, Pa. 19102
215) 246-9000

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor  :  | |
| by and through JAMES J. NEIMER and  : | |
| REBECCA NEIMER, her parents and natural guardians  : | |
| : | EASTERN DISTRICT OF PENNSYLVANIA |
| : | |
| vs.                                                                  : | |
| : | |
| LANCASTER SCHOOL DISTRICT; CITY OF  : | CIVIL ACTION NO. 02-CV-4034 |
| LANCASTER; LANCASTER RECREATION  : | HONORABLE CLARENCE C. NEWCOMER |
| COMMISSION; VICKI PHILLIPS, Individually  : | |
| and in her capacity os Superintendent of the  : | |
| Lancaster School District; GLORIA CAMPBELL,  : | |
| Individually and in her capacity as building principal  : | JURY TRIAL DEMANDED |
| of Hamilton elementary School; ISMAEL ALVAREZ  : | |
| and DONALD YEAGER, Individually and in his  : | |
| capacity as Director of the Lancaster County  : | |
| recreation Commission's School Age Care Program  : | |

## CERTIFICATE OF SERVICE

    I, Raymond M. Bily, Esquire, hereby certify that a true and correct copy of the foregoing Motion for Reconsideration has been served this date upon al interested counsel by way of United States First Class Mail, postage prepaid, addressed as follows:

Paul F. Lantieri, Esquire
Bennett, Bricklin & Saltzburg, LP
Liberty Place
313 West Liberty Street, Suite 371
Lancaster, PA 17603
(Counsel for Defendants, City of Lancaster,
Lancaster Recreation Commission and Donald Yeager)

Christopher S. Underhill, Esquire
Hartman, Underhill & Brubaker, LLP
221 East Chestnut Street
Lancaster, PA 17602
(Counsel for Defendants, City of Lancaster,
Lancaster Recreation Commission)

Maura E. Fay, Esquire
Dilworth Paxson, LLP
3200 Mellon Center
1735 Market Street
Philadelphia, PA 19103-7599
(Counsel for Lancaster School District,
Vicki Phillips and Gloria Campbell)

Edward H. Rubenstone, Esquire
Groen, Lamm, Goldberg & Rubenstone, LLC
Four Greenwood Square, Suite 200
Bensalem, PA 19020
(Counsel for Defendant, Ismael Alvarez)

_____
RAYMOND M. BILY, ESQUIRE

Dated:  October 10, 2003