IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, | : Docket Number 02-CV-4034 |
| Plaintiffs, | : |
| v. | : |
| LANCASTER SCHOOL DISTRICT, et al., | : |
| Defendants. | : |

## ORDER

AND NOW, this ____ day of _____, 2003, upon consideration of the plaintiffs' motions for reconsideration pursuant to Fed. R. Civ. P. 60(b)(6), for leave to amend Complaint pursuant to Fed. R. Civ. P. 15(a), and for leave to rejoin parties pursuant to Fed. R. Civ. P. 19(a)(1), it is hereby **ORDERED AND DECREED** that said Motions are **DENIED** with prejudice.

**BY THE COURT:**

_____
Newcomer, J.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br><br>                Plaintiffs,<br><br>                v.<br><br>LANCASTER SCHOOL DISTRICT, et al.,<br><br>                Defendants. | Docket Number 02CV4034 |

**THE OPPOSITION OF THE SCHOOL DISTRICT OF LANCASTER,
VICKI PHILLIPS, AND GLORIA CAMPBELL TO PLAINTIFFS' MOTIONS
FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 60(b)(6),
LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a),
AND LEAVE TO REJOIN PARTIES PURSUANT TO FED. R. CIV. P. 19(a)(1)**

The School District of Lancaster ("School District"), Vicki Phillips ("Dr. Phillips") and Gloria Campbell ("Ms. Campbell") (collectively referred to as "the School District parties" for purposes of this Opposition), by and through their undersigned counsel, respectfully submit this Opposition to plaintiffs' motions for (1) reconsideration pursuant to Fed. R. Civ. P. 60(b)(6), (2) leave to amend Complaint pursuant to Fed. R. Civ. P. 15(a), and (3) leave to rejoin parties pursuant to Fed. R. Civ. P. 19(a)(1) (collectively referred "Plaintiffs' Motion") as follows:

    1.    Admitted in part, denied in part. It is admitted that defendant Ismael Alvarez was plaintiff Katherine Neimer's fourth grade teacher. The School District parties are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of Plaintiffs' Motion and therefore the same are deemed denied.

    2.    Denied. Plaintiffs' initial action was filed on June 24, 2002 and docketed at 02-

4034 ("Case 1"). By motion dated October 7, 2002, the School District parties sought dismissal of each of the counts against them in Case 1 on the grounds that, *inter alia*, plaintiffs had failed to state a claim upon which relief could be granted, plaintiffs' claims against Dr. Phillips and Ms. Campbell were redundant, Dr. Phillips and Ms. Campbell were immune from liability for certain of plaintiffs' claims, Dr. Phillips and Ms. Campbell did not have final policymaking authority for the School District, Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8541 *et. seq.* barred certain of plaintiffs' claims and that the School District parties were not liable for punitive damages in conjunction with a number of plaintiffs' claims. On December 13, 2002, the Court granted the School District parties' motion to dismiss counts I-X of the Complaint. By order dated December 17, 2003, the Court denied plaintiffs' request for leave to amend the Complaint in Case 1 on the basis that the proposed amendment was futile.

Thereafter, on December 20, 2002, plaintiffs filed another Complaint against the School District parties in the United States District Court for the Eastern District of Pennsylvania, which was docketed at 02-9224 ("Case 2"). Because the Court's December 13, 2002 dismissal of plaintiffs' claims against the School District parties in the instant case constituted an adjudication on the merits, on January 29, 2003 the School District parties informed plaintiffs that they were barred from instituting a subsequent suit against the School District parties on the same causes of action. On February 5, 2003, pursuant to the safe harbor provisions of Fed. R. Civ. P. 11, the School District parties transmitted to plaintiffs a proposed motion for sanctions and alerted plaintiffs that they had 21 days to withdraw the clearly defective Complaint. On February 28, 2003 plaintiffs filed a praecipe to withdraw the Complaint in Case 2.

3. Denied. The School District parties incorporate herein by reference their response to paragraph 2 of Plaintiffs' Motion.

4. Denied as stated. In addition to Counts I, II, III, IV, V, VI, VII, IX and X, the Court also dismissed Count VIII. By way of further response, the School District parties incorporate herein by reference their response to paragraph 2 of Plaintiffs' Motion.

5. Admitted.

6. Denied. The School District parties are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of Plaintiffs' Motion and therefore the same are deemed denied. By way of further response, plaintiffs have failed to provide any information as to when the purported evidence was discovered, the source of the evidence, or any other detail as to the alleged information.

7. Denied. The School District parties are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiffs' Motion and therefore the same are deemed denied. By way of further response, plaintiffs have failed to provide any information as to how Counsel Bily "discovered" the purported evidence.

9.[1] Denied. It is denied that plaintiffs are entitled to relief pursuant to Fed. R. Civ. P. 60(b)(6). First, Plaintiffs' Motion is untimely under the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania, which expressly mandate that motions for reconsideration shall be served and filed within ten days after entry of the order concerned. Plaintiffs have waited over ten months. Second, the order which plaintiffs seek reconsideration of is interlocutory. However, Fed. R. Civ. P. 60(b)(6) only applies to a "final," appealable order, not an interlocutory order dismissing one, but not all, defendants. Third, to be granted extraordinary relief under Fed. R. Civ. P. 60(b)(6) plaintiffs must demonstrate

---

[1] Plaintiff's Motion omits paragraph 8.

3

exceptional circumstances and an absence of fault for their situation. Plaintiffs have failed to argue, much less provide the Court, with any basis for an entitlement to extraordinary relief. Fourth, to the extent plaintiffs rely on F. R. Civ. P. 60(b)(2), for information to be considered "newly discovered evidence," such evidence must be evidence that by due diligence could not have been discovered in time to move for a new trial. Again, plaintiffs have failed to provide the Court with any explanation as to the circumstances of such discovery. Indeed, plaintiffs make no showing supporting reconsideration and offer no explanation why these "facts" were not plead in plaintiffs' Complaint, introduced in response to the School District parties' motion to dismiss last year, or at least brought to the Court's attention prior to two weeks before trial. Lastly, plaintiffs' purported "new evidence" is immaterial, cumulative and would not have changed the outcome of the Court's disposition of the School District parties' motion to dismiss.

10.     Denied. It is denied that plaintiffs are entitled to leave of Court to amend the Complaint pursuant to Fed. R. Civ. P. 15(a). As an initial matter, leave to amend should be denied due to plaintiffs' failure to attach the proposed pleading to their Motion. Without a draft of such pleading, the Court has no basis to determine whether leave would be proper. In addition, plaintiffs' request for relief under Fed. R. Civ. P. 15(a) should be denied on the grounds of undue delay, bad faith, prejudice and futility. Plainly, plaintiffs are guilty of undue delay as the School District parties were dismissed from this case in December 2002 and plaintiffs have waited until two weeks before trial to seek leave amend the pleading. Significantly, the School District parties have not participated in this case since their dismissal (other than responding to subpoenas) and permitting plaintiffs leave to amend the Complaint at this juncture would cause tremendous prejudice to the School District parties. Such prejudice arises solely from plaintiffs' undue delay in prosecuting the case. Moreover, if plaintiffs were permitted to amend the

Complaint to add the purported "new discovered evidence," such an amendment would be futile as the new complaint would not survive a properly brought Fed. R. Civ. P. 12(b)(6) motion.

11.    Denied.  It is denied that the "newly discovered evidence requires the Court, pursuant to F.R.C.P. 19(a) to, (sic) grant plaintiff leave to rejoin Vicki Phillips, Superintendent of the Lancaster School District, Carol Phillips (sic), Principal of the Hamilton Elementary School, and the Lancaster School District as parties necessary to a just adjudication of the matter." Rather, the purported "newly discovered evidence" has no relevance to whether the School District parties are necessary parties under Fed. R. Civ. P. 19(a).  Moreover, the School District parties are not necessary for plaintiffs to obtain complete relief from the existing parties in the litigation.  Likewise, plaintiffs may not use Rule 19(a) merely as a means to obtain evidence to attempt to establish their case.

**WHEREFORE**, the School District of Lancaster, Vicki Phillips and Gloria Campbell request that the Court deny plaintiffs' motions for (1) reconsideration pursuant to Fed. R. Civ. P. 60(b)(6), (2) leave to amend Complaint pursuant to Fed. R. Civ. P. 15(a), and (3) leave to rejoin parties pursuant to Fed. R. Civ. P. 19(a)(1).

Respectfully submitted,

_____
Maura E. Fay
Identification No. 50814
Joshua D. Groff
Identification No. 86191
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
215-575-7000

DATED: October 17, 2003

Counsel for the School District of Lancaster, Vicki Phillips and Gloria Campbell

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br><br>Plaintiffs,<br><br>v.<br><br>LANCASTER SCHOOL DISTRICT, et al.,<br><br>Defendants. | Docket Number 02-CV-4034 |

**MEMORANDUM OF LAW IN SUPPORT OF THE OPPOSITION OF THE SCHOOL DISTRICT OF LANCASTER, VICKI PHILLIPS, AND GLORIA CAMPBELL TO PLAINTIFFS' MOTIONS FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 60(b)(6), LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a), AND LEAVE TO REJOIN PARTIES PURSUANT TO FED. R. CIV. P. 19(a)(1)**

The School District of Lancaster ("School District"), Vicki Phillips ("Dr. Phillips"), and Gloria Campbell ("Ms. Campbell") (collectively referred to as "the School District parties" for purposes of this Opposition), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of their Opposition to plaintiffs' motions for (1) reconsideration pursuant to Fed. R. Civ. P. 60(b)(6), (2) leave to amend Complaint pursuant to Fed. R. Civ. P. 15(a), and (3) leave to rejoin parties pursuant to Fed. R. Civ. P. 19(a)(1) (collectively referred to as "Plaintiffs' Motion").

**SUMMARY OF ARGUMENT**

The School District parties were dismissed from this case on December 13, 2002 and the Court denied plaintiffs' first motion to amend Complaint on December 17, 2002. Now, over ten months later, and less than two weeks before the revised trial date, plaintiffs have come forward with allegedly "newly discovered evidence" which they contend warrants permitting them to file an amended Complaint to rejoin the School District parties, apparently add a number of new defendants, and reinstate at least nine causes of action to their case. Obviously, allowing plaintiffs to reinstate their

claims against the School District parties at this late date -- more than three months after discovery closed and more than ten weeks after dispositive motions were to be filed -- will unduly delay disposition of the case and greatly prejudice the School District parties.

Plaintiffs also rely on this supposed "new evidence" without explaining (1) where this evidence was discovered,[1] (2) when it was discovered, (3) how it was discovered, (4) who discovered it, and/or (5) why it was not discovered earlier. Absent this information, this Court cannot possibly assess whether or not the circumstances warrant the extraordinary relief plaintiffs seek.

Additionally, the "new evidence" consists of nothing more than the names of seven School District teachers and/or teacher's aides, a description of what each purportedly observed concerning defendant Ismael Alvarez' "teaching style," and a statement that these observations were not passed on to the appropriate Lancaster County agency. Plaintiffs do not explain how this "new evidence" changes, or materially amplifies, the allegations in their original complaint to the effect that

- School District personnel knew of Alvarez' "unusual practice" of allowing students to sit on the floor under his desk or on his lap (Complaint, ¶¶28-29);

---

[1] Curiously, although Plaintiffs' Motion could be read to say that Mr. Bily spoke with each of the teachers and teachers aides identified, on October 14, 2003, Mr. Bily confirmed to the School District's counsel that he had not contacted any School District employee to obtain this "newly discovered evidence." A transcript of Mr. Bily's voicemail message is attached hereto as Exhibit 1. In light of this admission, it is reasonable to assume that Plaintiffs' Motion is founded on an individual's or agency's investigative file. Insofar as plaintiffs were denied access to the investigative files of (1) the School District, (2) the City of Lancaster Bureau of Police, and (3) the Lancaster County Children and Youth Social Service Agency by Order of this Court dated August 20, 2003 (a copy of which is attached hereto as exhibit 2), the School District is concerned that this "newly discovered evidence" was obtained in violation of this Court's Order or one or more of the applicable statutory provisions. *See, e.g.*, 18 Pa. C.S.A. §9106(c)(4), the Criminal History Record Information Act ("[i]nvestigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic.") *See also* 23 Pa. C.S.A. §6339, the Child Protective Services Law, ("[e]xcept as otherwise provided in this subchapter, reports made pursuant to this chapter ... **as well as any other information obtained, reports written or photographs or X-rays taken concerning alleged instances of child abuse in the possession of the department or a county agency shall be confidential.**" (emphasis added)); 23 Pa. C.S.A. §6340(c), ("[e]xcept for reports pursuant to subsection (a)(9) and (10), **the release of data that would identify** the person who made a report of suspected child abuse or **the person who cooperated in a subsequent investigation is prohibited** unless the secretary finds that the release will not be detrimental to the safety of that person. **Law enforcement officials shall treat all reporting sources as confidential informants.**" (emphasis added)).

- School District personnel made Ms. Campbell and/or Dr. Phillips aware of Alvarez' practices and these observations were memorialized in "files, records and similar documents" purportedly created or reviewed by Ms. Campbell (*id.*, ¶¶29, 62(b), 73(a), 81(b), 93(a), 101(b), 106, 130(a));

- School District personnel were not properly trained regarding how to identify and respond to behavior which could constitute sexual harassment, sexual assault, or inappropriate sexual conduct and behavior with students (*id.*, ¶¶62(j), 73(f), 81(j), 93(f), 101(j), 109, 130(f));

- School District personnel were discouraged from reporting and/or encouraged to turn a blind eye to, incidents of possible sexual assault, sexual abuse, or sexually inappropriate conduct and behavior by faculty, staff, or employees (*id.*, ¶¶62(q), 81(q), 101(p), 101(q)); and/or

- the School District had defective, deficient, and legally insufficient reporting procedures (*id.*, ¶¶32, 62(q), 81(q), 101(a), 101(q), 130(e)).

Plaintiffs' "new evidence" is not only cumulative, it would not have altered this Court's conclusion that taking the above allegations as true, plaintiffs could not proceed against the School District parties. Indeed, this Court's rationale for dismissing plaintiffs' claims had nothing to do with the sufficiency of allegations relating to what any School District employee knew.

Simply put, Plaintiffs' Motion is yet another attempt to resurrect empty claims against the School District parties and is nothing more than a last ditch effort to postpone the upcoming trial. Plaintiffs' Motion must be denied for the procedural and substantive reasons set forth below.

## PROCEDURAL BACKGROUND

By Complaint dated June 24, 2002, plaintiff Katherine Elizabeth Neimer ("plaintiff Neimer"), a minor, by and through her parents James Neimer and Rebecca Neimer (collectively referred to as "plaintiffs") instituted an action against, *inter alia*, the School District, Dr. Phillips and Ms. Campbell.

3

In that Complaint, plaintiffs alleged various violations of plaintiff Neimer's rights under state and federal law, including that Dr. Phillips and Ms. Campbell were purportedly liable for violating 42 U.S.C. §1983 ("§1983") in their official and individual capacities (Counts I, II, IV and V), that Dr. Phillips and Ms. Campbell were negligent under state law in their "official" capacities (Counts III and VI), and that the School District was liable for violations of §1983, intentional infliction of emotional distress and negligence (Counts VII, IX and X).

By motion dated October 7, 2002, the School District parties sought dismissal of each of the above-enumerated counts on the grounds that, *inter alia*, plaintiffs had failed to state a claim upon which relief could be granted, plaintiffs' claims against Dr. Phillips and Ms. Campbell were redundant, Dr. Phillips and Ms. Campbell were immune from liability for certain of plaintiffs' claims, Dr. Phillips and Ms. Campbell did not have final policymaking authority for the School District, Pennsylvania's Political Subdivision Tort Claims Act ("Tort Claims Act"), 42 Pa. C.S.A. §8541 *et. seq.* barred certain of plaintiffs' claims, and that the School District parties were not liable for punitive damages in conjunction with a number of plaintiffs' claims. By Motion dated November 8, 2002, plaintiffs sought leave to amend their Complaint to add negligence counts against Dr. Phillips and Ms. Campbell in their "individual" capacities.

By Order dated December 13, 2002, this Court dismissed all of plaintiffs' claims against the School District parties as follows:

- Counts I, II, IV, V and VII, alleging violations of §1983, were dismissed due to plaintiffs' failure to explicitly allege that defendant Ismael Alvarez was acting under the color of state law when he allegedly committed the acts in question; and

- Counts III, VI, IX and X, alleging state law claims against the School District parties, were dismissed by virtue of Pennsylvania's Tort Claims Act.

A few days later, this Court denied plaintiffs' motion to amend their Complaint, finding that the proposed amendment was futile.

4

On December 20, 2002, the plaintiffs filed a <u>new</u> civil action against the School District parties in this District Court. Plaintiffs' second case was docketed at 02-CV-9224 and also assigned to this Court. Through the Complaint in the "new" case, plaintiffs simply realleged the purported claims against Dr. Phillips and Ms. Campbell for violations of §1983 and negligence in their official and individual capacities, and against the School District for violation of §1983, intentional infliction of emotional distress and negligence. Because this Court's December 13, 2002 dismissal of plaintiffs' claims constituted an adjudication on the merits, on January 29, 2003, the School District parties' counsel advised plaintiffs' then-counsel that plaintiffs' claims were barred under the doctrine of *res judicata*. After plaintiffs' counsel failed and refused to withdraw the "new" case, in February 2003 he received a proposed Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. §1927. On February 28, 2003 plaintiffs filed a praecipe to withdraw the "new" action.

That same day, this Court entered a Scheduling Order setting July 1, 2003 as the discovery cut-off, August 1 as the date by which dispositive motions had to be filed, and September 22 as the date that counsel should be ready for trial. Less than three weeks before the deadline for the close of discovery, plaintiffs' counsel first issued subpoenas which called for, *inter alia*, the production of documents by the School District and Ms. Campbell. Included with the subpoenas were notices of deposition for Ms. Campbell and a designee of the School District.[2]

On June 19, 2003, one day <u>before</u> the return date on the School District's document subpoena, plaintiffs filed a motion to compel the production of the documents from a number of sources including the School District, the Lancaster County Children and Youth Social Service Agency, and

---

[2] In response, the School District filed objections to the document subpoena issued to it and its counsel advised plaintiffs' counsel that none of the subpoenas had been properly served.

5

the City of Lancaster Bureau of Police ("Motion #1").[3] On June 26, 2003, counsel for the City of Lancaster Bureau of Police filed an opposition to Motion #1.[4]

On June 27, 2003 -- three days before the close of discovery -- plaintiffs filed a <u>second</u> motion to compel, this time against the School District and Ms. Campbell ("Motion #2"). On July 3, 2003, the School District and Ms. Campbell opposed Motion #2 on a number of grounds including that plaintiffs had failed to comply with Local Rules of Civil Procedure 7.1(c) and 26.1(f).[5]

On July 8, 2003 plaintiffs filed two additional motions to compel ("Motions #3 and #4"), this time including with each the requisite certification and memorandum of law. On July 16, 2003, counsel for the School District and Ms. Campbell filed oppositions to Motions #3 and #4 stating, among other things, that plaintiffs' counsel's Local Rule 26.1(f) certifications were inaccurate.

On July 18, this Court issued a rule to show cause why plaintiffs' counsel should not be sanctioned pursuant to Fed. R. Civ. P. 11. Following a hearing on July 21, 2003, Motions #3 and #4 were denied and plaintiffs' then-counsel was sanctioned. On September 11, 2003, plaintiffs' counsel -- Mr. Elliott – withdrew his appearance and he was replaced by Mr. Bily. A month after Mr. Bily was retained, and two weeks before the scheduled trial in this matter, Mr. Bily filed the instant motion claiming that he had "discovered new abundant and significant evidence to support plaintiff's claims which were dismissed by the Court pursuant to Federal Rule of Procedure 12(b)(6)." Plaintiffs' Motion, p. 2, ¶6.

---

[3] This motion was never served on the School District.

[4] This Court denied Motion #1 on June 27, 2003 on the grounds that plaintiffs had failed to comply with Local Rules of Civil Procedure 7.1(c) and 26.1(f).

[5] Motion #2 was denied by Order of this Court dated July 8, 2003.

**ARGUMENT**

    A.    **Plaintiff is Not Entitled to Relief Pursuant to Fed. R. Civ. P. 60(b)(6)**

        1.    **Relief Under Fed. R. Civ. P. 60(b)(6) Only Applies to Final, Appealable Orders**

Federal Rule of Civil Procedure 60, by its express terms, only applies to a "final," appealable order, not an interlocutory order dismissing one, but not all, defendants.[6] As explained by the Advisory Committee, "[t]he addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." *See Menoken v. McNamara*, 213 F.R.D. 193, 195 (D.N.J. 2003) (stating that the Third Circuit Court of Appeals holds that interlocutory orders are not within the scope of Rule 60(b)). This Court has explained that in federal court, an order that dismisses a defendant but leaves the action pending against other defendants is considered interlocutory. *Karibjanian v. Chromalloy Pharmaceutical, Inc.*, 1991 WL 125176 *1 (E.D. Pa., June 28, 1991).[7] Thus, where an order fails to resolve all claims against all parties, a plaintiff may not utilize Rule 60(b). *Id.* at *4. "Such a partial adjudication of rights is not subject to the provisions of Rule 60(b)." *Id.* (citation omitted).

Here, the December 13, 2002 Order dismissed some, but not all, of the original defendants from plaintiffs' case, rendering that Order interlocutory. As such, plaintiffs cannot be granted relief under Rule 60(b).

---

[6] Presumably, plaintiffs cast their motion as one for reconsideration under Rule 60 to avoid Local Rule of Civil Procedure 7.1(g) which requires a motion for reconsideration to be filed within ten days of the entry of the order at issue. That said, because Plaintiffs' Motion was not brought until two weeks before the rescheduled trial date, and was initiated only after discovery closed and the dispositive motion deadline had passed, it was not made within a reasonable time as required by Rule 60(b)(6). *See Franklin Mint, Co. v. Boyd*, 2001 WL 474424 (E.D. Pa., May 3, 2001).

[7] Copies of all unreported cases are attached hereto in Exhibit "3".

7

## 2.   In Any Event, There Are no Extraordinary Circumstances Present Here

Of course, even assuming Rule 60(b) did apply, plaintiffs' Rule 60(b)(6) request still fails because they cannot demonstrate that the relief they seek is appropriate. It is well established that relief under Rule 60(b)(6) is "extraordinary" and that it may only be awarded "upon a showing of exceptional circumstances." *Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 273 ($3^d$ Cir.) (citations omitted), *cert. denied*, 537 U.S. 947 (2002). To determine whether extraordinary circumstances exist, the court is guided by whether "an extreme and unexpected hardship would occur" absent such relief. *Charowsky v. Kurtz*, 2001 WL 187337 *7 (E.D. Pa., February 23, 2001), *aff'd* 281 F.3d 219 ($3^d$ Cir. 2001). To prevail on a Rule 60(b)(6) motion it must also appear that the movant is "completely without fault" for his or her predicament. *Mondesir v. Trans Union*, 2001 WL 57992 *1 (E.D. Pa., January 22, 2001) (citation omitted).

Here, plaintiffs have failed to argue, much less demonstrate (1) that their situation is extraordinary in any way, especially in light of the allegations they already put forth before this Court; (2) that an "extreme and unexpected hardship would occur" absent the relief they seek; <u>or</u> (3) that they are completely without fault in this instance.[8]

Plaintiffs' invocation of "newly discovered evidence" does not change this result. First, plaintiffs do not claim to be relying on Rule 60(b)(2) and, therefore, the arguments about "newly discovered evidence" seem to be misplaced.

Second, plaintiffs cannot possibly meet the threshold required for presenting "newly discovered evidence." Under Rule 60(b)(2), "newly discovered evidence" must be "evidence which by due diligence could not have been discovered in time to move for a new trial[9] under Rule 59(b)." Fed. R. Civ. P. 60(b)(2); *Betterbox Communications Ltd. v. BB Technologies, Inc.*, 300 F.3d 325, 331 ($3^d$ Cir.

---

[8] Indeed, the plaintiffs waited until late in the discovery period to even seek investigative materials from various parties and third parties, and then failed to comply with the Rules which, if followed, could have afforded them access to the information now at issue.

[9] The formulation of what constitutes "new evidence" reinforces the fact that Rule 60(b) only applies to final orders.

2002). *See also Karibjanian*, 1991 WL 125176 at *3 ("[n]ewly discovered evidence is evidence of facts of which the aggrieved party was excusably ignorant at the time the adverse order was entered against her.") More specifically, "[a] party is entitled to a new trial only if such evidence is (1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial." *Williams v. Hospital of the University of Pennsylvania*, 1992 WL 121784 *3 (E.D. Pa., May 21, 1992) (citations omitted).

Plaintiffs cannot possibly be entitled to extraordinary relief on the basis of newly discovered evidence when they have failed to provide the Court with <u>any</u> explanation of what they even mean by "as immediately thereafter as possible", Counsel Bily "discovered" evidence to support claims which were earlier dismissed by this Court. Plaintiffs' Motion, p. 2, ¶ 6. As plaintiffs obtained no discovery from the School District parties, since plaintiffs' motions to compel discovery were denied, and because discovery has been closed for over three months, one is left to speculate how plaintiffs suddenly came into possession of a series of detailed observations purportedly buttressing their claims. Obviously, if the material was in plaintiffs' counsel's file from the time the case was instituted, the evidence is simply not "newly" discovered even if it is "new" to Counsel Bily as Mr. Elliott's replacement. Conversely, if the evidence was in fact recently obtained, the Court cannot possibly grant the Rule 60(b) request without knowing how it was discovered after discovery closed and why, with the exercise of reasonable due diligence, it was not discovered until two weeks before trial.[10]

It is also clear that plaintiffs' "new evidence" is immaterial, in that it would not have changed the outcome of the Court's disposition of defendants' motion to dismiss. For example, with respect to plaintiffs' 42 U.S.C. §1983 claims, the alleged "new evidence" does not alter plaintiffs' failure to properly allege that Alvarez was acting under the color of state law at the time of the offending

---

[10] Of course, no matter when counsel obtained the information, it still remains a mystery how he obtained it given the various state statutes that require that such information remain confidential and this Court's prior order. *See* page 2, n.1 *supra*.

9

conduct, which was the Court's basis for dismissing these claims. In addition, these "facts" have absolutely no bearing on the Court's dismissal of the state law claims previously contained in Counts III, VI, IX and X, which were dismissed by virtue of the Tort Claims Act.[11]

In sum, plaintiffs cannot be afforded relief under Rule 60(b) since the circumstances are not extraordinary, because their proposed offering does not meet the requirements of competent "newly discovered evidence" and, in any event, the evidence is immaterial and cumulative.

**B.   Plaintiffs Should Not Be Permitted To Amend Their Complaint**

**1.   Plaintiffs Failed to Attach a Draft Complaint to Their Motion**

As an initial matter, the failure to provide the Court with a draft of the Amended Complaint is itself an adequate basis for the Court to deny plaintiffs' request to amend. For instance, in *Lake v. Arnold*, 232 F.3d 360 (3$^d$ Cir. 2000), the Third Circuit analyzed whether the District Court had abused its discretion in denying a motion to amend complaint where the lower court had failed to explain why the request to amend was denied. The *Lake* court first noted that the denial of leave to amend must be justified under the circumstances. *Id.* at 373. In finding that dismissal was warranted due to plaintiff's failure to attach a draft amended complaint to her motion to amend, the Third Circuit explained:

> Obviously, without this draft complaint, the District Court cannot evaluate the merits of plaintiffs' request. Here, as we stated above, the plaintiff failed to give the District Court a draft complaint to review. Thus, the court had nothing upon which to exercise its discretion. Consequently, the District Court's lack of findings or justification do not make its denial of leave to amend improper, although such a statement would have made our review more straightforward. *See Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 655 (3$^d$ Cir. 1998) (upholding District Court's denial of leave to amend despite absence of specific factual findings justifying denial); *Kelly v. Del. River Joint Comm'n*, 187 F.2d 93, 95 (3$^d$ Cir. 1951) (affirming lower court's summary refusal to permit amendment to a claim given plaintiff's failure to provide court with a proposed amended complaint).
>
> We conclude that the Lakes' failure to provide a draft amended complaint would be an adequate basis on which the court could deny the plaintiff's request. *See Rolo*, 155 F.3d at 655; *accord Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994) (noting that

---

[11] As set forth above, the "new evidence" is also cumulative of information already contained in plaintiffs' Complaint, which, for purposes of the School District parties' 12(b)(6) motion, was already accepted as true by this Court. *See, e.g.* Complaint at ¶¶ 28-34, 62(a), (b), (j), (k), (p) & (q), 73(a), (e), (f) & (g), 81(a), (b), (j), (k), (p) & (q), 93(a), (e), (f) & (g), 101(a), (b), (j), (k), (p) & (q) and 130(a), (e), (f) & (g).

10

> the failure to provide a proposed amended complaint demonstrates lack of diligence or bad faith). Moreover, we are inclined to give the District Court even broader discretion when, as here, the court has already granted the requesting party an opportunity to amend its complaint. *See, e.g., DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n. 3 (9th Cir. 1987).

232 F.3d at 374.

Like the movant in *Lake*, plaintiffs have not provided a draft Complaint, which serves as the foundation for a grant of leave to amend. Because plaintiffs have failed to provide the Court with any basis to grant their motion for leave to amend, Plaintiffs' Motion should be denied.[12]

### 2. Plaintiffs Have Unduly Delayed and an Amendment This Late Would Unfairly Prejudice The School District Parties

With respect to the merits of plaintiffs' attempt to amend, a motion for leave to amend Complaint is committed to the sound discretion of the district court and denial is appropriate on the grounds of undue delay, bad faith, prejudice, and futility. *Atuahene v. Sears Mortgage Corporation*, 2000 WL 134326 *2 (E.D. Pa., February 4, 2000). Moreover, "[i]t is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell and Company, Inc. v. Occupational Safety and Health Review Commission*, 573 F.2d 820, 823 (3d Cir. 1978) (citations omitted). Where a plaintiff has failed to take advantage of an opportunity to amend in a reasonable period of time, leave to amend should be denied. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993); *Atuahene*, 2000 WL 134326 at *2. *See also Buelina v. City of Philadelphia, et al*, 2002 WL 531538 (E.D. Pa., April 8, 2002) (motion for leave to amend complaint denied where the plaintiff waited until the close of discovery to seek the amendment and granting the motion would have required additional extensive discovery and placed an unwarranted burden on the Court.)

In this instance, allowing plaintiffs to amend their Complaint on the eve of trial would cause tremendous prejudice to the School District parties. Indeed, the School District parties have not been

---

[12] Plaintiffs' Motion should also be denied to the extent plaintiffs merely reargue the sufficiency of their earlier allegations. The time to interpose a motion for reargument was December of last year, not two weeks before trial. Local Rule of Civil Procedure 7.1(g).

11

active participants in this case in nearly a year and have not engaged or participated in any discovery, which deadline passed nearly four months ago. Granting Plaintiffs' Motion would obviously bring a halt to all parties' trial preparation and would necessitate months of additional discovery, including the opportunity of the School District parties to embark upon their own discovery course. Plaintiffs' untimely request arises solely from their own delay and this Court should not reward such behavior.

### 3. An Amendment to the Complaint Alleging the "New Facts" Would Also be Futile

Even if plaintiffs had acted without undue delay, and even if the filing of an amended Complaint would not unfairly prejudice the School District parties, such an amendment nevertheless should be denied since it would be futile. Leave to amend a Complaint should be denied where such amendment would be futile. *Lorenz*, 1 F.3d at 1414 (denying motion for leave to amend, in part, because of futility). "Futility" exists where the amendment would fail to state a claim upon which relief can be granted. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3$^d$ Cir. 1997) (citation omitted). In determining whether an amendment would be futile, the same standard of legal sufficiency as applies under 12(b)(6) should be applied to plaintiffs' claims. *Id.*

Here, plaintiffs request permission to replead their Complaint to "satisfy the Court's criticisms articulated in its December 13, 2002 order and, further, to re-plead their §1983 claims with the requisite specificity afforded by the evidence newly discovered by Counsel Bily." Plaintiffs' Motion at p. 7. As noted above, the purported "new evidence" does nothing to resurrect plaintiffs' state law claims that are barred, as a matter of law, by Pennsylvania's Tort Claims Act. Moreover, plaintiffs' §1983 claims were not dismissed for a failure to plead with "requisite specificity." Rather, plaintiffs' §1983 claims were dismissed for failure to allege that Defendant Alvarez acted under the color of state law when he allegedly committed the acts in question. December 13, 2002 Order at p. 2.

Plainly, plaintiffs' "new facts" alleging that school district employees observed Alvarez and failed to report his conduct, have little bearing on the reason the Complaint was dismissed on

12

December 13th and, therefore, amending the Complaint to include these facts would not overcome the infirmity which led to dismissal in the first instance.

C.    **Plaintiff Cannot Use Fed. R. Civ. P. 19(a) To "Rejoin" Defendants**

Lastly, plaintiffs argue that they are entitled to relief pursuant to Fed. R. Civ. P. 19(a). Specifically, plaintiffs allege "[t]his lawsuit presents the exact context anticipated by the Rule, wherein the plaintiff cannot be accorded complete relief unless the dismissed parties are rejoined." Plaintiffs' Motion at p. 14 (emphasis omitted). Plaintiffs misconstrue both the language and the import of this Rule.

Federal Rule of Civil Procedure 19(a) concerns relief "accorded *among* those *already parties*." *See* Fed. R. Civ. P. 19(a). In other words, when a district court determines "whether a absent person must be joined to an action, the court must consider if in the person's absence complete relief can be accorded 'among those already parties'." *Sindia Expedition, Inc. v. Wrecked and Abandoned Vessel*, 895 F.2d 116, 121 ($3^d$ Cir. 1990); *see also Angst v. Royal Maccabees Life Insurance Comp.*, 77 F.3d 701, 705 ($3^d$ Cir. 1996) (same). As the *Sindia* Court explained, "'complete relief' refers to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought." 895 F.2d at 121 (quoting Professor Moore and Moore's Federal Practice); *see also Intercept Security Corp. v. Code Alarm, Inc.*, 164 F.R.D. 215, 218 (E.D. Mich. 1995).

Here, the "rejoinder" of the School District parties to the case is not necessary for the plaintiffs to obtain full relief against the remaining defendants – the City of Lancaster, the Lancaster Recreation Commission and Mr. Alvarez. Indeed, plaintiffs fail to provide any explanation how the relationship between them and the City of Lancaster, the Lancaster Recreation Commission. and Mr. Alvarez will

in any way be altered if the School District parties are not rejoined.[13]

More fundamentally, plaintiffs' attempt to "rejoin" parties pursuant to Rule 19(a), under these circumstances, requires a tortured understanding of the Rule. Under plaintiffs' theory, any defendant who has been dismissed from a lawsuit pursuant to court order, may be rejoined by virtue of Rule 19(a) on the basis of "just redress." However, "just redress" cannot trump the legal conclusions, *inter alia*, that the School District parties are immune from plaintiffs' state law claims by virtue of the Tort Claims Act, that Dr. Phillips and Ms. Campbell are immune for acts in their official capacity, that neither Dr. Phillips nor Ms. Campbell have final policymaking authority for the School District, or that the claims against Dr. Phillips and Ms. Campbell were redundant.[14]

---

[13] To the extent that plaintiffs contend that they should be permitted to rejoin the School District parties to present "newly discovered evidence," this claim also fails. Indeed, federal courts have explicitly held that the need to gather evidence from an entity does not justify joinder under Rule 19(a). As the Second Circuit Court of Appeals recently instructed:

> The question of whether or not an entity or individual should be a party to an action is something quite different from the questions and problems associated with obtaining evidence from such an entity or individual. Rule 19 . . . does not list the need to obtain evidence from an entity or individual as a factor bearing upon whether or not a party is necessary or indispensable to a just adjudication. *Costello Publ'g Co. v. Rotelle*, 216 U.S. App. D.C. 216, 670 F.2d 1035, 1044 (D.C. Cir. 1981); *see also Brown v. United States*, 42 Fed. Cl. 538, 564 (Fed. Cl. 1998) (a party is not "necessary" for Rule 19 purposes merely because the plaintiff needs to obtain evidence from it and the defendant would have to defend the absent party's actions at trial); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983) (rejecting notion "that without the broader discovery available from [the absent] party, complete relief can not be granted" and stating "we have found no cases which approve of the use of rule 19 simply to allow greater discovery, and we can discern no policy which such an expansion of the rule would promote").

*Johnson v. Smithsonian Institution*, 189 F.3d 180, 188 (2d Cir. 1999).

[14] It is also unclear exactly who plaintiffs would join and "rejoin" if permitted to do so. On page 15 of their Motion, plaintiffs seek to rejoin the City of Lancaster (a party that was never dismissed from the case), the School District of Lancaster, Vicki Phillips, Gloria Campbell *and school employees*. Plaintiff does not identify who these school employees are, or any basis for their purported liability.