BENNETT, BRICKLIN & SALTZBURG LLP
By:    Paul F. Lantieri
       313 West Liberty Street, Suite 371
       Lancaster, PA 17603
       (717) 393-4400

HARTMAN UNDERHILL & BRUBAKER LLP
By:    Christopher S. Underhill
       Attorney I.D. No. 07013
       221 East Chestnut Street                   Attorneys for Defendants,
       Lancaster, PA 17602                         City of Lancaster and Lancaster
       (717) 299-7254/FAX (717) 299-3160      Recreation Commission

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER<br>a minor, by and through JAMES J. NEIMER<br>and REBECCA NEIMER, her parents and<br>natural guardians,<br>               Plaintiffs<br><br>      v.<br><br>CITY OF LANCASTER; LANCASTER<br>RECREATION COMMISSION; and<br>ISMAEL ALVAREZ,<br>               Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:     CI-02-CV-4034<br>:<br>:     JURY TRIAL DEMANDED<br>:<br>:     Judge Newcomer<br>: |

**PRE-TRIAL MEMORANDUM OF DEFENDANTS, THE CITY<br>OF LANCASTER AND THE LANCASTER RECREATION COMMISSION**

      1.    <u>Nature of the Case</u>.  This case arises from the sexual molestation of the

minor Plaintiff, Katherine Neimer, by Defendant Ismael Alvarez on December 21 and

December 22, 2000.  Mr. Alvarez was a teacher at the Hamilton Elementary School in

00317122.1

Lancaster. Ms. Neimer was a fourth grade student at the school and Mr. Alvarez was her teacher.

The Lancaster Recreation Commission runs a before and after school program at the schools in the City of Lancaster. Ms. Neimer was enrolled in the Before School Program at the Hamilton School. The Recreation Commission is a separate legal entity independent of the City and the School District.

On December 21 and December 22, 2000, shortly before class was to commence, Mr. Alvarez came to the room in which the Before School Program was being conducted and asked if Ms. Neimer could come with him to his classroom to assist him. The Program supervisor, Michelle Bair, asked Ms. Neimer if she wanted to go along and on both days she said she did. While Ms. Neimer was with Mr. Alvarez, he illegally fondled her on both days. While she said nothing on the first day, on the second day she reported it to her father. As a result Mr. Alvarez was arrested and later pled guilty and was sent to prison.

The Recreation Commission had a policy in place which provided that students in the Before School Program would not be released to anyone other than the parents and those persons on a list furnished by the parents. At the end of the morning program, the children were released to their teachers to begin school. While there is no evidence that children were regularly released to their teachers other than at the beginning of school, there was an unwritten policy which permitted Program supervisors to release children to their individual teachers upon request and with the consent of the child.

When she released Ms. Neimer to Mr. Alvarez, Ms. Bair had no reason to believe that Mr. Alvarez would molest Ms. Neimer.

In fact, there is no evidence whatsoever that Ms. Bair or anyone associated with the Recreation Commission (or the City) knew, or had any reason to suspect, that Mr. Alvarez would, or was likely to molest, a student. Mr. and Mrs. Neimer, prior to this incident, had substantial contact with Mr. Alvarez and they too had no reason to suspect him capable of the acts he committed.

The City and the Recreation Commission filed a motion for summary judgment which was denied. One of the reasons advanced against the motion was that discovery was not complete. That is no longer true. Discovery was cut off by the Court on July 1, 2003, and Plaintiffs' motion for additional discovery was denied.

2.  <u>Witnesses</u>.

Susan E. Abele, now by marriage, Susan E. Landis, Executive Director, Lancaster Recreation Commission. Ms. Landis will testify to the before and after school program run by the Recreation Commission. She will describe its policies, its procedures, and the training given to the Program supervisors. She will also testify to her knowledge of the events of December 21 and December 22, 2000 and the actions taken by the Recreation Commission thereafter.

Michelle Bair, Program Supervisor, Before School Program. Ms. Bair will testify to the events of December 21 and December 22, 2000, her understanding of the restriction on releasing children in the program to persons who were not their parents, including

teachers. She will also testify to subsequent events, including her interview with the police and her conversation with Mrs. Neimer regarding the incidents and Mrs. Neimer's statement that the Neimers did not hold Ms. Bair responsible. Ms. Bair will also testify to the training that she received as a supervisor in the Program.

Donald Lee Yeager, Director of Child Care Services, Lancaster Recreation Commission. Mr. Yeager will also testify to the policies and procedures of the before and after school program, to his knowledge of the events of December 21 and December 22, 2000, and to the subsequent actions by the Recreation Commission. He will also testify to the training given to Program supervisors.

    3.    <u>Exhibits</u>. See attached.

    4.    <u>Legal Issues</u>.

        A.    <u>General Standard of Liability</u>. Plaintiffs assert liability on the basis that the Lancaster Recreation Commission had an unwritten policy or practice that students in the Before School Program could be released to their teachers upon request and with the consent of the student. Plaintiffs assert that this "facilitated" the sexual assault by Mr. Alvarez. No case has been found where a government entity has been found liable where it "facilitated" unconstitutional behavior without any prior knowledge that such behavior was likely to occur.

To the contrary, all cases dealing with policy or practice or deliberate indifference arise from circumstances where the actions promoted or condoned involve the persons who committed the unconstitutional acts themselves. The Third Circuit has already ruled in

<u>Morse v. Lower Merion School District</u>, 132 F.3d 902 (3d Cir.1997) that merely allowing a circumstance which resulted in a fatality was not a basis for liability of the government agency.  In that case, a child care center operated out of a wing of Lower Merion High School.  Ordinarily, the doors to the school were kept locked, but because construction work was being performed, the rear door was left unlocked so the construction workers could have access to the building.  A person with a history of mental illness entered the building and shot and killed a teacher in the day care center.

The lower court granted a Rule 12(b)(6) motion.  The Third Circuit affirmed stating that the test for liability, "requires that the harm ultimately caused was a foreseeable and a fairly direct result of the state's actions." 132 F.3d at 908.  The court held (1) that the defendants, "could not have foreseen that allowing construction workers to use an unlocked back entrance for access to the school building would result in the murderous act of a mentally unstable third party, and that the tragic harm which ultimately befell Diane Morse was too attenuated from defendant's action to support liability." 132 F.3d at 908, (2) "There is no allegation that defendants were aware of anyone posing a credible threat of violence to persons inside the school building."  132 F.3d at 908, and (3) "Stovall's attack was not a 'fairly direct' result of defendants actions....While we must accept the allegation that Stovall gained access to the building through the unlocked rear entrance, this does not mean the attack on Diane Morse occurred as a direct result of defendants allowing the construction crews to prop open the door.  The causation, if any, is too attenuated." 132 F.3d at 908-909.

It is clear that actions must be predicated on a knowing creation of circumstances which resulted in the harm complained of.

Further, policy or practice or deliberate indifference must relate directly to the wrongful act complained of. Garcia v. County of Bucks, PA, 155 F.Supp.2d 259 (E.D.Pa.2001) ("A municipality is liable for a constitutional tort only 'when execution of a government's policy or custom, whether made by its law makers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury' complained of.") 155 F.Supp.2d at 627.

B.   Liability of the City of Lancaster. The City is one of three entities that formed the Lancaster Recreation Commission along with the Lancaster School District and Lancaster Township. It takes no active role in the Recreation Commission's policies or programs, at least with respect to the before and after school program. It has no policy, practice or custom with respect to the children in the Program including none with respect to releasing children to go with their teachers upon request. It has no direct knowledge of the events of December 21 and December 22, 2000. It has no role in the training of the Recreation Commission personnel in the Program. The Recreation Commission is an independent body with its own charter, board of directors and officers.

Before a governmental body can be liable for the violation of an individual's federally protected rights, it must have a policy, practice or custom of causing or tolerating those violations. Stoneking v. Bradford Area School District, 882 F.2d 720 (3d Cir.1989). A municipality may also be liable where, as a result of inadequate training and supervision,

the governmental body has what amounts to a policy of deliberate indifference to the rights of persons with whom the government's employees come in contact. Montgomery v. DeSimone, 159 F.3d 120 (3d Cir.1998); Garcia v. County of Bucks, PA, 155 F.Supp.2d 259 (Ed.Pa.2001). There is no evidence whatsoever of a policy, practice or custom on the part of the City of permitting children to go with pedophiles and likewise there is no evidence of any deliberate indifference on the part of the City. The City requests, therefore, that it be immediately dismissed from this case without having to go through a trial.

        C.    Liability of the Lancaster Recreation Commission. The legal standards that apply the City of Lancaster also apply to the Recreation Commission. Ms. Bair had absolutely no knowledge that Mr. Alvarez would molest Ms. Neimer. To her knowledge he was simply Ms. Neimer's teacher. She had no knowledge of anything that would give her any pause in releasing Ms. Neimer to Mr. Alvarez. Obviously, therefore, the Recreation Commission did not have a policy, practice or custom of releasing children in the Before School Program to a known or even suspected pedophile. It also had a program in place for training its supervisors which included release of children from the Program. There is no evidence that there was widespread release of children to unauthorized persons, let alone pedophiles, of which the Recreation Commission was aware. It cannot, therefore, have been deliberately indifferent to the actions of its supervisors with respect to releasing children to persons who might sexually molest them. Stoneking v. Bradford Area School

District, supra; Montgomery v. DeSimone, Morse v. Lower Merion supra; Garcia v. County of Bucks, PA, supra.

    D. <u>Dismissal of Some of Plaintiffs' Causes of Action</u>. The Plaintiffs allege five causes of action: (1) failure to train and supervise daycare providers in the Before School Program, (2) failure to train and supervise persons with access to students in the Before School Program, (3) failure to provide mechanisms to protect children in the Before School Program from Mr. Alvarez, (4) failure to use due care in selecting daycare providers in the Before School Program, and (5) failure to enact and enforce rules and regulations to prevent children in the Before School Program from being released to unauthorized persons.

The City and the Recreation Commission understand Number 2 to refer to the teachers in the schools where the Before School Program was being conducted. Since all teachers, including Mr. Alvarez, were employees of the Lancaster School District and not employees of the City or the Recreation Commission, the City and the Recreation Commission cannot be responsible for the training and supervision of the teachers. The City and the Recreation Commission request, therefore, that this cause of action be dismissed and Plaintiffs prohibited from introducing any evidence relating to the training and supervision of the teachers because such evidence could be confusing to the jury.

Number 3 presupposes that persons in the City or the Recreation Commission had or should have had knowledge that Mr. Alvarez was a pedophile and likely to molest Ms. Neimer. There is no evidence to support this. The City and the Recreation Commission

request that this cause of action be dismissed as well and that Plaintiffs be prohibited from introducing any evidence of Mr. Alvarez' teaching practices.

Cause of action Number 5 is not applicable because clearly there was a written policy in place dealing with release of children in the Before School Program. Any failure to enforce that policy is not applicable because (a) absent any knowledge of Mr. Alvarez' predilections, the City and the Recreation Commission had no duty to protect Ms. Neimer, Burden v. Wilkes Barre, 16 F. Supp.2d 569 (MD Pa 1998), and (b) any violation of the policy would have been, at most, negligence. Negligence has already been dismissed from this case by the Court.

The unwritten policy permitting release of children to their teachers cannot be construed as a policy or practice of condoning release of children to pedophiles nor can it be construed as deliberate indifference to the constitutional rights of Ms. Neimer. The City and the Recreation Commission request that this cause of action also be dismissed and that all evidence regarding the policy be excluded.

E.  The Nature and Extent of Any Damages Suffered by Plaintiffs.

Plaintiffs' expert on the emotional damages suffered by Ms. Neimer includes speculation that Ms. Neimer's, "relationships with members of the opposite sex will be somewhat more anxiety producing than the norm for Katie. However, she has an excellent support system and very good coping skills, despite having the experience that she did." The City and the Recreation Commission request that any testimony to future effects be prohibited.

Respectfully submitted,

Dated: _____, 2003        BENNETT, BRICKLIN & SALTZBURG LLP


                                         By:_____
                                            Paul F. Lantieri, Esquire
                                            Attorneys for Defendants, City of Lancaster
                                            and Lancaster Recreation Commission

                                         313 West Liberty Street
                                         Suite 371
                                         Lancaster, PA  17603
                                         (717) 393-4400

HARTMAN UNDERHILL & BRUBAKER LLP

By:_____
    Christopher S. Underhill
    Attorney I.D. #07013
    Attorneys for Defendants, City of Lancaster
    and Lancaster Recreation Commission

221 East Chestnut Street
Lancaster, PA  17602-2782
(717) 299-7254

## PROOF OF SERVICE

I HEREBY CERTIFY that I am this day serving the foregoing Pre-Trial Memorandum of Defendants, the City of Lancaster and the Lancaster Recreation Commission on the persons and in the manner indicated below.

Service by Facsimile and First Class Mail, addressed as follows:

Raymond M. Bily, Esquire
Reiff and Bily
1429 Walnut Street
12th Floor
Philadelphia, PA  19102-3218
Attorneys for Plaintiffs

Edward H. Rubenstone, Esquire
Groen, Lamm, Goldberg & Rubenstone, LLC
Four Greenwood Square, Suite 200
Bensalem, PA  19020
Attorneys for Defendant, Ismael Alvarez

Dated: _____, 2003      HARTMAN UNDERHILL & BRUBAKER LLP

By:_____
    Christopher S. Underhill
    Attorney I.D. #07013
    Attorneys for Defendants, City of Lancaster
    and Lancaster Recreation Commission

221 East Chestnut Street
Lancaster, PA  17602-2782
(717) 299-7254

00317122.1