BENNETT, BRICKLIN & SALTZBURG LLP
By:   Paul F. Lantieri
      313 West Liberty Street, Suite 371
      Lancaster, PA 17603
      (717) 393-4400/Fax: (717) 393-4322

HARTMAN UNDERHILL & BRUBAKER LLP
By:   Christopher S. Underhill
      Attorney I.D. No. 07013
      221 East Chestnut Street            Attorneys for Defendants,
      Lancaster, PA 17602                 City of Lancaster and Lancaster
      (717) 299-7254/FAX (717) 299-3160   Recreation Commission

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER : <br> a minor, by and through JAMES J. NEIMER : <br> and REBECCA NEIMER, her parents and : <br> natural guardians, : <br>     Plaintiffs : <br> : <br> v. : <br> :    CI-02-CV-4034 <br> : <br> CITY OF LANCASTER; LANCASTER :    JURY TRIAL DEMANDED <br> RECREATION COMMISSION; and : <br> ISMAEL ALVAREZ, :    Judge Newcomer <br>     Defendants : | |

**PROPOSED POINTS FOR CHARGE OF THE CITY
OF LANCASTER AND THE LANCASTER RECREATION COMMISSION**

1.   Under the facts and the law, your verdict must be in favor of the City of Lancaster.

2.   Under the facts and the law, your verdict must be in favor of the Lancaster Recreation Commission.

3.      Neither the City of Lancaster nor the Lancaster Recreation Commission had a constitutional duty to protect Katherine Neimer against harm caused by Defendant Ismael Alvarez.  See, Stoneking v. Bradford Area School District, 882 F.2d 720, 724 (3d. Cir. 1989).

4.      This suit has been brought by the Plaintiffs claiming that the City of Lancaster, the Lancaster Recreation Commission, and Ismael Alvarez deprived the minor Plaintiff, Katherine Neimer, of her constitutionally protected rights.  The Plaintiffs' right to bring this suit is found in the statutes of the United States government.  The applicable statute reads as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom or usage of any state or territory, subjects
> or caused to be subjected, any citizen of the United States or
> any person within the jurisdiction thereof to the deprivation of
> any rights, privileges or immunities secured by the
> Constitution and laws, shall be liable to the parties injured in an
> action at law, suit, in equity or other proceeding for redress.
> [42 U.S.C. §1983].

5.      Because Mr. Alvarez was not an employee of the City of Lancaster or the Lancaster Recreation Commission, they cannot be liable for his actions.  I instruct you that you may not find the City of Lancaster or the Lancaster Recreation Commission responsible in any way for the actions of Mr. Alvarez and therefore you may not find against them for anything that he did.

6.	In order to find the City of Lancaster or the Lancaster Recreation Commission liable you must find that they had either (a) a policy or a practice of permitting their employees to allow children in their care to be deprived of their protected rights or (b) had failed to train or supervise employees sufficiently to respect the protected rights of children in their care to the extent that the failure to train or supervise amounts to deliberate indifference. I will explain each in greater detail. [Montgomery v. De Simone, 159 F.3d 120 (3d Cir. 1998); Garcia v. County of Bucks, PA, 155 F.Supp.2d 259 (ED.Pa. 2001)].

7.	A policy is a formal statement or regulation promulgated by the governmental body that authorizes or condones the deprivation of protected rights. There is no evidence of any such policy on the part of the City of Lancaster and the Lancaster Recreation Commission. I instruct you that you may not find against the City of Lancaster or the Lancaster Recreation Commission on the basis of having such a policy.

8.	In addition, with regard to a practice or custom, a single incident cannot be the basis for liability. The practice or custom must be persistent and widespread. [Montgomery v. DeSimone, supra., at 126-127; Garcia v. County of Bucks, supra., at 268; Wakshul v. City of Philadelphia, 998 F.Supp. 585 (ED.Pa. 1998)].

9.	In pursuing a claim for lack of training or supervision, the Plaintiffs have the burden of proving that, "A failure to provide specific training...[was a cause of] their injuries and must demonstrate that the absence of that specific training can reasonably be said to

reflect deliberate indifference to whether the alleged constitutional deprivation occurred." [Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997)].

10. In order to establish "deliberate indifference," the Plaintiffs have the burden of showing that the City of Lancaster and/or the Lancaster Recreation Commission actually knew of and disregarded an excessive risk of harm to Katie Neimer. See, Beers-Capitol v. Whetzel, 2001 U.P.App. LEXIS 12127, p. 19-20, 39 (3d. Cir. 2001).

To be successful the Plaintiffs, "must show that a responsible municipal policymaker had contemporaneous knowledge of the offending occurrence or knowledge of a pattern of prior incidents of similar violations of constitutional rights and failed to take adequate measures to insure the particular right in question or otherwise communicated a message of approval to the offending subordinates." [Garcia v. County of Bucks, supra., at 268].

Since the person who actually supervised the children, Michelle Bair, is not a defendant, this means that to hold the Recreation Commission liable a person responsible for making policy at the Recreation Commission, in this case Susan Landis, either knew at the time that Michelle Bair was releasing Katherine Neimer to a known pedophile or a person that Ms. Bair should have suspected was a pedophile or that Ms. Landis was aware of similar releases by Ms. Bair of other children to pedophiles. If you find that Ms. Landis did not know and had no reason to know that Ms. Bair would release Katherine Neimer to a pedophile at the time or that Ms. Landis had no knowledge of any similar incidents in which Ms. Bair released children to pedophiles, then there is no evidence of deliberate

indifference to the rights of children in the care of the Recreation Commission and your verdict should be in favor of the Recreation Commission and against the Plaintiffs.

11.  Katherine Neimer's parents seek to recover damages on her behalf for the emotional and mental distress she suffered as a result of the actions by Mr. Alvarez. With regard to the City of Lancaster or the Lancaster Recreation Commission, if you have found one or both liable to the Plaintiffs, you may award damages for mental and emotional distress if you find that the actions of the City and of the Recreation Commission caused the distress. The City and the Recreation Commission are not responsible for the actions of Mr. Alvarez. There must be a causal connections between the actions for which you have found the City and the Recreation Commission liable and the damages claimed by the Plaintiffs. [SEPTA v. Transport Workers of Philadelphia, 21 F.3d 29 (3d Cir. 1994)].

12.  If you award damages against the City and the Recreation Commission your verdict must be fair and reasonable. The damages may not speculative. [SEPTA v. Transport Workers of Philadelphia, supra.].

13.  The purpose of awarding damages is neither to punish the Defendants nor to make the Plaintiffs wealthy. Incollingo v. Ewing, 444 Pa. 299, 282 A.2d 206 (1971); Frankel v. U.S., 321 F.Supp. 1331 (Ed.Pa. 1970).

14.  Damages are not presumed and the burden is on the Plaintiffs to prove that the Plaintiffs actually suffered the damages claimed and that the claimed damages are the direct and proximate result of the actions of the Defendants. [Marrazzo v. Scranton Ne Hi Bottling Co., 438 Pa. 72, 262 A.2d 336 (1970)]. You are not permitted to award

speculative damages. So, you are not to include in any verdict compensation for any prospective loss that, though possible, is not reasonably certain to occur in the future. [Federal Jury Practice and Instructions Civil, (O'Malley, Grenig and Lee), §128.60].

    15.    Damages should not be awarded on the basis of sympathy, benevolence or sentimentality, but should be limited to reasonable compensation for the injuries sustained. The jury must use its common sense in arriving at the figure and the question is basically what is a reasonable allowance for the mental and emotional distress which is the direct result of any act of the Defendants found to be liable and found to be the cause of the Plaintiff's injuries. [Bostwick v. Pittsburgh Railways, 100 A. 123 (1917); Burgan v. Pittsburgh, 96 A.2d 889 (1953)]. You are not to award damages for any injury or condition which Plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence that such injury was proximately caused by the City of Lancaster's or the Lancaster Recreation Commission's deprivation of Katherine Neimer's civil rights. [Federal Jury Practice and Instructions Civil, (O'Malley, Grenig and Lee), §128.70].

                                                Respectfully submitted,

Dated: October 24, 2003              BENNETT, BRICKLIN & SALTZBURG LLP

                                                By:_____
                                                    Paul F. Lantieri, Esquire
                                                      Attorneys for Defendants, City of Lancaster
                                                      and Lancaster Recreation Commission

                                            313 West Liberty Street
                                            Suite 371
                                            Lancaster, PA  17603
                                            (717) 393-4400

                                            HARTMAN UNDERHILL & BRUBAKER LLP

                                            By:_____
                                                    Christopher S. Underhill
                                                     Attorney I.D. #07013
                                                     Attorneys for Defendants, City of Lancaster
                                                     and Lancaster Recreation Commission

                                            221 East Chestnut Street
                                            Lancaster, PA  17602-2782
                                            (717) 299-7254

## PROOF OF SERVICE

I HEREBY CERTIFY that I am this day serving the foregoing Proposed Points for Charge of the City of Lancaster and the Lancaster Recreation Commission on the persons and in the manner indicated below.

Service by Facsimile and First Class Mail, addressed as follows:

Raymond M. Bily, Esquire
Reiff and Bily
1429 Walnut Street
12th Floor
Philadelphia, PA 19102-3218
Attorneys for Plaintiffs

Edward H. Rubenstone, Esquire
Groen, Lamm, Goldberg & Rubenstone, LLC
Four Greenwood Square, Suite 200
Bensalem, PA 19020
Attorneys for Defendant, Ismael Alvarez

Dated: October 24, 2003          BENNETT, BRICKLIN & SALTZBURG LLP

By:_____
Paul F. Lantieri, Esquire
Attorneys for Defendants, City of Lancaster
and Lancaster Recreation Commission

313 West Liberty Street
Suite 371
Lancaster, PA 17603
(717) 393-4400

00318449.1