IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHERINE ELIZABETH NEIMER | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| LANCASTER SCHOOL DISTRICT, et al. | : | NO. 02-4034 |
| Defendants | : | |

**O R D E R**

AND NOW, this      day of October, 2003, upon consideration of Plaintiff's Motion for Reconsideration Pursuant to F.R.C.P. 60(b)(6) and Leave to Amend Complaint Pursuant to F.R.C.P. 15(a) and Leave to Rejoin Parties Pursuant to F.R.C.P. 19(a)(1) ("Plaintiff's Motion") (Doc. 58), the Defendants' Responses, and the Plaintiff's Reply Brief, it is hereby ORDERED that said Motion is DENIED for the reasons set forth below.

With less than two weeks to trial, Plaintiff asks this Court to reconsider its ruling last December dismissing a number of Plaintiff's claims. Although this Court is sensitive to the fact that Plaintiff's Counsel only recently became associated with the above-captioned case, the Court must deny this motion. Even assuming that F.R.C.P. 60(b)(6) preempts Local Rule 7.1(g) in this situation, the interests of justice do not allow Plaintiff's Motion to be granted at this late date.

The facts do not present a situation which requires

relief under Rule 60(b)(6).[1] As notions of justice and equity are at the center of Plaintiff's argument, the Court will couch its decision in those terms. To grant Plaintiff's Motions at this late date under these circumstances would gravely prejudice the defense; the balance of equities therefore favors denial. This same rationale applies to Plaintiff's request for leave to amend pursuant to F.R.C.P. 15(a) - justice would be frustrated by allowing Plaintiff to amend this close to trial. Finally, Plaintiff's F.R.C.P. 19(a)(1) claim must be denied for the same reasons.

AND IT IS SO ORDERED.

_____
Clarence C. Newcomer, S.J.

---

[1] Although this Court on October 21, 2003, issued a rather straightforward order designed to elicit the source and nature of Plaintiff's new information, Plaintiff's answer was evasive. In the absence of information to the contrary, this Court will assume that the source of Plaintiff's information is certain City documents claimed to be privileged. Plaintiff's former counsel attempted to discover this information before withdrawing from this case, but his motions to compel production were denied for failure to comply with the Local Rules and for untruthfulness. Should the issue come up in the future this Court notes that Pennsylvania's statutory privilege under Pa. C.S.A. § 9106(c)(4), would probably not prevent discovery in this case. As some of Plaintiff's original claims were based on § 1983, this Court holds that Judge McLaughlin's analysis in Curtis v. McHenry, 172 F.R.D. 162 (W.D. Pa. 1997) is appropriate. In McHenry, Judge McLaughlin ruled that the Pennsylvania statutory privilege does not apply in federal question cases like the one at bar. Unfortunately, as Plaintiff's prior counsel was dishonest in his pleadings, because Plaintiff's prior counsel did not ask this Court to reconsider its order denying Plaintiff's Motion to Compel in a timely manner as required by the Local Rules, and because of equitable considerations, Plaintiff has lost her chance to discover this evidence. This Court cannot allow Plaintiff to circumvent this Court's discovery rulings by bringing evidence in through the proverbial backdoor.