IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians,<br><br>Plaintiffs,<br><br>v.<br><br>THE DISTRICT OF LANCASTER SCHOOL BOARD, et al.,<br><br>Defendants. | Docket No: 02-CV-4034<br><br>Consolidated with No. 03-CV-5922<br><br><br><br>JURY TRIAL DEMANDED |

## ORDER

AND NOW this _____ day of _____, 200_, upon consideration of the Motion to Preclude Dr. Steven Samuel From Testifying, and all responses thereto, if any, **IT IS HEREBY ORDERED AND DECREED** that the Motion to Preclude Dr. Steven Samuel From Testifying is **GRANTED**.

IT IS FURTHER ORDERED that Dr. Steven Samuel is precluded from testifying on plaintiffs' behalf in these actions.

BY THE COURT:

_____
Newcomer, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, | : Docket No: 02-CV-4034<br>:<br>: Consolidated with No. 03-CV-5922<br>:<br>: |
| Plaintiffs, | : JURY TRIAL DEMANDED |
| v. | : |
| THE DISTRICT OF LANCASTER SCHOOL BOARD, et al., | : |
| Defendants. | : |

## MOTION TO PRECLUDE DR. STEVEN SAMUEL FROM TESTIFYING

The Board of School Directors of the School District of Lancaster, Arthur Mann, Arthur Dodge, III, Daniel Desmond, Gina Brown, Peter Horn, Patrice Dixon, Michael Rowan, Helen Duncan, Michael Winterstein, Margaret Aulisio, Dianna King, William Way, Sue Stathopulos, and Karen Ward (hereinafter referred to as "the School defendants"), by and through their undersigned counsel, hereby move this Honorable Court for an Order precluding plaintiffs Katherine Neimer, James Neimer and Rebecca Neimer from presenting, and relying upon, the expert testimony of Dr. Steven Samuel at trial. The reasons for this Motion are set forth more fully in the accompanying Memorandum of Law which is incorporated herein by reference.

Respectfully submitted,

DATED: December 15, 2003

Maura E. Fay (No. 50814)
Joshua D. Groff (No. 86191)
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
215-575-7000

Counsel for the School defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, | Docket No: 02-CV-4034 |
| | Consolidated with No. 03-CV-5922 |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| THE DISTRICT OF LANCASTER SCHOOL BOARD, et al., | |
| Defendants. | |

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
TO PRECLUDE DR. STEVEN SAMUEL FROM TESTIFYING

The Board of School Directors of the School District of Lancaster, Arthur Mann, Arthur Dodge, III, Daniel Desmond, Gina Brown, Peter Horn, Patrice Dixon, Michael Rowan, Helen Duncan, Michael Winterstein, Margaret Aulisio, Dianna King, William Way, Sue Stathopulos, and Karen Ward (hereinafter referred to as "the School defendants"), hereby submit the following Memorandum of Law in support of their Motion to Preclude Dr. Steven Samuel From Testifying.

BACKGROUND

By Complaint dated June 24, 2002, plaintiff Katherine Elizabeth Neimer ("plaintiff Neimer"), a minor, by and through her parents James Neimer and Rebecca Neimer (collectively referred to as "plaintiffs") instituted an action against Ismael Alvarez, the Lancaster Recreation Commission, Mr. Donald Yeager, the City of Lancaster, the School District of Lancaster ("School District"), Dr. Vicki Phillips ("Dr. Phillips"), and Ms. Gloria Campbell ("Ms. Campbell"). This case was docketed as Civil Action No. 02-CV-4034 ("Case #1").

By motion dated October 7, 2002, the School District, Dr. Phillips and Ms. Campbell sought dismissal of each of the counts against them on the grounds that, *inter alia*, plaintiffs had failed to state a claim upon which relief could be granted, plaintiffs' claims against Dr. Phillips and Ms. Campbell were

1

redundant, Dr. Phillips and Ms. Campbell were immune from liability for certain of plaintiffs' claims, Dr. Phillips and Ms. Campbell did not have final policymaking authority for the School District, Pennsylvania's Political Subdivision Tort Claims Act ("Tort Claims Act"), 42 Pa. C.S.A. §8541 *et. seq.*, barred certain of plaintiffs' claims, and that the School District, Dr. Phillips and Ms. Campbell were not liable for punitive damages in conjunction with a number of plaintiffs' claims. By Order dated December 13, 2002, this Court dismissed all of plaintiffs' claims against the School District, Dr. Phillips and Ms. Campbell. At or about that same time, this Court also dismissed Mr. Yeager as a defendant.

On February 28, 2003, following a pre-trial conference, this Court entered a Scheduling Order governing the remaining parties in Case #1. A copy of this Order is attached hereto as Exhibit "A." The Scheduling Order set July 1, 2003 as the date by which plaintiffs were to identify their expert witnesses and July 21, 2003 as the date by which defendants were to identify their expert witnesses, if any. *See* Exhibit A. This Court set September 22, 2003 as the date counsel should be ready for trial. *Id.* Consistent with this schedule, plaintiffs identified Ms. Elizabeth Hosterman as their expert witness and provided the remaining defendants with her initial expert report. Ms. Hosterman supplemented her expert report thereafter. Copies of this supplement were also timely provided to the remaining defendants.

On September 11, 2003, plaintiffs retained Raymond Bily to replace their counsel, Jeffrey Elliott. In response to a request from Mr. Bily, this Court postponed the start of the trial by five weeks, to October 28, 2003.

On October 24, 2003, plaintiffs filed a Complaint against the School defendants. This Complaint was docketed as Civil Action No. 03-CV-5922 ("Case #3"). On October 27, 2003, plaintiffs moved to consolidate Case #3 with Case #1. The alleged reason for plaintiffs' motion was not to delay the trial but, rather, to avoid subjecting plaintiff Neimer to two trials.

During a conference with counsel on October 28, 2003, this Court ordered the consolidation of Cases #1 and #3. During that same conference, this Court ordered the School defendants to conduct discovery and prepare for trial during the next eight weeks. At no time during the conference did

2

plaintiffs' counsel mention to the Court that he wanted to modify this Court's Scheduling Order in any respect or otherwise did not intend to be bound by this Court's prior Order.

Notwithstanding the Scheduling Order, by letter dated November 12, 2003, plaintiffs' counsel transmitted to all defense counsel a report prepared by a new, heretofore unidentified, expert witness, Steven Samuel, Ph.D. In his report, Dr. Samuel recites that he first examined plaintiff Neimer a week after this Court postponed the trial of Case #1.

Upon receipt, the School defendants' counsel advised plaintiffs' counsel that this identification had been made well beyond the July 1, 2003 deadline; a deadline which had not been modified by any of this Court's subsequent Orders. The School defendants' counsel asked plaintiffs' counsel to withdraw Dr. Samuel as an expert witness. A copy of this letter is attached hereto as Exhibit "B." By letter dated November 19, 2003 plaintiffs' counsel notified the School defendants' counsel that Dr. Samuel "is listed as a witness for plaintiff" in Case #3.[1] A copy of this response is attached hereto as Exhibit "C." Thereafter, plaintiffs' counsel confirmed that he intended to call both Ms. Hosterman and Dr. Samuel. *See* Exhibit "D" hereto.

**ARGUMENT**

<u>Steven Samuel Should be Precluded From Testifying for the Plaintiffs</u>

Federal Rule of Civil Procedure 26 provides, in pertinent part, that "[i]n addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). Rule 26 makes clear that the disclosures regarding expert witnesses, if any "shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). Absent a court order or a stipulation to the contrary, Rule 26 mandates that the "**disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial....**" *Id.* (emphasis added). Rule 26(a)(2)(C) is "intended to insure minimal fairness by providing 'that opposing parties have a reasonable

---

[1] It is unclear where Dr. Samuel could be "listed" as a witness except on plaintiffs' final pretrial memorandum in Case #1. Dr. Samuel was not listed in that document.

3

opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses'." *Spencer v. Steinman*, 42 Fed. R. Serv. 3d 124, 126 (E.D. Pa. 1998) (citations omitted). In clear contravention of Rule 26, plaintiffs waited until more than two weeks **after** the revised trial date to designate Dr. Steven Samuel as an expert.

Failure to properly disclose information as required in Rule 26 can result in sanctions pursuant to Federal of Civil Procedure 37(c)(1).[2] *Stein v. Foamex International, Inc.*, 2001 U.S. Dist. LEXIS 12211 *7 (E.D. Pa. August 15, 2001). Rule 37 provides, in pertinent part, that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... , is not, unless such failure is harmless, permitted to use as evidence at a trial, ... **any witness** or information not so disclosed." Fed. R. Civ. P. 37(c)(1) (emphasis added). Before a court precludes a witness in accordance with Rule 37, it must first find that the party (1) revealed previously undisclosed evidence when the trial was either imminent or in progress or (2) acted in bad faith. *Stein*, 2001 U.S. Dist. LEXIS at *8 (citations omitted). To make these determinations, courts consider the following factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977), *overruled on other grounds*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985). While excluding an expert witness may be an extreme measure, the court's ability to exclude undisclosed witnesses in compliance with a pretrial order "is essential to avoid unnecessary expense or delay." *Spencer*, 42 Fed. R. Serv. 3d at 126-27, *quoting Perkasie Industries Corp. v. Advanced Transformer, Inc.*, 143 F.R.D. 73, 75 (E.D. Pa. 1992).

In this instance, this Court directed (1) the plaintiffs to identify their expert witnesses on or before July 1, 2003 and (2) the defendants to designate their experts, if any, on or before July 21, 2003. *See* Exhibit A. In keeping with this deadline, plaintiffs identified only Elizabeth Hosterman as their expert.

---

[2] Federal Rule of Civil Procedure 16(f) also permits sanctions for the failure of a party or a party's attorney "to obey a scheduling order." *Sheppard v. Glock*, 176 F.R.D. 471, 473 (E.D. Pa. 1997), *aff'd*, 142 F.3d 429 (3d Cir. 1998).

4

The defendants in Case #1 did not identify any expert in response to the identification made by plaintiffs, presumably because Ms. Hosterman's conclusions were, among other things, that within months of the incidents with her teacher, plaintiff Neimer was not manifesting any long-term effects from the experience and two years later, her prognosis was excellent and "she ha[d] no diagnosable psychological disorder." Indeed, Ms Hosterman concluded that it was "very likely that [plaintiff Neimer] will require very little, if any, follow-up regarding psychological services."

Now, more than four months after the deadline established by this Court, and less than 90 days before the trial, plaintiffs have purported to designate a second expert. This belated designation leaves the School defendants with no opportunity to arrange for an expert of their own given all the other items that they have to complete during the eight week period provided to them by the Court.[3] Because plaintiffs' tardy identification will substantially impede the School defendants' ability to prepare an adequate defense, Dr. Samuel should be precluded. This is especially true where, as here, the testimony to be offered by Dr. Samuel contradicts Ms. Hosterman's conclusions.[4] Less than two months before the trial, plaintiffs should not be allowed to alter the theory and amount of damages they have been pursuing for a year and a half.

Plaintiffs' attempt to replace, or augment, their expert testimony is particularly offensive, since it was only made possible because the trial was delayed. Frankly, the speed with which plaintiffs' counsel contacted, retained and arranged for plaintiff Neimer to be examined **twice** by Dr. Samuel – 7 business days – supports the inference that on October 28, 2003 plaintiffs' counsel was poised to change, or supplement, his expert testimony and that counsel's motive in seeking consolidation had as much to do with securing time for Dr. Samuel to testify, as it did with plaintiff Neimer's sensibilities. Clearly,

---

[3] The School defendants were given eight weeks from the commencement of Case #3 to (1) retain counsel; (2) move to dismiss Case #3; (3) conduct all the discovery they needed; (4) mediate this dispute; and (5) prepare for trial. The holidays caused certain delays in these efforts, as did plaintiffs' delay in providing discovery and failure to produce various witnesses for their depositions as noticed.

[4] In contradistinction to Ms. Hosterman's opinion, Dr. Samuel concluded that as a result of the incidents with Alvarez, plaintiff Neimer continues to suffer from an "Adjustment Disorder with mixed anxiety and depressed mood of the chronic type" and recommended that plaintiff Neimer "be provided with individual mental health treatment beginning immediately and that this treatment should continue for at least one year's time."

5

plaintiffs' counsel should have disclosed his intent or desire to change experts to this Court on October 28, so that the Court and the parties could have taken that into account when formulating their positions on consolidation.[5] Plaintiffs' tactics -- and their willful disregard of this Court's scheduling Order, and the requirements of Rule 26 -- simply should not be countenanced.[6] *See, e.g., Sheppard*, 176 F.R.D. at 479 ("we will not tolerate blatant disregard of deadlines in a scheduling order, compounded by a general pattern of dilatoriness, compounded by actual and apparent misrepresentations to opposing counsel and the court.")

## CONCLUSION

For all the foregoing reasons, The Board of School Directors of the School District of Lancaster, Arthur Mann, Arthur Dodge, III, Daniel Desmond, Gina Brown, Peter Horn, Patrice Dixon, Michael Rowan, Helen Duncan, Michael Winterstein, Margaret Aulisio, Dianna King, William Way, Sue Stathopulos, and Karen Ward move this Honorable Court for an Order precluding Dr. Steven Samuel from testifying as an expert witness for the plaintiffs in these cases.

Respectfully submitted,

DATED: December 15, 2003

Maura E. Fay (No. 50814)
Joshua D. Groff (No. 86191)
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
215-575-7000

Counsel for the School defendants

---

[5] Presumably, the defendants in Case #1 would have objected to consolidation and would have pressed to go forward with the trial on October 28 had it been clear that plaintiffs intended to retain another expert whose testimony could substantially increase their exposure.

[6] It is equally clear that plaintiffs will not be prejudiced if Dr. Samuel is precluded from testifying. Ms. Hosterman is still identified as an expert witness for the plaintiffs.

6

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                                      C.A. No. 2002-4034`
                                      Filed 9/6/2001

KATHERINE NEIMER, a minor, et al   Jeffrey R. Elliott, Esq.
                                      Joan E. London, Esq.
                                      2640 Westview Drive
                                      Wyomissing, Pa.  19610

  v.

CITY OF LANCASTER, et al        Paul F. Lantieri, Esq.
                                      313 Liberty Street
                                      Lancaster, Pa.  17603

                                      Edward H. Rubenstone, Esq.
                                      Four Greenwood Square
                                      Bensalem, Pa.  19020

<u>PRETRIAL SCHEDULING ORDER</u>

    Following a pretrial conference with the parties it is

hereby ORDERED:

    1.    Discovery completion date     :   7/1/20033
    2.    Plaintiff expert reports      :   7/1/2003
          Defendant's expert report     :   7/21/2003
    3.    Dispositive motions due       :   8/1/2003
          Responses due                :   8/15/2003
    4.    Settlement/Final Pretrial Conference: 9/22/2003 - 11:15
    5.    Pretrial memoranda, proposed finding of fact
          And conclusions of law or joint proposed
          jury instructions due         :    9/17/2003
    6.    Counsel should be prepared for trial on: 9/22/2003
    7.    The parties shall promptly report all settlement
          developments to the Court.
    8.    All provisions of attached procedures shall be observed
AND IT IS SO ORDERED.

February 28, 2003                  Clarence C. Newcomer, J.

                                    By:_____
                                        Michael Finney,
                                        Deputy Clerk to
                                        Judge Newcomer


Copies mailed to above-listed counsel.

# **EXHIBIT B**

# DILWORTH PAXSON LLP
### LAW OFFICES

DIRECT DIAL NUMBER:
215-575-7252

Maura E. Fay
mfay@dilworthlaw.com

November 13, 2003

**VIA TELECOPY AND FIRST CLASS MAIL**

Raymond M. Bily, Esquire
Reiff and Bily
1429 Walnut Street, 12th Floor
Philadelphia, PA 19102

RE:   Neimer v. The District of Lancaster School Board, et al.
      02-CV-4034; 03-CV-5922

Dear Mr. Bily:

This morning, I received a copy of Dr. Samuel's "expert" report relating to Katherine Neimer. Be advised that plaintiffs' deadline to submit expert reports was July 1, 2003. The Court's Order consolidating the above-referenced cases does not alter this schedule. Please withdraw Dr. Samuel's report or the School District defendants will have no alternative but to move to strike Dr. Samuel's testimony.

Very truly yours,

Maura E. Fay

c:   Robert M. Frankhouser, Jr., Esquire (via telecopy)
     Christopher Underhill, Esquire (via telecopy)
     Paul Lantieri, Esquire (via telecopy)
     Edward Rubenstone, Esquire (via telecopy)

3200 MELLON BANK CENTER • 1735 MARKET STREET • PHILADELPHIA PA 19103-7595
(215) 575-7000 • FAX (215) 575-7200 • www.dilworthlaw.com

CHERRY HILL NJ   HARRISBURG PA   NEPTUNE NJ   NEWTOWN SQUARE PA   WASHINGTON DC   WILMINGTON DE

# **EXHIBIT C**

# REIFF AND BILY
*Attorneys and Counsellors at Law*

1429 WALNUT STREET
12TH FLOOR
PHILADELPHIA, PA 19102-3218

(215) 246-9000
FAX (215) 246-9012
TIN 23-2356667

JEFFREY M. REIFF
RAYMOND M. BILY, JR.

November 19, 2003

Via Fax: 215-575-7200

Maura E. Fay, Esquire
Dilworth Paxson, LLP
3200 Mellon Center
1735 Market Street
Philadelphia, PA 19103-7599

Re:   Neimer v. The District of Lancaster School Board, et al.

Dear Ms. Fay:

    Please be advised that Dr. Samuel is listed as a witness for plaintiff in the above-referenced matter. I am informed that he is available to be deposed on either Monday, December 2, 2003 or Wednesday, December 17, 2003.

    In addition, I am informed the Neimers are available for depositions on Monday, November 24, 2003.

Very truly yours,

s/ Raymond M. Bily

RAYMOND M. BILY

RMB/cb

# **EXHIBIT D**

REIFF AND BILY

*Attorneys and Counsellors at Law*

1429 WALNUT STREET
12TH FLOOR
PHILADELPHIA, PA 19102-3218

(215) 246-9000
FAX (215) 246-9012

TIN 23-2356667

JEFFREY M. REIFF
RAYMOND M. BILY, JR.

November 24, 2003

Maura E. Fay, Esquire
Dilworth Paxson, LLP
3200 Mellon Center
1735 Market Street
Philadelphia, PA 19103-7599

Re:   Neimer v. The District of Lancaster School Board, et al.

Dear Ms. Fay:

    In response to your November 20, 2003 letter, Mr. Neimer is recovering from back surgery and has a second procedure scheduled for December 4, 2003. I can produce Mrs. Neimer and Katie on the 4th or reschedule everyone for the week of the 8th. I am calling both Dr. Samuel and Ms. Hosterman as witnesses and will produce Dr. Samuel on December 17 if you so desire. Ms. Hosterman has advised me that she is available on December 15 or December 22 between the hours of 10:00 a.m. and 4:00 p.m.

Very truly yours,

RAYMOND M. BILY

RMB/cb
cc:    Paul F. Lantieri, Esq.
        Christopher S. Underhill, Esq.
        Edward H. Rubenston, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Preclude was served this 15th day of December, 2003 on all counsel of record as indicated below:

### VIA HAND DELIVERY

Raymond M. Bily, Esquire
Reiff and Bily
1429 Walnut Street, 12th Floor
Philadelphia, PA 19102

### VIA FIRST CLASS MAIL, POSTAGE PREPAID

Paul F. Lantieri, Esquire
Bennett Bricklin & Saltzburgh LLP
313 West Liberty Street
Suite 371
Lancaster, PA 17603

Christopher S. Underhill, Esquire
Hartman Underhill & Brubaker LLP
221 East Chestnut Street
Lancaster, PA 17602-2782

Edward H. Rubenstone, Esquire
Groen, Lamm, Goldberg & Rubenstone, LLC
Four Greenwood Square
Suite 200
Bensalem, PA 19020

_____
Joshua D. Groff

DATED: December 15th, 2003