IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians<br>　　　　　　　　　　Plaintiffs,<br><br>　　　　vs.<br><br>The DISTRICT OF LANCASTER SCHOOL BOARD, et al<br>　　　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. 02-CV-4034<br>:<br>:<br>: HONORABLE CLARENCE C.<br>: NEWCOMER<br>:<br>: JURY TRIAL DEMANDED |

## *ORDER*

AND NOW this　　　　day of　　　　　　, 200 , upon consideration of the Motion to Preclude Dr. Steven Samuel From Testifying, and the responses thereto,

IT IS HEREBY ORDERED AND DECREED that the Motion to Preclude Dr. Steven Samuel From Testifying is DENIED.

　　　　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Newcomer, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians<br>　　　　　　　　Plaintiffs,<br><br>　　　　vs.<br><br>The DISTRICT OF LANCASTER SCHOOL BOARD, et al<br>　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. 02-CV-4034<br>:<br>: HONORABLE CLARENCE C.<br>: NEWCOMER<br>:<br>: JURY TRIAL DEMANDED |

### *PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS TO PRECLUDE DR. STEVEN SAMUEL FROM TESTIFYING*

Plaintiffs Katherine Elizabeth Neimer, a minor, by and through James J. Neimer and Rebecca Neimer, her parents and natural guardians, hereby oppose Defendants' Motion To Preclude Dr. Steven Samuel From Testifying . The reasons for Opposition to the Motion are set forth more fully in the accompanying Memorandum of Law which is incorporated herein by reference.

WHEREFORE, Plaintiffs respectfully request the Court deny the School Defendants' Motion To Preclude Dr. Steven Samuel From Testifying.

　　　　　　　　　　　　　　　　　　　　REIFF AND BILY


　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　RAYMOND M. BILY, ESQUIRE
　　　　　　　　　　　　　　　I. D. No.: 44677
　　　　　　　　　　　　　　　1429 Walnut Street, 12th Floor
　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　(215)246-9000

　　　　　　　　　　　　　　　Counsel for Plaintiffs

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians<br>　　　　　　　　Plaintiffs,<br><br>　　　vs.<br><br>The DISTRICT OF LANCASTER SCHOOL BOARD, et al<br>　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. 02-CV-4034<br>:<br>: HONORABLE CLARENCE C.<br>: NEWCOMER<br>:<br>: JURY TRIAL DEMANDED |

### *MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO PRECLUDE DR. STEVEN SAMUEL FROM TESTIFYING*

### *I.*    BACKGROUND

Plaintiff, Katherine Elizabeth Neimer, a minor, by and through James J. Neimer and Rebecca Neimer, her parents and natural guardians, commenced this Civil Action seeking redress from the deprivation of her rights, privileges, and immunities protected by the First, Fourth and Fourteenth Amendments to the United States Constitution and the Constitution of the Commonwealth of Pennsylvania actionable under 42 U.S.C.§ 1983.  Defendants filed the instant Motion To Preclude Dr. Steven Samuel From Testifying alleging: Plaintiffs should be sanctioned pursuant to Federal Rule of Civil Procedure 37(c) for failing to identify Dr. Samuels as a witness prior to expiration of the discovery deadline.

Plaintiffs oppose the Motion alleging Rule 37(c) sanctions are inappropriate because:  the timing of plaintiffs' identification of Dr. Samuel as an expert witness is

3

justified; and further, because defendants are not prejudiced by the timing of plaintiffs' identification of Dr. Samuel as an expert witness.

## II.    PERTINENT FACTS

On October 28, 2003, Plaintiffs were present for the anticipated start of the trial docketed as Civil Action No. 02-CV-4034. During a pre-trial conference in chambers, with the Court and counsel, the issue of consolidation with Civil Action No. 03-CV-5922, among other things, was discussed. Meanwhile, Plaintiff Katie Neimer was being confronted by Defendant Alvarez for the first time since being sexually molested by him. Katie reacted by shaking, crying and clutching her mother after spending very little time in the courtroom in Alvarez' presence. Katie was plagued by an overwhelming desire to run away the entire time the parties awaited commencement of the trial. Plaintiffs James and Rebecca Neimer advised counsel Bily of Katie's torment. Mr. Bily immediately telephoned Dr. Samuel to ascertain the effect, if any, a second trial and the necessary repetition of meeting Alvarez in the courtroom and being examined and cross-examined regarding the sexual assault, would have on Katie. Dr. Samuel opined that one trial would be traumatic; and further that, two trials would "put her over the top" due to the nature of the injury and Katie's manifest unresolved psychological issues all of which were caused by Alvarez' attacks upon her. Mr. Bily so advised the Court during ensuing discussions on the issue of consolidation. Dr. Samuel was subsequently retained to conduct a psychological reevaluation of Katie.

On November 13, 2003, Mr. Bily provided defendants with Dr. Samuel's expert report. See Exhibit A. On November 19, 2003, Mr. Bily advised defendants that Dr. Samuel was listed as a witness, and further that, Dr. Samuel was available to be deposed on either Monday, December 2, 2003 or Wednesday, December 17, 2003. See Exhibit B. On November 20, 2003, defense counsel advised that she had not yet decided whether or not she wished to depose Dr. Samuel. Defense counsel then attempted to make Mr. Bily responsible for the logistics of scheduling Dr. Samuel's deposition despite counsel's lack of a decision to inquire of him. See Exhibit C. On November 24, 2003, Mr. Bily requested confirmation of counsel's intent to depose Dr. Samuel on December 17, 2003. See Exhibit D. On December 2, 2003, defense counsel advised Mr. Bily that Dr. Samuel's deposition had been scheduled despite her indecision regarding whether or not she wished to examine him. See Exhibit E. Dr. Samuel, having neither been contacted by nor retained by defense counsel, released the December 17, 2003 date. Plaintiffs' counsel continued the effort to assist with scheduling Dr. Samuel's deposition. On December 11, 2003, plaintiffs' counsel conveyed Dr. Samuel's availability to be deposed on December 23, 2003. See Exhibit F. On December 12, 2003, defense counsel telephoned regarding postponing Dr. Samuel's deposition until after December 23, 2003. Plaintiff's counsel persisted in the effort to assist with scheduling Dr. Samuel's deposition. On December 12, 2003, plaintiffs counsel advised regarding Dr. Samuel's availability in January 2004. See Exhibit G. At the time of this writing, Plaintiffs had received no further communication regarding defendant's intent to depose Dr. Samuel.

### *III. ARGUMENT*

#### *The Federal Rules of Civil Procedure Prohibit Exclusion of Dr. Samuel's Testimony*

Federal Rule of Civil Procedure 37(c) prohibits imposition of sanctions for *justifiable* non-compliance with the timing requisites of Rule 26(a).  Furthermore, Rule 37(c) prohibits imposition of sanctions for any non-compliance with Rule 26(a) disclosure requirements when the timing of the disclosures are **harmless .**

Federal Rule of Civil Procedure 37 provides in pertinent part–

> **Rule 37.**  Failure to Make Disclosure or Cooperate in
>             Discovery: Sanctions
> *(c)* Failure to Disclose
> (*1*) A party that ***without substantial justification*** fails to disclose information require by Rule 26(a) . . . shall not, ***unless such failure is harmless,*** be permitted to use as evidence at a trial . . . any witness or information not so disclosed.

#### *A. Plaintiffs' Timing of the Disclosure of Dr. Samuel as an Expert Witness was Justified.*

Plaintiffs disclosed Dr. Samuel's status as an expert witness as soon as practicable after discovering the need to reevaluate the psychological damage inflicted upon Katie by Alvarez' attack.  Dr. Samuel was consulted immediately after Katie's reaction to seeing Alvarez in court.   It was at that time evident to Katie' parents and to counsel that Katie continued to suffer tremendous emotional pain caused by Alvarez' molestation.  Defendants were provided with a report of Dr. Samuel's findings two (2) weeks after the need for reassessment was discovered.  In **Williams v Stallworth**, 343 F.3d. 212 (3rd Cir. 203), the court affirmed admission of the testimony of a witness

6

identified after motions for summary judgment and replies thereto had been filed. The appellants had argued, among other things, that: (1) submission of the witness' testimony violated Federal Rules of Civil Procedure 26 and 37; (2) appellants suffered harm and prejudice because of appellees' "complete disregard for their discovery obligations";

(3) appellees benefitted from reading appellant's brief on summary judgment which was prepared before the witness' testimony was introduced; and (4) appellees failed to identify the witness as an expert and provide and expert report, despite the "expert" nature of the testimony contained in the affidavit. The court recognized appellees' ***inability to identify the witness prior to expiration of the discovery period as justification for the timing of the disclosure***. The Court reasoned,

> "[Appellees] rebut any suggestion of bad faith by explaining [witness] was named Deputy Commissioner of the New Jersey Department of Corrections two days after they filed their summary judgment motion and after the close of discovery. **Therefore, they could not have identified [witness] as an expert during discovery. . . . we are persuaded by [appellees'] arguments and conclude that the District Court did not abuse its discretion in allowing [witness's] testimony.** *ID.*

The instant expert witness could not be identified before Katie manifested a need for psychological reevaluation. Her ongoing emotional pain caused by Alvarez' attacks upon her could not be discovered prior to her reaction to being confronted by Alvarez in the courtroom. Therefore, the timing of identifying Dr. Samuel as expert witness is justified.

### B. The Court Should Utilize a "Prejudice Analysis" When Denying the Motion to Preclude Dr. Samuel's Testimony.

The Court need only consider the lack of prejudice to defendants in denying the motion to exclude Dr. Samuel's testimony pursuant to Federal Rule of Civil Procedure 37. In **PPG Industries, Inc. v Zurawin**, 2002 U.S. App. LEXIS 21316 (3d Cir. 2002) the court rejected arguments identical to those urged by the instant defendants. The **Zurawin** appellants erroneously argued, as did the instant defendants, that the District Court was required to utilize the four-part analysis outlined by the Court in **In re TMI Litig.,** 193 F.3d 613 (3d Cir. 1999). The **Zurawin** court explained that the **TMI** factors, that is to say, : (1) prejudice to the party opposing witness' testimony; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case; and (4) bad faith or willfulness in failing to comply with the district court's order, **are proper tools for appellate review.** The **Zurawin** Court declared the previously articulated **Newman v GHS Osteopathic "prejudice analysis"** to be the proper analytical framework for deciding motions for exclusion pursuant to Rule 37(c),

> This Court's decision in **Newman v GHS Osteopathic**, 60 F.3d 153 (3d Cir. 1995), makes it clear that the **TMI** formulation applies only to review of a District Court's decision to exclude evidence as a Rule 37(c)(1) discovery sanction, and that a <u>**prejudice analysis**</u> is appropriate where a District Court's refusal to exclude evidence as a discovery sanction is at issue. In **Newman**, this Court held that a **District Court does not abuse its discretion in refusing to exclude evidence as a Rule 37(c)(1) sanction where the non-moving party's** <u>**failure to produce the information**</u>

> ***requested in discovery is harmless to movant**.  See Newman, 60 F.3d at 156.  **This approach accords with the plain language of Rule 37(c)(1)**.*  See Fed.R.Civ.P. 37(c)(1) (prohibiting the exclusion of evidence based on the non-moving party's failure to disclose information during discovery ***where "such failure is harmless"***).

The ***Zurawin*** court delineated ***the impropriety of utilizing the TMI factors to preclude Dr. Samuel's from testifying.***  The Court should only consider lack of prejudice to defendants when denying the motion.

### C. Defendants Should Not Be Permitted to Create alleged Prejudice by Failing to Depose Dr. Samuel.

In ***Williams v Stallworth***, 343 F.3d. 212 (3rd Cir. 203), the court reasoned that ***deposing*** a witness, identified six (6) months after expiration of the discovery deadline, prevented harm to the opposing party.  The Court observed, "***[Appellants] were given adequate opportunity to depose [the witness] and supplement the record themselves.  In such a situation, we fail to see how [appellants] suffered harm from the admission of [witness'] testimony".***   ID.

Mr. Bily began cooperating as aforementioned to effectuate defendants' deposition of Dr. Samuel immediately after he was identified as an expert witness.  Mr. Bily conveyed Dr. Samuel's availability on numerous occasions despite defense counsel's articulated uncertainty regarding deposing him.   At the time of this writing the December 23, 2003 deposition postponed by the defense has not been rescheduled

9

despite timely notice of Dr. Samuel's availability in January. Defendants should not be permitted to create the alleged prejudice by failing to depose Dr. Samuel.

## IV. CONCLUSION

The timing of Plaintiffs' identifying Dr. Samuel as an expert witness is justified. The need for psychological reevaluation of Katie was not evident until the advent of her tormented reaction to being confronted by Alvarez in the courtroom. Defendants should not be permitted to create the alleged prejudice by failing to depose Dr. Samuel. Defendants need only depose Dr. Samuels to protect themselves from any alleged harm which would otherwise be suffered as a result of his identification after expiration of the discovery period. Accordingly Defendants' Motion To Preclude Dr. Steven Samuel From Testifying must be denied.

                                           **REIFF AND BILY**

BY: _____
**RAYMOND M. BILY, ESQUIRE**
I. D. No.: 44677
1429 Walnut Street, 12th Floor
Philadelphia, PA 19102
(215)246-9000

Counsel for Plaintiffs

Date: December 19, 2003