### *PLAINTIFF'S MOTION TO COMPEL RECORDS OF THE CITY OF LANCASTER POLICE BUREAU'S INVESTIGATION OF THE SEXUAL ABUSE OF PLAINTIFF KATHERINE ELIZABETH NEIMER BY DEFENDANT ISMAEL ALVAREZ PURSUANT TO FEDERA RULEOF EVIDENCE 501*

Plaintiff Katherine Elizabeth Neimer, a minor, by and through James J. Neimer and Rebecca Neimer, her parents and natural guardians, hereby moves this Honorable Court for an Order compelling production of the Records of the City of Lancaster Police Bureau's Investigation of the Sexual Abuse of the Plaintiff Katherine Elizabeth Neimer by Defendant Ismael Alvarez. The reasons for the Motion are set forth more fully in the accompanying Memorandum of Law which is incorporated herein by reference.

WHEREFORE, Plaintiffs respectfully request the Court enter an Order compelling production of Detective Sergeant Erik Abel's Report of the investigation of the sexual abuse of Plaintiff Katherine Elizabeth Neimer by Defendant Ismael Alvarez.

**REIFF AND BILY**

BY: _____

**RAYMOND M. BILY, ESQUIRE**
I. D. No.: 44677
1429 Walnut Street, 12th Floor
Philadelphia, PA 19102
(215)246-9000

Counsel for Plaintiff

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL RECORDS OF THE CITY OF
LANCASTER POLICE BUREAU'S INVESTIGATION OF
THE SEXUAL ABUSE OF PLAINTIFF KATHERINE
ELIZABETH NEIMER BY DEFENDANT ISMAEL ALVAREZ
PURSUANT TO FEDERAL RULE OF EVIDENCE 501**

## I.  PERTINENT FACTS

On December 21, 2000 and again on December 22, 2000, Defendant Alvarez perpetrated premeditated sexual abuse upon Plaintiff Katie Neimer.  Plaintiff immediately reported Alvarez' crimes to the police.  The City of Lancaster Police Bureau's investigation of Plaintiff's allegations was conducted by  Detective Sergeant Erik Abel.  Plaintiff is informed that Sergeant Abel's investigation produced reports, statements, documents and other materials relevant to the issues in the present action.  Plaintiff is further informed that the defendant teachers and teachers' aids admitted to Sergeant Abel that they observed, for a period of one and one-half years prior to the incidents which are the subject of this lawsuit, Defendant Alvarez engaged in inappropriate physical and sexual contact with students.  Plaintiff is further advised that the admissions are included in Sgt. Abel's investigative report.

Plaintiff has informed defendants of her intent to command Sergeant Abel's appearance and testimony  at trial and the production of his investigative report ("the Report").  A copy of Plaintiff's proposed Subpoena Duces Tecum is attached hereto as Exhibit A.  Counsel for the Police Bureau has objected to production of Sgt. Abel's Report on the basis of the dissemination limitations provided in Section 9106(c)(4) of the Criminal History Record Information Act.

Plaintiff requires production of the Report to successfully prosecute her meritorious claim for damages.  Plaintiff is unable to obtain the Report from any other

source.

## *II. ARGUMENT*

Federal Rule of Evidence 501 reads in pertinent part-

Rule 501. General Rule

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

In *Curtis v McHenry*, 172 F.R.D. 162 (W.D. Pa. 1997), **aff'd** 159 F.3d 1350 (3d Cir. 1998), the court delineated Plaintiff's entitlement to Sergeant Abel's complete investigative report .  The court held that privileges claimed pursuant to the Pennsylvania Criminal History Record Information Act ("PCHRIA") against disclosing police reports are not entitled to recognition in a federal question case under Federal Rule of Evidence 501.  Excerpted is the court's painstaking explanation,

> . . . even assuming that the PCHRIA created the claimed privilege, it would not automatically apply in a federal question case in federal court.  Evidentiary privileges in federal court are analyzed under Federal Rule of Evidence 501. . . In federal question cases, . . . evidentiary privileges are "governed by the principles of common law as they may be interpreted by the courts of the United States in light of reason and experience."
> [*Jaffe v Redmond*, 518 U.S. 1 (1996)(section 1983 action against police officers wherein plaintiffs sought discovery of social worker's notes of counseling sessions in which defendant officers participated after the shooting.  A majority of the justices reasoned that the psychotherapist privilege applied)]. . . under

> ***Redmond*** we are not compelled to recognize a blanket privilege against discovery of police reports containing investigative information or complaints against third persons simply because the Pennsylvania legislature may have enacted one.  We are, however, required to determine if a similar privilege has been created . . . as a "principle of common law" "in light of reason and experience."  Both legal research and "reason and experience" compel us to conclude that it is not. . . **Stated otherwise, there is no authority among the principles of common law for a blanket privilege against the discovery of police reports simply because they contain investigative information or relate to complaints against third parties.**  The type of "uniform judgment" that existed in ***Redmond*** simply does not exist here. . . . **The claimed [PCHRIA] privilege, is not entitled to recognition in a federal question case under Fed.R.Evid. 501.**

### *III.  CONCLUSION*

Plaintiff is entitled to production of Sergeant Abel's complete investigative report of the sexual molestation of Plaintiff Katie Neimer by Defendant Alvarez.  Claims of privilege pursuant to the Pennsylvania Criminal History Record Information Act (PCHRIA) are not entitled to recognition in a federal question case under Federal Rule of Evidence 501.  Any objections are, therefore, without merit and patently in opposite to existing federal law.

**REIFF AND BILY**

**BY:** _____

**RAYMOND M. BILY, ESQUIRE**
I. D. No.: 44677
1429 Walnut Street, 12th Floor
Philadelphia, PA 19102
(215)246-9000
Counsel for Plaintiff