```
              IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHERINE ELIZABETH NEIMER      :         CIVIL ACTION
                                :
      Plaintiff                 :
                                :
      v.                        :
                                :
LANCASTER SCHOOL DISTRICT,      :
et al.                          :         NO. 02-4034
                                :
      Defendants                :
                                :
```

## O R D E R

AND NOW, this    day of January, 2004, upon consideration of the Motion to Dismiss of the Defendants' The District of Lancaster School Board, et al., (Doc. 4 and Doc. 5), Plaintiffs' Response, and Defendants' Reply, it is hereby ORDERED that Defendants' Motions are GRANTED.  All pending Motions in the above-captioned case are DISMISSED as MOOT.  The reasoning for the Court's Order follows.

    1.  Count I of the Amended Complaint is DISMISSED. Plaintiff has sued the Directors in their official capacity and the School Board.  Although Plaintiffs distinguish between the individual directors and the School Board, there is in fact no difference between the two.  As Plaintiffs have sued the School Board in Count IV, Count I is redundant.

    2.  Count II of the Amended Complaint is DISMISSED.  At the outset, the individual School Board members may not be liable in their individual capacity absent a showing that they participated in the violation of Plaintiff's constitutional rights.  Accepting all pleaded facts as true, there is no showing that the individual Board members had knowledge that Plaintiff's rights were at risk.  Although this alone is sufficient grounds for dismissal, the Court also adopts the reasoning in the discussion of Count IV, below.

      3. Count III of the Amended Complaint is DISMISSED. Under the Pennsylvania doctrine of "high public official" immunity, Defendants have absolute immunity from claims of negligence arising from the discharge of their official duties.

      4. Count IV of the Amended Complaint is DISMISSED. As Plaintiff states, the standard for liability of the School Board is deliberate indifference. Therefore, to withstand a motion to dismiss, Plaintiff must plead facts showing that the School Board was responsible for a policy that it knew deprived Plaintiff of her constitutional rights.

      For the purposes of this Order, the Court will accept without question Plaintiff's analysis of deliberate indifference claims - namely, that the School Board must have had prior notice from previous constitutional violations, or, in more limited circumstances, that the School Board could have had constructive notice due to the highly predictable consequence of a failure to train. As there is no allegation that the School Board had actual notice, analysis must focus on the constructive notice argument.

      Plaintiffs assert that the failure to train employees to recognize sexual abuse invites the same. Plaintiffs boldly claim that the causal connection between insufficient training and sexual abuse is patently obvious; but in other cases circumstances far more egregious than those present here were insufficient to give a School Board enough notice to support a claim of deliberate indifference. See <u>Jojola v. Chavez</u>, 55 F.3d 488 (10th Cir. 1995) (multiple incidents of inappropriate behavior by school employee insufficient to show pattern of constitutional violations under § 1983). As Defendants note, other than the incidents at issue here, Plaintiffs cite no other occasion of sexual abuse in the School Board's district, much less any abuse caused by the failure of an employee to recognize

and report unusual behavior.

As an additional ground for dismissal, Defendants claim that Plaintiffs cannot show the requisite causal connection between Defendants' failure to act and Plaintiffs' injury. In a situation like the one at bar, an actionable causal connection exists where, in the discharge of official duties, it is a certainty that a state actor will be forced to come perilously close to the violation of individual rights, but his supervisor neglects to educate the state actor on appropriate behavior before the actor's behavior violates a person's constitutional rights. As Defendants note, police officers firing upon a suspect, an event intimately related to the exercise of their core job duties, would be the kind of patently obvious event that policymakers would be indifferent not to address. That kind of connection is non-existent here. In order to demonstrate causation as required by a § 1983 claim, "a plaintiff must do more than show the defendant could have averted her injury and failed to do so.... [i]n order to establish deliberate indifference on the part of defendant, 'something more culpable must be shown than a negligent failure to recognize a high risk of harm' to plaintiffs." Burden v. Wilkes-Barre Area School District, 16 F.Supp. 2d 569, 572 (M.D. Pa. 1998) (internal citations omitted). Here, the School Board may have been able to install procedures that could have prevented Alvarez from molesting the Plaintiff (although there is no evidence that a screening procedure would have detected Alvarez), but without substantial notice that such procedures were needed, their failure to do so does not give rise to deliberate indifference, at least on the pleaded facts.

5. Counts V and VI of the Amended Complaint are DISMISSED. Defendant School Board is subject to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541,

meaning that it cannot be liable for intentional infliction of emotional distress or for negligence under the current facts.

    6. Count VII of the Amended Complaint is DISMISSED. Even assuming the Teachers[1] actually violated the Pennsylvania Domestic Relations Act, 23 Pa. C.S.A. § 6301 *et seq*, violations of the Act alone cannot support a § 1983 claim. Section 1983 applies only to violations of the Constitution and *federal* statutes - the statute at issue here is propagated by the Commonwealth. Plaintiff makes a novel argument that the continued violation of the Act constituted a § 1983 violation on the part of the Teachers, but this argument must fail. The Teachers were not acting under color of state law given the current facts. Plaintiffs argue that, because Alvarez was frightened that his colleagues might report his behavior, the Teachers exercised practical control over Alvarez. The Court finds Plaintiffs' argument unavailing; by this reasoning, any government worker can attain state actor status by, say, cultivating a reputation for being a vicious gossip. Courts require that state actors have a supervisory or legal right to control in order to be liable under § 1983. <u>Doe. V. Rains County Independent School District</u>, 66 F.3d 1402, 1416 (5th Cir. 1995). As there is no such supervisory function or legal right here, Plaintiff's § 1983 claims against the Teachers must fail.

    7. Count VIII of the Amended Complaint is DISMISSED. Plaintiff has not established that the Teachers owed a duty of care to Plaintiff. This aside, the Court also holds that the Teachers are protected by the Pennsylvania Tort Claims Act. Negligence alone is not enough to overcome the Act's broad scope, meaning that Plaintiffs' claims must be dismissed.

    8. Although arguably unnecessary given the holdings

---

[1] In this Order, the Teachers and Teacher's Aids are referred to collectively as the Teachers.

4

above, this Court will nonetheless briefly address Defendants' claim preclusion arguments as an alternative explanation for dismissal of Plaintiffs' case.  At the outset, as the instant case has been consolidated with the earlier case, law-of-the-case doctrine may be a more appropriate method of disposing of the claims.  That said, as the Parties have framed their arguments in terms of claim preclusion, the Court will respond to them in terms of claim preclusion.  The doctrine of claim preclusion prevents a plaintiff from asserting a claim in a later suit when the claim was asserted in an earlier suit and (1) a final judgment on the merits in the earlier suit was entered (2) involving the same parties and (3) the later suit is based on the same cause of action.  <u>Protocomm Corp. v. Novell, Inc.</u>, 1998 WL 351605, *4, C.A. Np. 94-7774 (E.D. Pa., June 30, 1998).  Defendants argue that the second prong of the above rule should extent to parties in privity with those in the earlier suit; the Court accepts this legal premise.

In litigation before this Court, Plaintiffs brought suit against the School District of Lancaster ("School District").  On December 13, 2002, this Court dismissed the School District because Plaintiff had failed to state a claim.  As Defendants note, a dismissal based on Fed. R. Civ. Pro. 12(b)(6) serves as a final judgment on the merits.  The causes of action in the Amended Complaint, based on events in December of 2000, are practically identical to those in the original Complaint; the only question, then, is whether the Defendants are in privity with the School District.  Defendants argue, of course, that they are.  Because the Pennsylvania School Code treats the School Board as the ultimate supervisors of the School District, this Court finds Defendants argument valid, at least with respect to the School Board Defendants.

The Court finds Plaintiffs' equitable estoppel argument

inappropriate. Plaintiffs claim that Defendants did not make mandatory discovery disclosures; however, the time frame in which Plaintiffs claim that Defendants withheld evidence occurred long after the School District was dismissed from the original case. The Court is unconvinced that the claim preclusion defense shields the Teachers - they are new parties sued under a different theory, albeit under an identical cause of action involving identical facts.

    AND IT IS SO ORDERED.

_____
Clarence C. Newcomer, S.J.