**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KATHERINE ELIZABETH NEIMER, a minor, by and through JAMES J. NEIMER and REBECCA NEIMER, her parents and natural guardians, : : : : : : Plaintiffs : : vs. : : THE SCHOOL DISTRICT OF LANCASTER SCHOOL BOARD, et al. : : Defendants : | Docket No.; 03-CV-5922 Consolidated with No. 02-CV-4034 JURY TRIAL DEMANDED |

PLAINTIFF'S PETITION FOR CERTIFICATION OF
COURT ORDERS DATED DECEMBER 13, 2002
AND JANUARY 15, 2004 AS FINALJUDGMENTS
PURSUANT TO F.R.C.P. 54 (b)

The Plaintiff, Katherine Elizabeth Neimer, a minor, by and through James J. Neimer and Rebecca Neimer, her parents and natural guardians, by and through her counsel, Raymond M. Bily, Esquire, comes now and moves this Honorable Court to certify its ORDERS dated December 13, 2002 dismissing Counts I, II, IV, V, and VII, of the action docketed as 02-CV-9224 and dated January 15, 2004 dismissing the action docketed as 03-CV-5922 as final judgments pursuant to Federal Rule of Civil Procedure 54(b) and as reasons therefor, states as follows:

    1.    On June 24, 2002, Plaintiff filed an action against Defendants Lancaster School District, the Superintendent of the Lancaster School District, the Principal of

Plaintiff's Elementary School, the Lancaster Recreation Commission, the City of Lancaster and Ismael Alvarez . The action was docketed as 02-CV-9224.

2. In civil action 02-CV-9224, Plaintiff claimed damages and other relief arising from: (a) incidents of sexual abuse perpetrated upon the minor Plaintiff, Katherine Elizabeth Neimer ("Katie"), by her fourth grade teacher, Defendant Ismael Alvarez; (b) which constituted abuse of Alvarez' state-conferred power over Katie as her teacher; (c) while in the classroom to which Alvarez and Katie were assigned as teacher and student; (d) subsequent to Defendant Lancaster Recreation Commission ("LRC") releasing Katie from the LRC's care to Alvarez; (e) in violation of LRC written policies and pledges to Katie's parents regarding Katie's protection and safekeeping;

3. On December 13, 2002, the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissed all Counts against Defendants the School District of Lancaster, the Superintendent of the School District of Lancaster and the Principal of Katie's Elementary School. (See Order of Court attached as Exhibit A.)

4. On October 21, 2003, Plaintiff filed an action against Defendants Lancaster School Board, its Directors and specifically named teachers and teacher's aids. The action was docketed as 03-CV-5922.

5. In civil action 03-CV-5922, Plaintiff claimed damages and other relief arising from: (e) the failure of the specifically named defendant teachers and teacher's aids to report, as required by 23 Pa.C.S.A. §6311["the Act"], their observations of Alvarez' inappropriate physical and sexual contact with students during the one and one-half year period prior to Alvarez' attack upon Katie; and (f) the Defendant School Board's failure to train the defendant teachers and teacher's aids regarding sexual

abuse prevention and further, regarding the reporting requirements contained in the Act.

6. On October 29, 2003, the actions were consolidated by the court.

7. On January 15, 2004, the Court, pursuant to Federal Rule of Civil Procedure 12 (b)(6), dismissed all Counts against Defendants the Board of Directors of the School District of Lancaster and the aforementioned teachers and teacher's aids. (See Order of Court attached as Exhibit B.)

8. On January 28, 2004, Plaintiff settled her claims against Defendants the LRC and the City of Lancaster and released them from the action.

9. Defendant Alvarez is the only remaining defendant.

10. Defendant Alvarez pleaded guilty to the underlying criminal charges and was sentenced to a period of incarceration by the criminal court.

11. The Court's dismissals pursuant to Rule 12(b)(6) are final Orders.

12. There is no just reason for delaying Plaintiff's appeal of the Court's dismissal of the School District Defendants.

13. Appellate resolution of the certified claims would likely facilitate a settlement of the remainder of Plaintiff's claims.

WHEREFORE, Plaintiffs request certification of Court Orders dated December 13, 2003, January 15, 2004 as final judgments pursuant to F.R.C.P. 54(b).

REIFF & BILY

By:_____
RAYMOND M. BILY, ESQUIRE
Attorney for Plaintiffs

<u>MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S PETITION FOR CERTIFICATION OF
COURT ORDERS DATED DECEMBER 13, 2002
AND JANUARY 15 , 2004 AS  FINALJUDGMENTS
PURSUANT TO F.R.C.P. 54 (b)</u>

**I.  ARGUMENT**

**Federal Rule of Civil Procedure 54(b)** provides in pertinent part, -

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties**.  When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In **Township of Gloucester v City Federal Savings and Loan Association, et al**, 736 F.Supp 1322 (D. N.J. 1990) the Court succinctly stated application of the rule as follows,

> Entry of final judgment under Rule 54(b) is a two step process.  First the district court must "determine that it is dealing with a 'final judgment.'" **Curtiss-Wright v General Electric Corp.,** 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed. 2d 1 (1980) . . . then it must determine whether there is any just reason for delay.  **Sears, Roebuck & Co. v Mackey,** 351 U.S.427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956).

The first requisite inquiry is satisfied.  The instant Plaintiff seeks certification of final judgments.  On January 15, 2004 the Court reasoned,

> The doctrine of claim preclusion prevents a plaintiff from

> asserting a claim in a later suit when the claim was asserted in an earlier suit and (1) *<u>a final judgment on the merits in the earlier suit</u>* (*emphasis added*) was entered (2) involving the same parties and (3) the later suit is based on the same cause of action. **Protocomm Corp. v Novell**, Inc., 1998 WL 351605, *4, C.A. Np. 94-7774 (E.E. Pa., June 30, 1998). Defendants argue that the second prong of the above rule should extent (sic) to parties in privity with those in the earlier suit; the Court accepts this legal premise.
>
> In litigation before this Court, Plaintiffs brought suit against the School District of Lancaster ("School District"). On December 13, 2002, this Court dismissed the School District because Plaintiff had failed to state a claim. As Defendants note, ***a dismissal based on Fed. R. Civ. Pro. 12(b)(6) serves as a final judgment on the merits*** (*emphasis added*). The causes of action in [03-CV-5922] , based on events in December of 2000, are practically identical to those in the original Complaint; the only question, then, is whether the Defendants are in privity with the School District. Defendants argue, of course, that they are. Because the Pennsylvania School Code treats the School Board as the ultimate supervisors of the School District, this Court finds Defendants (sic) argument valid . . .
> (See Exhibit B attached.)

The Court decided 0n December 13, 2002 that Plaintiff's claims against the School District for deprivation of her constitutional rights arising from Alvarez' sexual attack upon her were without merit. The Court decided on January 15, 2004 that Plaintiff is forever barred from bringing any future action for violation of the District's mandate to protect all of its students, including Katie from sexual abuse and/or molestation. The Orders entered pursuant to Federal Rule of Civil Procedure 12 (b)(6) ultimately disposed of Plaintiff's claims against all School District Defendants. It is well established (indeed the Court recognized) that a Rule (12(b)(6) dismissal serves as a

final adjudication of the merits.  *See* for example, ***Young v West Coast Industrial Relations Association, Inc. et al,*** 144 F.R.D. 206 (District of Delaware 1992); ***Federated Department Stores, Inc. v Moitie,*** 452 U.S. 394, 399 n.3 (1981); and ***Jordan v Sargent***, 200 WL 33941876 *1n.1, C.A. No. 00-1717 (E.D. PA., Oct. 12, 2000), citing ***Shane v Fauver***, 213 F.3d 113, 115 (3d Cir. 2000); ***Simmons III v Anzon***, 1994 WL 317853, *3, C.A. No. 94-0467 (E.D. Pa., June 21, 1994).

The second required inquiry is also met.  In ***Russoli v Salsbury Township,*** 126 F Supp 2d (E.D. Pa 2000), the Court detailed the analysis for finding "no just reason for delay[ing]" certification of final judgments.

> Next we must determine whether there is any just reason for delaying entry of final judgment.  We must balance the interests of "sound judicial administration" and the equities involved, i.e., justice to the litigants.  ***Curtiss-Wright***, 446 U.S. at 2, 100 S.Ct. 1460; see also ***Carter v City of Philadelphia***, 181 F.3d 339, 346 (3d Cir. 1999); ***Waldorf v Shuta,*** 142 F.3d 601, 608 (3d Cir. 1998).  As the Third Circuit has stated, "[t]he rule attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serve the needs of the parties." ***Allis-Chalmers Corp. v Philadelphia Elec. Co.,*** 512 F. 2d 360, 363 (3d Cir. 1975).  <u>***In determining whether there [are] "just reasons for delay," we should consider 'whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.***</u>' [FN38] ***Carter,*** 181 F.3d at 346 (quoting ***Curtiss-Wright***, 446 U.S. at 7, 100 S.Ct. 1460).  The Carter court noted further that "some factual overlap between the issues in [the] appeal and those in a potential future appeal" is permissible, because "[i]t is generally recognized that complete legal or factual distinction is not

necessary to 54(b) certification." *Id.* at 346 & n.20 (citing 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u>, § 2657 at 50-54).

FN38. The Supreme Court in **Curtiss-Wright** clarified as follows:
We do not suggest that the presence of one of these factors would necessarily mean that Rule 54(b) certification wold be improper.  It would, however, require the district court to find a sufficiently important reason for nonetheless granting certification. ***<u>For example, if the district court concluded that there was a possibility that an appellate court would have to face the same issues on a subsequent appeal, this might perhaps be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims.</u>***
446 U.S. at 7, 100 S.Ct. 1460 (citing **Cold Metal Process Co. v United Engineering & Foundry Co.**, 351 U.S. 445, 450, n. 5, 76 S.Ct. 904, 100 L.Ed. 1311 (1956)).

The instant Plaintiff's claims against Alvarez are separable from her claims against the School District.  It is undisputed that Alvarez molested Katie in the fourth grade classroom to which both were assigned as teacher and student, respectively.  On August 6, 2001, Alvarez pleaded guilty to the consequent criminal charges and was sentenced to serve eight (8) to twenty-three (23) months in the Lancaster County Prison.  Plaintiff will proceed to trial against Alvarez despite dismissal of her claims against the School District. Furthermore, an appellate court would not be called upon to review the same conduct twice.  In the unlikely event that Alvarez will appeal a verdict against him, there would be no basis upon which he could appeal a decision to permit immediate review of the dismissal of Plaintiff's claims against the School District.  Moreover, the interest of judicial economy would be served by an appellate decision to

reinstate Plaintiff's claims against the School District ***before*** Plaintiff proceeds to trial against Alvarez alone. Indeed, the requested appellate resolution would obviate the need for a second trial at a later date.

## *II. CONCLUSION*

Rule 54(b) certification of the Court's December 13, 2002 and January 15, 2004 Orders is appropriate. The Orders are final judgments and there is no just reason for delaying their entry as such. Moreover, appellate resolution of the claims requested for Rule 54(b) certification would have the three-fold benefit of (1) serving the interest of "sound judicial administration"; by (2) insuring no more than one trial of Plaintiff's claims; and (3) likely facilitating a settlement of Plaintiff's claims against all defendants.

                            REIFF & BILY

                            By:_____
                                RAYMOND M. BILY, ESQUIRE
                                Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

    I, Raymond M. Bily, Esquire, hereby certify that a true and correct copy of the foregoing Petition for  has been served this date upon al interested counsel by way of United States First Class Mail, postage prepaid, addressed as follows:

Maura E. Fay, Esquire
Dilworth Paxson, LLP
3200 Mellon Center
1735 Market Street
Philadelphia, PA 19103-7599
(Counsel for Lancaster School District,
Vicki Phillips and Gloria Campbell)

Edward H. Rubenstone, Esquire
Lamm, Rubenstone, Totaro David, LLC
Four Greenwood Square, Suite 200
Bensalem, PA 19020
(Counsel for Defendant, Ismael Alvarez)

_____
RAYMOND M. BILY, ESQUIRE

Dated:  February 3, 2004