IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHERINE ELIZABETH NEIMER | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LANCASTER SCHOOL DISTRICT, et al. | : | NO. 02-4034 |
| | : | NO. 03-5922 |
| Defendants | : | |

**O R D E R**

AND NOW, this      day of February, 2004, upon Consideration of Plaintiff's Petition for Certification (Doc. 13), it is hereby ORDERED that Plaintiff's Petition is DENIED. The above-captioned action is not yet fully resolved; Plaintiff's claims against Defendant Alvarez remain. Prompt adjudication of Plaintiff's claims against Alvarez will be complicated (and possibly prolonged) by an interlocutory appeal; moreover, the record on appeal will be more complete following trial. Plaintiff implies that judicial economy will be served by this Court's staying of the Alvarez action pending appeal of this Court's dismissal of the other Defendants. Plaintiff's Petition at 4. As the above-captioned case has been the subject of a long and contentious history, and is now substantially more than a year old, the Court is unwilling to further prolong a trial on the merits. Finally, as trial in the above-captioned matter will

occur in the very near future,[1] there is little actual prejudice to Plaintiff; she will be able to take her appeal immediately following disposition of her claims against Alvarez.  As this Court has found that there is just reason for delaying certification pursuant to Fed. R. Civ. Pro. 54(b), Plaintiff's Petition must fail.

      AND IT IS SO ORDERED.

                                                _____
                                                Clarence C. Newcomer, S.J.

---

[1] In another Motion in the above-captioned case, Plaintiff's Counsel aptly described the state of the Parties as "positioned at the courthouse steps."